## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | CASE NO.  15-26033 WIL |
| GREGORY B. MYERS, | Chapter 11 |
| Debtor. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | |
| Movant, | |
| v. | |
| GREGORY B. MYERS, | |
| Respondent. | |

### MOTION FOR A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY

COMES NOW the undersigned, on behalf of JPMorgan Chase Bank, National Association ("JPMorgan Chase"), respectfully moves the Court for (1) an order that the automatic stay does not apply to certain state court litigation discussed below, or (2) in the alternative, relief from the automatic stay to file a dispositive motion in that state court litigation. Venue is proper under 28 U.S.C. § 1409(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).  In support hereof, JPMorgan Chase states the following:

### FACTS AND PROCEDURAL BACKGROUND

1.      On or about March 30, 2007, Barbara Ann Kelly ("Kelly"), a non-debtor, obtained a loan from Washington Mutual Bank, FA in the amount of $1.75 million (the "Loan").  See Verified Complaint (defined below) at ¶ 7, attached hereto as **Exhibit A** and incorporated herein by reference.  On the same date, Kelly also executed an adjustable rate note

evidencing the Loan (the "Note").  Verified Complaint ¶ 7.

2.      The Loan was secured by a Deed of Trust on Kelly's residence located at 4505 Wetherill Road, Bethesda, Maryland, 20815 (the "Property"), which is jointly owned by Kelly and the Debtor.  Verified Complaint ¶¶ 8-9.

3.      The Debtor is not a party to the Note but executed the Deed of Trust as a joint owner of the Property. Verified Complaint ¶ 9.

4.      JPMorgan Chase does not hold or have any interest in the Note or Deed of Trust (collectively, "Loan Documents") but did service the Loan in or around 2010.  See Verified Complaint ¶¶ 10-14 and Remand Order (defined below) at pg. 1, attached hereto as **Exhibit B** and incorporated herein by reference.

5.      On or about August 29, 2014, Mark Wittstadt and several other parties initiated a foreclosure proceeding against the Debtor and Kelly in the Circuit Court for Montgomery County, Maryland (the "Circuit Court") (Case No. 394829 V), seeking to foreclose on the Property (the "Foreclosure Action").  Remand Order at pg. 1.

6.      On February 13, 2015, the Debtor and Kelly, defendants in the Foreclosure Action, filed a verified third party complaint (the "Verified Complaint") against JPMorgan Chase, alleging breach of contract based on JPMorgan Chase's alleged refusal to modify the Loan when it serviced the Loan in 2010 (the "Third Party Action").  Id.   As mentioned above, the Verified Complaint is attached hereto as Exhibit A.

7.      On February 18, 2015, the Circuit Court severed the Third Party Action from the Foreclosure Action and assigned the Third Party Action a separate case number (401247V).  Id. at pp. 1-2.  The Foreclosure Action retained case number 394829 V.  Id. at pg. 2. Therefore, the Third Party Action and Foreclosure Action are separate and independent proceedings, and

*JPMorgan Chase is not a party to the Foreclosure Action*.  Id. at pp. 1-2.

8.        On April 20, 2015, JPMorgan Chase removed the Third Party Action to the United States District Court for the District of Maryland ("District Court") (Civil Action No. TDC-15-1115).  Id. at pg. 1.

9.        On May 18, 2015, the Debtor and Kelly filed a motion to remand the Third Party Action back to the Circuit Court.  Id.

10.       On May 27, 2015, JPMorgan Chase moved to dismiss the Third Party Action in the District Court.  Copies of the dismissal motion and supporting memorandum (collectively, "Motion to Dismiss") are attached hereto as **Exhibit C** and are incorporated herein by reference.

11.       On November 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

12.       On December 17, 2015, the District Court entered an order (the "Remand Order") remanding the Third Party Action back to the Circuit Court.  Id. at pg. 5.

13.       The Remand Order denied the Motion to Dismiss as moot.  Id. at pg. 4. However, the District Court never ruled on the merits of the Motion to Dismiss.

14.       Therefore, JPMorgan Chase intends to seek dismissal of the Third Party Action in the Circuit Court.

## ARGUMENT

Out of an abundance of caution, JPMorgan Chase requests a determination, that the automatic stay does not prohibit it from seeking dismissal of the Third Party Action.  As explained in more detail below, the law is clear that the automatic stay does not apply to proceedings **initiated by the debtor** such as the Third Party Action.  However, should the Court find that the automatic stay *does* apply to the Third Party Action (which it does not), the Court

3

should grant JPMorgan Chase relief from the stay "for cause" under Bankruptcy Code Section 362(d)(1) to file a dispositive motion in that action.

**I.    The Automatic Stay Does Not Apply to the Third Party Action**

Bankruptcy Code Section 362(a)(1) provides, in relevant part, that the filing of a bankruptcy petition "operates as a stay" of:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding **against the debtor** that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . .

11 U.S.C. § 362(a)(1) (emphasis added).   By the clear terms of the statute, the automatic stay does not apply to actions brought **by the debtor**. Accordingly, to the extent the claim is "not 'against' the debtor at its inception because the debtor occupie[s] **a plaintiff's position**, its further prosecution is not stayed pursuant to § 362(a)(1)." *In re Mid-City Parking, Inc.*, 332 B.R. 798, 807 (Bankr. N.D. Ill. 2005) (emphasis added).

