Entered: October 25th, 2016
Signed: October 24th, 2016

**SO ORDERED**



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-26033 WIL |
| GREGORY B. MYERS ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**CONSENT ORDER GRANTING MOTION TO SELL REAL PROPERTY KNOWN AS LOT 6, SEASIDE 14 SUBDIVSION, SANTA ROSA BEACH, FLORIDA 32459 PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f) OF THE BANKRUPTCY CODE**

UPON CONSIDERATION of the Motion to Sell the Real Property known as Lot 6, Seaside 14 Subdivision, Santa Rosa Beach, Florida 32459, Real Property ID No. 15-3S-19-25212-000-0060, legally described as LOT 6 SEASIDE 14 S/D PB 15-8 REPLAT PB 15-34 OR 2601-2729 (the "Seaside Property") to Paul Riser or his permitted assignee, Blue View Properties, LLC ("Purchaser") pursuant to 11 U.S.C. §363(b) and (f) of the Bankruptcy Code (the "Motion"); any objections filed thereto, specifically including the objections filed by the United States Trustee and Offit Kurman, P.A.; it appearing that adequate notice of the Motion has been provided and that no further notice of said Motion need be given; the consent provided herein; this Court having determined that the legal and factual bases set forth in the Motion establish just

1

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**

**Jurisdiction, Final Order and Statutory Predicates**

A. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. This sale order (the "Sale Order") constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and the Sale Order shall be immediately effective upon its entry.

C. The statutory predicates for the relief requested in the Motion are Sections 105(a), 363, and 1146 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007 and 9014 and Local Rule 6004-1.

**Notice**

D. Notice of the Motion and the Sale and a reasonable opportunity to object or be heard with respect to the Motion and relief requested therein has been afforded to all known interested persons and entities entitled to receive such notice pursuant to Fed.R.Bankr.P. 2002 and Local Rule 2002-1.

**Sale Pursuant to Section 363 is Appropriate**

  E. The Debtor has presented good and sufficient business justification to support the sale of the Seaside Property pursuant to Section 363 of the Bankruptcy Code.

  F. Entry of this Sale Order approving the Vacant Land Contract ratified September 16, 2016, the Addendum thereto ratified on September 16, 2016, and the Addendum thereto ratified on September 27, 2016 (hereinafter, collectively, the "Contract"), and all the provisions thereof is a necessary condition precedent to Purchaser's consummation of the sale.

### Good Faith of the Purchaser

  G. The sale of the Seaside Property is being consummated in good faith. The Contract and all other agreements, instruments or documents executed in connection therewith or contemplated thereby, were proposed, negotiated and entered into by the Debtor and Barbara Ann Kelly as sellers ("Sellers") and the Purchaser in good faith, from arms-length bargaining positions and without fraud or collusion. The Purchaser is not an "insider" or "affiliate" of the Debtor (as such terms are defined in the Bankruptcy Code), nor has it engaged in any conduct that would prevent the application of Section 363(m) of the Bankruptcy Code to the transactions referenced herein. The Purchaser is a good faith purchaser under Section 363(m) of the Bankruptcy Code and in accordance with applicable law and, as such, is entitled to the protections afforded thereby.

### Validity of Transfer

  H. Upon entry of this Sale Order, the Debtor has full power and authority to execute and deliver the Contract and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the transactions contemplated by the

Contract, except as otherwise set forth therein and the Debtor is authorized to consummate such transactions without further order from this Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### General Provisions

1. <u>Relief Granted</u>. The relief requested in the Motion, or as modified herein, is **granted and approved**, and the sale of the Seaside Property to Purchaser or its permitted assigns is approved as set forth in this Sale Order.

2. <u>Objections Settled or Overruled</u>. The objections filed by the United States Trustee and Offit Kurman, P.A. to the Motion have settled as announced to this Court at the hearing conducted by this Court on October 19, 2016. This Order fully incorporates the settlement terms announced to the Court and agreed to by the Debtor, United States Trustee and Offit Kurman, P.A. relative to the Motion. Any and all other objections to the Motion, or the relief requested therein are otherwise overruled.

### Approval of Vacant Lot Contract

3. <u>Agreement Approved</u>. The Contract, as amended or supplemented and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

4. <u>Authorization to Consummate Transactions</u>. Pursuant to Section 363(b) and (f) of the Bankruptcy Code, the Sellers are authorized and directed to execute and deliver, fully perform under, and implement the Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Contract and the Sale, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Contract.

