# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re: | ) |
| | )  **Case No. 15-26033 WIL** |
| **GREGORY B. MYERS** | ) |
| | )  **Chapter 11** |
| Debtor. | ) |

## MOTION FOR ORDER AUTHORIZING RELEASE OF TENANTS BY THE ENTIRETIES SURPLUS ESCROW FUNDS TO BARBARA ANN KELLY

Barbara Ann Kelly ("Kelly"), by JEFFREY M. ORENSTEIN and GOREN, WOLFF & ORENSTEIN, LLC,  pursuant to 11 U.S.C. §105 of the Bankruptcy Code and the Consent Order Granting Motion to Sell Real Property Known as Lot 6, Seaside 14 Subdivision, Santa Rosa Beach, Florida 32459 Pursuant to 11 U.S.C. § 363(b) and § 363(f) of the Bankruptcy Code, entered on October 25, 2016  (Dkt. 175) (the "Sale Order"), files this Motion for Order Authorizing Release of Tenants by the Entireties Surplus Escrow Funds to Barbara Ann Kelly (the "Motion"). In support of her Motion, Kelly Trust states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. § 105 and the Sale Order.

## BACKGROUND

4.    On November 18, 2015 (the "Petition Date"), Kelly's husband, Gregory B. Myers (the "Debtor"), represented by McNamee, Hosea, Jernigan, Kim, Greenan & Walker, P.A. ("McNamee"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code to commence this bankruptcy case.

5.    Since the Petition Date, the Debtor has continued in possession of his assets and has operated as a Debtor-in-Possession under §§ 1107 and 1108 of the Code.  No committee of unsecured creditors has been appointed in this case.

## SERV TRUST'S SECURED CLAIM

6.    Serv Trust is a Trust formed under the laws of the State of Maryland.  The Debtor is one of two co-trustees of Serv Trust, but is neither a settlor nor a beneficiary of the trust.

7.    By virtue of a Credit Agreement with the Debtor and Kelly dated June 26, 2014, secured by a mortgage dated June 26, 2014 and recorded June 27, 2014 in the land records of Walton County, Florida, Serv Trust held a secured claim against unimproved residential real property known as Lot 6, Seaside 14, Santa Rosa Beach, Florida 32459 (the "Seaside Property"), and, as more fully discussed below, now holds a secured claim against the proceeds from the sale of the Property as more fully set forth in the mortgage.

8.    In the Schedules that the Debtor has filed with the Court, the Debtor has scheduled a secured debt owed by Debtor and Kelly to Serv Trust in the amount of $951,803.96.

9.    On November 18, 2016, Offit Kurman, P.A. ("Offit Kurman") commenced an adversary proceeding against Serv Trust disputing the validity of Serv Trust's secured claim, and seeking to determine the priority and extent of its secured claim.

## SALE OF THE SEASIDE PROPERTY

10.     On the Petition Date, the Debtor and Kelly owned the Seaside Property as tenants by the entireties.

11.     On September 28, 2016 the Debtor filed a Motion to Sell Real Property Known as Lot 6, Seaside 14 Subdivision, Santa Rosa Beach, Florida 32459 Pursuant to 11 U.S.C. § 363(b) and § 363(f) of the Bankruptcy Code (the "Sale Motion") at the gross sales price of $1,772,500.00.

12.     The sale was approved by the Court and the Sale Order was entered on October 25, 2016.

13.     On October 27, 2016 a closing of the sale of the Seaside Property occurred resulting in net proceeds of $1,238,598.91, after the payment of the first mortgage, realtor commissions and other costs of sale (the "Net Proceeds").  Like property itself, the Net Proceeds are owned by the Debtor and Kelly as tenants by the entireties.

14.     Certain other alleged claims asserted against the Debtor and/or alleged to be secured by the Seaside Property were not paid at the time of the closing because those claims were disputed by one or more interested parties to this case.  These disputed secured claims are listed below.

15.     Pursuant to Paragraph 11 of the Sale Order, the tenants by the entireties Net Proceeds were ordered to be transmitted directly from closing to McNamee's attorney escrow account and "not to be used for any purpose whatsoever pending further application to, and Order of, the Court."

16.     Kelly is advised that McNamee received the Net Proceeds, and that those tenant by the entireties funds have been deposited into a non-interest bearing attorney escrow account.

