IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

In Re:                                              *
                                                    Case No.  15-26033-WIL
GREGORY B. MYERS                                    *
            Debtor.                                 Chapter 11
                                                    *
* * * * * * * * * * * * * * * * * * *

## MOTION FOR ENLARGEMENT OF TIME TO FILE PROOF OF CLAIM

6789 Goldsboro LLC ("Goldsboro"), by its undersigned attorneys, files this Motion for Enlargement of Time to File Proof of Claim pursuant to Fed. R. Bankr. P. 9006(b) and for reasons states:

1. The Debtor, Gregory B. Myers ("Debtor") filed his voluntary petition (the "Petition") under Chapter 11 on November 18, 2015. The Debtor has remained in possession of the estate's assets and continues to manage his financial affairs.

2. Goldsboro was a known creditor of the Debtor on the date of the filing of his Petition.

3. The Debtor is a trustee of Serv Trust, a Maryland statutory trust. At the request of the Debtor, Goldsboro made loans to Serv Trust. The total principal amount of the loans to Serv Trust are in the amount of $635,000.

4. In order to induce Goldsboro to continue lending to Serv Trust, Serv Trust executed a Promissory Note dated May 18, 2015 in the principal amount not to exceed $430,000. Attached hereto as **Exhibit A** is a copy of the Promissory Note.

5251929.1

- 2 -

5. Contemporaneously with the execution of the Promissory Note the Debtor executed a Guaranty Agreement. Attached hereto as **Exhibit B** is a copy of the Guaranty Agreement.

6. After execution of the Promissory Note, and after the principal amount reached $430,000, the Debtor continued to request loans for Serv Trust from Goldsboro. Goldsboro refused to make any more loans to Serv Trust after the principal amount reached $635,000.

7. At the time the Debtor filed his Petition he was aware that Goldsboro was a creditor. Notwithstanding this fact, and his continuing requests for loans from Goldsboro on behalf of Serv Trust, the Debtor did not schedule Goldsboro as a creditor. Goldsboro is not listed on the mailing matrix (as amended).

8. Goldsboro has not received any documents in regard to the bankruptcy. Therefore, Goldsboro did not receive the notice of the bar date for filing proofs of claim, the proposed amended disclosure statement and plan, or any of the various motions that are pending before the court.

9. In the case of *In re Premier Membership Services, LLC*, 276 B.R. 709, 713 (Bankr. S.D. Fla. 2002), the bankruptcy court discussed the standard for allowing the filing of a late proof of claim as follows:

> Rule 9006(b) of the Federal Rules of Bankruptcy Procedure permits a bankruptcy court to enlarge the time for taking action (such as filing a proof of claim) after the time has expired where the failure to act timely was due to "excusable neglect." The Supreme Court has made clear that the determination of whether excusable neglect exists is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). These circumstances include the 'the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

- 2 -

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.*

Perhaps even more importantly, it is a fundamental principle of due process that known creditors of a debtor are entitled to **actual notice** of a claims bar date before their claims can be extinguished, *City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). This is true even where the creditor may have actual knowledge of the pendency of the bankruptcy. *Id.* at 297. A creditor in a reorganization has a "right to assume" that he will receive all required notices before his claim will be forever barred. *Id.* Thus, "Courts have consistently ruled that when there is no notice of the claims bar date or of the confirmation hearing, a late claim is not barred." In re: *Tannen Towers Acquisition Corp.* 235 B.R. 748, 753 (D.N.J. 1999).

In the case of *In re Twins, Inc.,* 295 B.R. 568, 572 (Bankr. D.S.C. 2003), the bankruptcy court commented that "A majority of courts have ruled that known creditors are entitled to official or formal notice of a debtor's bankruptcy filing and bar claims date." (citation omitted.) Failure to provide such notice is grounds for allowance of the filing of a late claim. *Id.*

10. Without a doubt, the Debtor had knowledge that Goldsboro is a creditor throughout his bankruptcy case, but failed to schedule or include Goldsboro on the mailing matrix. Goldboro did not have notice of the claims bar date.

11. Although the Debtor has filed an amended proposed disclosure statement and proposed plan (Docket ##213, 216), nothing has been approved by the court and there are objections pending to the amended disclosure statement. (Docket ##255, 256) Further, the Office of the United States Trustee ("UST") has filed a motion to convert or dismiss the case to a case under Chapter 7 (Docket #167), which the Debtor has opposed (Docket #194 ) and Offit Kurman, P.A. ("OK") and SunTrust Bank have supported (Docket # #188, 198). The UST has also filed a motion to extend the time to object to the Debtor's discharge (Docket # 252), which the Debtor has opposed. (Docket # 268) The Debtor's wife's has filed an amended motion to

- 3 -

have $268,997.74 in funds released from an escrow account (Docket # 269), which has been opposed by the UST. (Docket # 275)  There is also an adversary complaint filed by OK to avoid the lien of Serv Trust on the proceeds that are in escrow. (Adversary No. 16-00541)

12. Goldsboro submits that based on the posture of the case among other things, the prejudice to Goldsboro by not being permitted to file a claim, far outweighs any prejudice the Debtor may allege.  Goldsboro is proceeding in good faith.