Indeed, in addressing the specific issue of whether filing a motion to dismiss a pre-petition lawsuit brought by the plaintiff/debtor violates the stay, the Seventh Circuit Court of Appeals **held that such an action does not violate the automatic stay**. See *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) (holding that "the automatic stay is inapplicable to suits *by* the bankrupt") (emphasis in original).  The Court in *Martin-Trigona* further explained that seeking dismissal of a debtor-filed lawsuit also does not violate Bankruptcy Code Section 362(a)(3), which stays "any act to . . . exercise control over the property of the estate," because "the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession [of the debtor's claim]." Id.

Other jurisdictions have reached similar conclusions. In *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1473 (D.C. Cir. 1991), the court noted that the purpose "of the automatic stay provision is essentially to solve a collective action problem – to make sure the creditors do not destroy the bankrupt estate in their scramble for relief." Id. Accordingly, the *Inslaw* court found that a party "defending a suit brought by the debtor does not risk violation of § 362(a)(3) by filing a motion to dismiss the suit." Id. See also *Brown v. Armstrong*, 949 F.2d 1007, 1009-10 (8th Cir. 1991) (stating that "as the plain language of the statute suggests . . . the Code's automatic stay does not apply to judicial proceedings . . . ***that were initiated by the debtor***") (emphasis added); *Thomas v. Blue Cross & Blue Shield Ass'n*, 333 Fed. Appx. 414, 420–21 (11th Cir. 2009) (permitting the parties to litigate counterclaims asserted by the debtor in a pre-petition lawsuit because the automatic stay is not designed to prevent "persons whom the bankrupt has sued from protecting their legal rights"); *Crosby v. Monroe County*, 394 F.3d 1328, 1331 (11th Cir. 2004) (reiterating that the automatic stay does not extend to lawsuits initiated by debtors).

Here, the Third Party Action was brought ***by*** the Debtor and is therefore not subject to the automatic stay.[1] Therefore, JPMorgan Chase requests an order from this Court declaring that the automatic stay does not apply to the Third Party Action, such that JPMorgan Chase may file a motion to dismiss (or other similar dispositive motion) in that action.

## II.    In the Alternative, JPMorgan Chase Should Be Granted Relief From Stay "For Cause" Under Section 362(d)(1)

Should the Court find that the automatic stay applies to the Third Party Action (which it does not), the Court should grant JPMorgan Chase relief from stay "for cause" under Bankruptcy Code Section 362(d)(1) to file a dispositive motion in that action.

---

[1] The only related proceeding ***against*** the Debtor is the Foreclosure Action, which is separate and independent from the Third Party Action. JPMorgan Chase is not a party to the Foreclosure Action and does not seek any relief as to that proceeding.

"Cause" is not defined in the Bankruptcy Code. However, in *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992), the Fourth Circuit Court of Appeals recognized that in certain circumstances, "cause" exists to lift the automatic stay to allow state court actions to proceed when there is minimal or no impact on the bankruptcy estate. The *Robbins* court identified the following three factors for courts to consider in making such a determination:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;
>
> (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and
>
> (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court

Id.    This Court has adopted the *Robbins* factors. See *In re Nims*, 2011 WL 1402771, * 3 (D. Md. April 13, 2011). Thus, each factor is addressed as follows:

### A. Factor One (State Law Considerations)

Here, the Third Party Action involves only breach of contract claims, which are governed by Maryland state law. Accordingly, all issues involved in the Third Party Action depend exclusively on state law, and, as such, the expertise of the Bankruptcy Court is not necessary.

### B. Factor Two (Judicial Economy)

The Third Party Action has been pending since February 2015 and has already been removed to the District Court and subsequently remanded back to state court. Simply put, the Third Party Action has nothing to do with bankruptcy law. Allowing the Third Party Action to

proceed in the proper forum promotes judicial economy and would not interfere with this bankruptcy case.

### C.  Factor Three (Protection of the Bankruptcy Estate)

By moving to dismiss the Third Party Action, JPMorgan Chase would not be seeking a judgment against the Debtor, the recovery of any property of the Debtor's bankruptcy estate, or any personal liability against the Debtor.  Rather, JPMorgan Chase would merely be seeking to protect its rights by dismissing litigation filed *by the Debtor*.  Therefore, there will be no need to enforce a judgment through the Bankruptcy Court, and, as such, the estate is properly protected.

## CONCLUSION

For the reasons set forth above, JPMorgan Chase requests that the Court enter an order declaring that the automatic stay does not apply to the Third Party Action, or in the alternative, granting JPMorgan Chase relief from the automatic stay to file a dispositive motion in that action, and granting such other and further relief as this Court deems as just and appropriate.

Dated: February 24, 2016                    Respectfully submitted,

                                            JPMORGAN CHASE BANK, NATIONAL
                                            ASSOCIATION

                                            By counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860


By:     /s/ Valerie P. Morrison
        Valerie P. Morrison, Md. Bar No. 24770
        H. Jason Gold, *Pro Hac Vice* Pending
        Graham S. Mitchell

        *Attorneys for JPMorgan Chase Bank, National Association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February 2016, a copy of the foregoing Motion was delivered by first class mail, postage pre-paid to:

> James Greenan
> McNamee Hosea Jernigan Kim Greenan & Lynch, P.A.
> 6411 Ivy Lane, Suite 200
> Greenbelt, MD 20770
>
> Lynn A. Kohen
> Office of the U.S. Trustee
> 6305 Ivy Lane, Suite 600
> Greenbelt, MD 20770

/s/ Valerie P. Morrison
Valerie P. Morrison