5. <u>Order Binding on All Parties</u>.  This Sale Order shall be binding in all respects upon the Sellers, the bankruptcy estate and all creditors, all holders of any Claim(s) (whether known or unknown) against the Debtor and any holders of liens or encumbrances against the Seaside Property.  This Sale Order and the Contract shall inure to the benefit of the Sellers, the bankruptcy estate and its creditors, and the Purchaser and its successors and assigns.

## Transfer of the Seaside Property

6. <u>Transfer of Seaside Property Authorized</u>.  Pursuant to Sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Seaside Property to the Purchaser or its permitted assigns on the Closing Date as defined in the Contract, and the Purchaser is directed to pay the Purchase Price to the Debtor as provided in the Contract.

7. <u>Transfer of the Seaside Property</u>. Upon the Closing Date and pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, except as otherwise expressly set forth in the Contract, the Seaside Property shall be transferred to the Purchaser or its permitted assigns free and clear of all mortgages, security interests, conditional sale or other title retention agreements, rights of first refusal, options, pledges, liens (including, but not limited to, any and all "liens" as defined in Section 101(37) of the Bankruptcy Code), taxes, tax liens, judgments, demands, encumbrances, restrictions or charges of any kind or nature, if any.

8. <u>Transfer of Legal and Equitable Title</u>.  Upon Closing, the Sellers shall execute the Deed of Conveyance contemplated by the Contract and authorized by this Sale Order.

9. <u>Creditors Directed to Release Encumbrances</u>.  Upon Closing, all liens and claims against the Seaside Property shall, without the necessity of further action on the part of the Purchaser, Sellers or any creditor, be deemed released and discharged and shall attach to the proceeds of the sale paid by the Purchaser, in the order of their priority, with the same validity,

force and effect which they now have as against the Seaside Property. Upon Closing, the creditors of the Debtor are authorized and directed to execute such documents and take all other actions as may be necessary to document the release of their liens and claims against the Seaside Property, if any, as such liens and claims may have been recorded or may otherwise exist.

10. <u>Payment of Allowed Secured Claims.</u> On the Closing Date, concurrently with the transfer of title to the Purchaser, or its permitted assigns, and the divestiture of the liens and security interests of the holders of allowed secured claims (Allowed Secured Claims"), the indebtedness comprising the Allowed Secured Claims, including all allowable fees, expenses and other charges required or permitted under the Contract or applicable law, shall be paid in accordance with lien priority from the proceeds of the sale as follows: (a) any real property taxes owed to Walton County, Florida, (b) applicable government recording and transfer charges, (c) brokerage commissions, and (d) the Allowed Secured Claim of Regions Bank for its first priority mortgage dated May 24, 2008 and recorded on June 3, 2008 in the Walton County official records, with an estimated payoff amount of $419,267.00.

11. <u>Escrow of Payment of Disputed Liens and Claims</u>. The aggregate amount of the remaining proceeds of sale not paid pursuant to paragraph 10 of this Order at the closing of the Sale ("Net Proceeds") shall be transmitted by the title company handling the closing of the Sale directly to Debtor's counsel, James. M. Greenan. Esq. and Craig M. Palik, Esq. McNamee, Hosea, Jernigan, Kim, Greenan and Lynch, P.A., 6411 Ivy Lane, Suite 200 Greenbelt, MD 20770 and deposited into its attorney escrow account. The Net Proceeds are estimated to be approximately $1,239,003.42. The Net Proceeds shall not be used for any purpose whatsoever pending further application to, and Order of, the Court. For the avoidance of any confusion, the the following liens and claims are disputed by one or more parties ("Disputed Liens and

Claims"), which are not being paid at the time of the closing of the Sale: (a) Seaside III Neighborhood Association, Inc. - 8/26/2010 Notice of Lien in the estimated amount of $43,700.75; (b) Offit Kurman, P.A. - Mortgage Recorded 1/13/2014 in the estimated amount of $550,000.00; (c) Serv Trust - Mortgage Recorded 6/27/2014 in the estimated amount of $1,000,000.00 and (d) Regions Bank - Judgment Recorded 9/19/2014 in the estimated amount of $320,879.74. All Disputed Liens and Claims against the Seaside Property shall, without the necessity of further action on the part of the Purchaser, Sellers or any creditor, be deemed released and discharged and shall attach to the Net Proceeds, in the order of their priority, with the same validity, force and effect which they now have as against the Seaside Property.