## SECURED CLAIMS ASSERTED AGAINST THE NET PROCEEDS

17.     At the time of the entry of the Sale Order, the Net Proceeds remained subject to

the liens, to the extent not otherwise determined to be invalid or overstated, of the following

claimants:

| | |
|---|---|
| Seaside III HOA 8/26/2010 Recorded Notice of Lien | $43,700.75 |
| Offit Kurman Mortgage Recorded 1/13/2014 | $550,000.00 |
| Regions Bank Judgment Recorded 9/19/2014 | $320,879.74 |
| Serv Trust Mortgage Recorded 6/27/2014 | <u>$951,803.96</u> |
| | $1,866,384.45 |

18.     The Debtor previously filed Complaint to determine the priority and extent of

liens with respect to the claims of Seaside III Neighborhood Association, Inc. and Offit Kurman.

The adversary proceedings that were initiated by the filing of those Complaints are still pending.

19.     The Debtor had also filed a Complaint to determine the priority and extent of liens

with respect to the claims of Regions Bank; however, on November 21, 2016 the Debtor filed a

Motion to Compromise the disputed secured claim of Regions Bank and, thereafter, the Court

entered an Order approving the settlement.  The settlement allowed Regions Bank to receive

payment from the tenants by the entireties Net Proceeds in the reduced amount of $128,351.90 in

full satisfaction of its claim.

20.     Apart from the foregoing, there are no other scheduled or otherwise asserted

secured claims against the Net Proceeds.

## UNSECURED CLAIMS ASSERTED AGAINST THE DEBTOR

21.     The following unsecured claims (a number of which are disputed by the Debtor)

are either scheduled or otherwise asserted against the Debtor individually, or asserted against the

Debtor and Kelly jointly as indicated:

| | |
|---|---:|
| Offit Kurman | $23,605.96 |
| Offit Kurman (Debtor and Kelly jointly) | $123,035.03 |
| Offit Kurman (Debtor and Kelly jointly) | $62,081.24 |
| Cheffy Passidomo | $1.00 |
| Crew & Crew | $1.00 |
| Mandell Menkes | $1.00 |
| Kenwood | $19,337.99 |
| NFCU | $18,250.00 |
| Sachs & Laseur | $1,235.30 |
| Joan Myers | $0.00[1] |
| Michael and Susan Myers | $0.00[2] |
| Gleason Emig et. al. (Debtor and non-filing spouse jointly) | $0.00[3] |
| | $247,548.52 |

22.     Apart from the foregoing, there are no other scheduled, or otherwise asserted, unsecured claims against the Debtor.

23.     The deadline for filing proofs of claim in the Debtor's bankruptcy case for creditors and governmental units has passed.

## TAX CLAIMS AGAINST THE DEBTOR

24.     At the time that the Debtor's Case was filed, the Debtor had not yet filed his tax returns for the years 2010 through 2014.

25.     The Debtor has since filed his tax returns for those years and has filed his tax return for 2015.

26.     The Debtor has no tax obligations for those years.

27.     In addition, the Debtor's 2016 tax returns have been prepared and, as a result of large net operating loss carryforwards, the Debtor has no tax obligations for 2016.

## THE SERV TRUST MOTION

---

[1] Kelly is advised that the Debtor had obtained an agreement from Joan Myers to release, with prejudice, any debt owed to Joan Myers.

[2] Kelly is advised that the Debtor had obtained an agreement from Michael and Susan Myers to release, with prejudice, any debt owed to Michael and Susan Myers.

[3] Kelly has settled the claim(s) asserted by Gleason Emig, et al. and Gleason Emig, et al. has withdrawn its Proofs of Claim with prejudice.

28.     On December 2, 2016, Serv Trust filed a Motion for Order Authorizing Release of Surplus Escrow Funds to Serv Trust (the "Serv Trust Motion") by which it sought an Order authorizing the immediate release to Serv Trust of the sum of $268,997.74 from the Net Proceeds.

29.     Both Offit Kurman and the Office of the United States Trustee filed oppositions to the Serv Trust Motion.

30.     Kelly is advised that, due the costs of pending litigation with Offit Kurman that relates to Serv Trust's lien, Serv Trust is considering withdrawing the Serv Trust Motion and waiving its right to collect any of the tenants by the entireties Net Proceeds from the sale of the Seaside Property.

31.     With the claim of Regions Bank having been settled, and with the payment of the claims of joint unsecured creditors of the Debtor and Kelly having been provided for, if Serv Trust does waive its right to collect any portion of the Net Proceeds from the sale of the Seaside Property, Kelly and the Debtor, as the former tenants by the entireties owners of the Seaside Property and as the tenants by the entireties owners of the Net Proceeds would be entitled to receive the portion of the Net Proceeds that Serv Trust had sought in the Serv Trust Motion.