13. Based on the foregoing, Goldsboro requests that this court enlarge the time for Goldsboro to file a proof of claim.

14. Attached hereto as **Exhibit C** is the proposed proof of claim.

15. Pursuant to Local Rule 9013-2, no memorandum will be filed and movant relies solely upon this motion.

WHEREFORE,  6789 Goldsboro LLC requests that this Court enter an order: (a) permitting it to file the attached proof of claim; and (b) granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Susan J. Klein
Susan J. Klein  #09242
Gordon Feinblatt LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202
(410) 576-4137
(410) 579-4196 – Fax
sklein@gfrlaw.com

Attorney for Movant, 6789 Goldsboro LLC

5251929.1

- 5 -

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on January 27, 2017, a copy of the Motion for Enlargement of Time to File Proof of Claim and proposed order were sent via CM/ECF electronic mail, to the following:

Randa S. Azzam - razzam@siwpc.com; klane@siwpc.com; ecfmd1@siwpc.com; ecfmd2@siwpc.com; ecfmd3@siwpc.com; mfreeman@siwpc.com; SIWPC@ecf.courtdrive.com

Justin Philip Fasano - jfasano@mhlawyers.com; jfasano@ecf.courtdrive.com; ssmentkowski@mhlawyers.com; cjourdonais@mhlawyers.com; dmoorehead@mhlawyers.com

Christopher C. Fogleman - cfogleman@gleason-law.com; sgreen@gleason-law.com;pmorse@gleason-law.com

Daniel A. Glass -  dglass@eckertseamans.com

James Greenan -  jgreenan@mhlawyers.com; dmoorehead@mhlawyers.com; sgoldberg@mhlawyers.com; kjarboe@mhlawyers.com; cjourdonais@mhlawyers.com; jgreenan@ecf.inforuptcy.com

Gregory P. Johnson – gjohnson@offitkurman.com; dwest@offitkurman.com

Gene Jung - gene.jung@brockandscott.com; mdecf@brockandscott.com; wbecf@brockandscott.com; rachael.boone@brockandscott.com

Lynn A. Kohen - lynn.a.kohen@usdoj.gov

Kimberly Brooke Lane -  klane@siwpc.com; ecfmd1@siwpc.com; ecfmd2@siwpc.com; ecfmd3@siwpc.com; razzam@siwpc.com; drubin@siwpc.com; mfreeman@siwpc.com; SIWPC@ecf.courtdrive.com

Richard Edwin Lear - richard.lear@hklaw.com; kimi.odonnell@hklaw.com

Valerie P. Morrison - val.morrison@nelsonmullins.com; robert.ours@nelsonmullins.com; Dylan.trache@nelsonmullins.com; Jason.gold@nelsonmullins.com

Kyle J. Moulding - bankruptcymd@mwc-law.com

Jeffrey M. Orenstein - jorenstein@gwolaw.com

Craig Palik - cpalik@mhlawyers.com; kjarboe@mhlawyers.com; dmoorehead@mhlawyers.com; cjourdonais@mhlawyers.com; cpalik@ecf.inforuptcy.com

- 5 -

5251929.1

- 6 -

Douglas B. Riley - dbriley@tph-law.com

John Allen Roberts - jaroberts@semmes.com; cdavis@semmes.com

Douglas S. Rubin - drubin@siwpc.com; Ecfmd1@siwpc.com; ecfmd2@siwpc.com; ecfmd3@siwpc.com; razzam@siwpc.com; klane@siwpc.com; mfreeman@siwpc.com; SIWPC@ecf.courtdrive.com

US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

and by first class mail, postage prepaid, to:

>Gregory B. Myers
>700 Gulf Shore Boulevard North
>Naples, FL  34102

>H. Jason Gold
>Nelson Mullins Riley & Scarborough LLP
>101 Constitution Ave NW
>Suite 900
>Washington, DC 20001

>Hunter Harman
>Berkshire Hathaway Home Services
>Beach Properties of FL
>2063 Highway 395 South
>Santa Rosa Beach, FL 32459

>IPFS Corporation
>30 Montgomery Street
>Suite 1000
>Jersey City, NJ 07302

>Serv Trust
>3158 Braverton Street, Suite 206
>Edgewater, MD  21073

>Walton County Florida Tax Collector
>PO Box 510
>Defuniak Spring, FL  32435

and to the parties on the attached service list

/s/ Susan J. Klein
Susan J. Klein

5251929.1