12. <u>Authorization to Record Releases</u>. A certified copy of this Sale Order may be filed with the appropriate clerk(s) and/or recorded with the recorder(s) which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and Claims against the Seaside Property as of the Closing Date of any kind or nature whatsoever.

13. <u>Recording Offices</u>. This Sale Order (i) is and, upon Closing and payment of the Purchase Price, shall be, effective as a determination that all Liens and Claims existing on the Seaside Property before the Closing have been unconditionally released, discharged and terminated, and that the conveyance described herein has been effected and (ii) is and shall be binding upon and govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any

documents, including, but limited to, this Sale Order, or instruments, or who may be required to report or insure any title or state of title in or to the Seaside Property.

14. Closing Costs.  The Debtor is hereby authorized and directed to make at Closing all payments required to be made by Sellers pursuant to the Contract, including customary closing costs and the commission to Berkshire Hathaway Home Services – Beach Properties of FL.

15. Good Faith.  The transactions contemplated by the Contract are undertaken by the Purchaser without collusion and in good faith, as that term is defined in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and consummation of such Sale are duly stayed pending such appeal.  The Purchaser and any permitted assign is a good faith buyer within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to, and granted, the full protections of Section 363(m) of the Bankruptcy Code.

16. Effective Immediately.  Pursuant to Bankruptcy Rules 7062, 9014, and 6004(h), this Sale Order shall be effective immediately upon entry.

17. Vacant Land Contract Approved in Entirety.  The failure specifically to include any particular provision of the Contract in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Contract be authorized and approved in its entirety.

18. Authorization to Effect Order.  The Debtor is authorized to take all actions necessary to effect the relief granted pursuant to this Sale Order, including, but not limited to, agreeing with Purchaser to change or modify the Contract without further Order of this Court so

long as any such change or modification does not have the effect of (a) materially increasing any obligation undertaken or imposed upon Debtor or Purchaser or (b) materially changing the applicability, scope or effect of any covenant, condition or restriction contained in the Contract

19. <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the Sale, this Sale Order and the matters contemplated herein, including, but not limited to, the allowance of any Disputed Secured Claims for which Sale proceeds are to be escrowed in accordance with this Sale Order.

SEEN AND CONSENTED TO:

/s/ Craig M. Palik
James M. Greenan, Esq., Bar No. 08623
Craig M. Palik, Esq., Bar No. 15254
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt MD 20770
(301) 441-2420
cpalik@mhalwyers.com
jgreenan@mhlawyers.com


Judy A. Robbins
United States Trustee, Region 4
By Counsel:

/s/ Lynn A. Kohen
Lynn A. Kohen, Bar No. 10025
Trial Attorney
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
(301) 344-6216
Fax: (301) 344-8431
lynn.a.kohen@usdoj.gov

Offit Kurman, P.A.
By Counsel:

/s/ Gregory P. Johnson
Gregory P. Johnson, Esquire, Bar No. 09747
Offit Kurman, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
O (240) 507-1700
F (240) 507-1735
gjohnson@offitkurman.com

### CERTIFICATION OF ORIGINAL SIGNATURES

     I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by /s/ on this copy reference the signatures of consenting parties on the original consent order.

                                          /s/ Craig M. Palik
                                          Craig M. Palik

cc:

Lynn Kohen, Esq.
U.S. Trustee's Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

James M. Greenan, Esq.
Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt MD 20770

Regions Bank
P.O. Box 216
Birmingham, AL 35201

Regions Bank
c/o CSC-Lawyers Incorporating Service Company
Resident Agent
7 St. Paul Street
Suite 820
Baltimore, MD 21202

Seaside III Neighborhood Association, Inc.
Attn: Seaside Town Council, Inc.
PO Box 4957
Santa Rosa Beach, FL 32459

Offit Kurman
Attn: James Hoffman
Attn: Maurice Offit Resident Agent
8171 Maple Lawn Blvd.
Suite 200
Fulton, MD 20759

Serv Trust
3158 Braverton Street, Suite 206
Edgewater, MD 21073

Walton County Florida Tax Collector
PO Box 510
Defuniak Springs, FL 32435

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399

And all Creditors and Parties in Interest Requesting Notice

**END OF ORDER**