## RELIEF REQUESTED

32.     Kelly seeks an order authorizing the immediate release to Kelly, on behalf of herself and the Debtor as tenants by the entireties, of the sum of the sum of $268,997.74 from the Net Proceeds.

33.     Because the Net Proceeds are held as tenants by the entireties property, and because Kelly will be holding the released portion of the Net Proceeds as tenants by the entireties property

for the benefit of Kelly and the Debtor, the Debtor will need to consent to this Motion and it is Kelly's understanding and belief that such a consent will be filed by the Debtor.

34.     With the exception of Serv Trust, there are no other joint claimants of Kelly and the Debtor that would have a claim to this portion of the Net Proceeds.

35.     Having already made the distribution to Regions Bank that was approved by the Court, the requested release of the $268,997.74 will leave Net Proceeds of $841,249.27 remaining in escrow, the distribution of which will remain subject to further order of Court.

36.     The $841,249.27 that will remain in escrow in escrow equals the sum of the amount of all remaining asserted secured claims against the Debtor totaling $593,700.75 (excepting Serv Trust's asserted secured claim) plus the amount of all asserted unsecured claims against the Debtor and the amount of all asserted joint unsecured claims against Kelly and the Debtor totaling $247, 548.52.

37.     A distribution of $268,997.74 to Kelly from the Net Proceeds will not impair the claim of any other secured creditor claiming a security interest in the Net Proceeds as there will remain sufficient funds in escrow to pay all such claims to the extent allowed, which remain subject to possible further reduction based upon the final allowance of such claims.

38.      A distribution of $268,997.74 to Kelly from the Net Proceeds will not impair a distribution sufficient to pay all of the Debtor's unsecured claims as there will remain sufficient funds in escrow to pay all such claims to the extent allowed, which remain subject to possible further reduction based upon the final allowance of such claims.

39.     Serv Trust has previously consented to the subordination of its secured claim limited to $247,548.52 and, as addressed above, is expected to withdraw its claim as to the Net Proceeds in its entirety.

40.     No creditor or interest holder in this case, apart from Serv Trust, which is expected to consent to the relief requested herein, is at any risk of loss if this Motion is granted.  There is no compelling reason not to permit the partial release of Net Proceeds in the limited amount of $268,997.74 to Kelly under these circumstances.

41.     Any delay in the release of the surplus Net Proceeds to Kelly is prejudicial to Kelly and the Debtor as those funds are necessary to pay expenses for medical, educational, legal, and other expenses that Kelly and the Debtor will be obligated to pay.

42.     Kelly further requests a waiver of Fed.R.Bankr.P. 6004(h) such that any order of the Court granting the relief requested herein is effective immediately upon entry.

43.     Because Offit Kurman and the Office of the United States Trustee objected to the Serv Trust Motion, Kelly anticipates that they will also object to this Motion.  However, because no other party in interest objected to the Serv Trust Motion, Kelly asserts that there is no reason to believe that any other party in interest would object, or have a basis to object to this Motion.

44.     A motion to shorten the time for the filing of objections and responses to the Motion from fourteen (14) days to twelve (12) days and for an expedited hearing is being filed contemporaneously with this Motion.  Because Offit Kurman and the Office of the United States Trustee objected to the Serv Trust Motion, and because the issues raised in the two motions are virtually identical, they should not need more than seven (7), no less twelve (12), days to file objections to this Motion.

45.     A hearing on the Serv Trust Motion has been scheduled for February 1, 2017 at 10:00 a.m.  Kelly asks that the hearing on this Motion be combined with the hearing on the Serv Trust Motion and held on February 1, 2017.

WHEREFORE, in light of the foregoing, Kelly respectfully requests that this Court enter an Order:

A.    Granting the relief requested in this Motion; and

B.    Granting such other and further relief as the nature of this cause may require.

Respectfully submitted,


\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Goren, Wolff & Orenstein, LLC
Shady Grove Plaza
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@gwolaw.com

*Counsel for Barbara Ann Kelly*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of January, 2017, a true and correct copy of the foregoing Motion has been furnished by first class mail, postage prepaid, or via electronic transmission to:

All creditors and parties in interest identified on the attached creditor matrix.


/s/ Jeffrey M. Orenstein
Jeffrey M. Orenstein