IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| GREGORY B. MYERS, | * | Case No.: 15-26033 WIL |
| | | Chapter 11 |
| Debtor | * | |

**MOTION TO RECONSIDER ORDER AUTHORIZING
RELEASE OF SURPLUS ESCROW FUNDS**

Roger Schlossberg, Chapter 7 Trustee for the bankruptcy estate of Gregory B. Myers (the "Trustee"), by proposed counsel, files this Motion to Reconsider Order Authorizing Release of Surplus Escrow Funds (the "Motion") and respectfully states as follows:

1. Gregory Myers ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on November 18, 2015. No unsecured creditors' committee was appointed. The Debtor remained in possession of the estate's assets and continued to manage its financial affairs until February 22, 2017 when the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code and thereafter the Trustee was duly appointed.

2. This Motion concerns the distribution of proceeds generated from the sale of the real property, commonly known as Lot 6, Seaside 14, Santa Rosa Beach, Florida 32459 (the "Seaside Property"). On September 28, 2016, the Debtor filed its motion to sell the Seaside Property [Dkt. 124]. The Court approved the sale by consent order dated October 25, 2016 [Dkt. 175]. In the consent order, the Court set forth the following provision on the escrow of payment of disputed liens and claims.

> The aggregate amount of the remaining proceeds of sale not paid pursuant to paragraph 10 of this Order at the closing of the Sale ("Net Proceeds") shall be transmitted by the title company handling the closing of the Sale directly

        to Debtor's counsel, James. M. Greenan. Esq. and Craig M. Palik, Esq. McNamee, Hosea, Jernigan, Kim, Greenan and Lynch, P.A., 6411 Ivy Lane, Suite 200 Greenbelt, MD 20770 and deposited into its attorney escrow account. The Net Proceeds are estimated to be approximately $1,239,003.42. The Net Proceeds shall not be used for any purpose whatsoever pending further application to, and Order of, the Court. For the avoidance of any confusion, the the [*sic*] following liens and claims are disputed by one or more parties ("Disputed Liens and Case 15-26033 Doc 175 Filed 10/25/16 Page 6 of 117 Claims"), which are not being paid at the time of the closing of the Sale: (a) Seaside III Neighborhood Association, Inc.- 8/26/2010 Notice of Lien in the estimated amount of $43,700.75; (b) Offit Kurman, P.A. -Mortgage Recorded 1/13/2014 in the estimated amount of $550,000.00; (c) Serv Trust -Mortgage Recorded 6/27/2014 in the estimated amount of $1,000,000.00 and (d) Regions Bank -Judgment Recorded 9/19/2014 in the estimated amount of $320,879.74. All Disputed Liens and Claims against the Seaside Property shall, without the necessity of further action on the part of the Purchaser, Sellers or any creditor, be deemed released and discharged and shall attach to the Net Proceeds, in the order of their priority, with the same validity, force and effect which they now have as against the Seaside Property.

3.      On January 20, 2017, the Debtor's spouse, Barbara Ann Kelly ("Kelly") filed her Amended Motion for Order Authorizing Release of Tenants by the Entireties Surplus Escrow Funds to Barbara Ann Kelly [Dkt. 269] (the "Kelly Motion") seeking release of $268,997.74 from the proceeds of the sale of the Seaside Property.[1] Following expedited proceedings in this Court, predicated on Kelly's allegations of prejudice arising from her impoverishment resulting from the denial to her of the use of the funds derived from the sale of the Property, this Court entered on February 23, 2017, its Order Authorizing Release of Tenants by the Entireties Surplus

---

[1]     The original motion for release was filed on December 12, 2016 [Dkt. 22] by Serv Trust who, at the time, claimed status as a purported lien creditor and insider. Serv Trust and Ms. Kelly are both represented by Jeffrey M. Orenstein and Wolff & Orenstein, LLC.

2

Escrow Funds [Dkt. 321] (the "Surplus Order") directing the release to Ms. Kelly of $268,997.74 following the expiration of the stay of the Surplus Order under Fed. R. Bankr. Pro. 6004(h).

4. By Order of Judgment dated February 6, 2017 [Dkt. 44] (the "Avoidance Order"), the Court voided Serv Trust's lien rights and determined that:

> . . . Serv Trust's lien on the proceeds from the sale of the real property identified as Lot 6, Seaside 14, resulting from the Mortgage in favor of Serv Trust, recorded on June 27, 2014 in the Land Records of Walton County, Florida in Instrument No. 2014661286249, be, and hereby is, avoided as if such lien never existed; and it is further
>
> ORDERED, that as to Count III of the Complaint, any scheduled or filed secured or unsecured claim by Serv Trust is disallowed, in its entirety, in this bankruptcy case.

By operation of law, this avoided lien was automatically preserved for the benefit of the estate in accordance with 11 U.S.C. § 551.

5. This Motion seeks reconsideration of the Surplus Order pursuant to Federal Rules 59(e) and 60 (made applicable to these proceedings by Bankruptcy Rules 9023 and 9024, respectively) to correct clear errors of law and to prevent that manifest injustice which otherwise will flow from those proceedings conducted prior to the appointment of the Trustee.

**Legal Standard**

6. Federal Rule of Bankruptcy Procedure 9023, titled New Trials; Amendments of Judgments, provides that:

> Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for new trial or to alter or amend a judgment shall be filed, and a court may enter on its own order a new trial, no later than 14 days after entry of judgment.

7. Under a motion to alter or amend a judgment, pursuant to Fed.R.Civ.P. 59(e), the movant must show at least one of three major grounds for relief "(1) an intervening change in

controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  *See also*, *Stanziale v. Nachtomi*, 2004 WL 1812705, at 2-3 (D. Del. Aug. 6, 2004) (stating that a court may grant a motion for reconsideration "if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension.").

8.     In addition, Federal Rule of Bankruptcy Procedure 9024 provides that Fed.R.Civ.P. 60 applies to cases under the United States Bankruptcy Code (the "Code"). Federal Rule of Civil Procedure 60(b) provides for the grounds for relief from a final judgment, order or proceeding and states that,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (6)     any other reason that justifies relief.

*See* Fed.R.Civ.P. 60(b)(6)

9.     "In *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96 (4th Cir. 1979), following the failure of a steamship company to respond to a seaman's complaint for unpaid wages, a default judgment was entered awarding the wages due under a union contract, as well as penalty wages under a federal statute.  On appeal, the Fourth Circuit held that the statute relied on by the district court had no applicability on the facts of the case, and that '[a]s a result of this plain mistake of law ... the defendant has been saddled with an unconscionable judgment.'" *See In re DeCoro USA, Ltd.*, 2010 WL 3463372, Bankr. M.D.N.C. at pg. 7, citing *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 101 (4th Cir. 1979).  "In light of the mistake of law, the court concluded that relief from the judgment is properly granted under Rule 60(b)(4) as a void judgment or under Rule 60(b)(6) due to the "unusual and extraordinary circumstances of this case and in view

4

of the unconscionably unjust judgment entered." *Id*. citing *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 104-06 (4th Cir. 1979).

### Grounds for Reconsideration

10. The Trustee seeks reconsideration of the Surplus Order for the following reasons:

(a) As review of the docket of those proceedings conducted in Adversary Proceeding 16-00541-WIL (*Offit Kurman, P.A. v. Serv Trust*) reflects, the lien of Serv Trust on the Property (and the funds derived from its sale) was avoided therein by the Avoidance Order. However, contrary to the apparent apprehension of the parties and the Court in the prior proceedings on the Kelly Motion, the entry of that Avoidance Order does not, *per force*, result in the creation of a surplus from the proceeds derived from the sale of the property to be enjoyed by the Debtor and his wife. Rather, that avoided lien was preserved as a matter of law for the benefit of the estate pursuant to 11 U.S.C. § 551. Therefore, the Trustee is entitled to administer for the benefit of the Estate that fund to which the preserved lien attached, and to distribute the same on account of those creditors entitled to the benefit thereof. All claims (including, *inter alia*, joint tax claims and joint claims[2]) must be carefully evaluated in light of the effect of conversion, 11 U.S.C. § 348, and the rights and obligations of the Trustee under 11 U.S.C. § 704 and Chapter 5 of the United States Bankruptcy Code.

(b) (i) Although the Debtor's Chapter 11 case was pending for over 16 months, and although the Debtor filed Schedules and Amended Schedules, the Debtor's interest in the Property and in the surplus allegedly generated as a result of the sale of the Property ***never*** was claimed by the Debtor as exempt property pursuant to 11 U.S.C. § 522. As such, any

---

[2] It is interesting to note that very large joint claims owed to the Debtor's former attorneys, Gleason, Flynn, Emig & Fogleman were withdrawn on October 17, 2016, indicating an undisclosed settlement of that liability. [See claims register Claims 5-1 to 9-1]. That withdrawal, the payment made, and the involvement of the Debtor and his wife, warrants further scrutiny and transparency.

5

alleged surplus is subject to administration by the Trustee for the benefit of those creditors ultimately determined to be entitled thereto. Accordingly, the alleged surplus should not be released to the Debtor's spouse.

      (ii)  Property of the estate owned jointly by the Debtor and his non-debtor spouse is required to be administered by the Trustee for the benefit of joint creditors of the Debtor and his non-debtor spouse as those creditors are determined to exist during the administration of the Estate.

      (iii)  The meeting of creditors required to be conducted as contemplated in 11 U.S.C. § 341(a), has not been held and the deadline for filing proofs of claims (June 20, 2017) has not yet passed. *See*, Dkt. 319. Therefore, the universe of joint creditors has not been established, and it is premature to allow payment to the Debtor and his wife.

  11.  The expedited proceedings conducted by this Court upon the Kelly Motion appear to have been predicated upon the assertions by the Debtor and Kelly of impoverishment and the need for dental services and tuition to the Debtor's children. The Debtor's suggestion appears undermined by the fact that in the past 100 days Ms. Kelly has made the following payments into various court registries.

| Bankr. Court Registry Deposit | | Walton County Circuit Court Registry Deposit | | Total Registry Deposits |
|---|---|---|---|---|
| $5,000.00 | 12/07/2016 | $3,749.28 | 12/08/2016 | |
| $5,000.00 | 12/29/2016 | $3,749.28 | 01/26/2017 | |
| $5,000.00 | 02/01/2017 | $3,749.28 | 02/17/2017 | |
| $2,500.00 | 03/01/2017 | | | |
| $2,500.00 | 03/01/2017 | | | |
| **$20,000.00** | | **$11,247.84** | | **$31,247.84** |

In light of the extraordinary haste in conduct of the proceedings on the Kelly Motion, your Trustee observes that it is not surprising that important fundamental errors of laws occurred with

6

respect to the apparent failure of all parties to inform the Court of the following significant facts: (a) the automatic preservation of the avoided Serv Trust lien pursuant to 11 U.S.C. § 551; and (b) the non-exempt character of the Property and the funds derived from its sale. Further, the Trustee is informed that during the expedited proceedings on the Kelly Motion, substantial additional information was developed concerning the existence of at least one additional unscheduled creditor of the Debtor (including, *inter alia*, 6789 Goldsboro, LLC with a claim of over $600,000). This creditor, and perhaps others, were without timely notice of these bankruptcy proceedings and have been unable to protect their interests herein.[3]

WHEREFORE, the Trustee respectfully requests that the Court reconsider its Order, stay the provisions of the Surplus Order, deny a release of any escrowed funds, and that the Court grant such other and further relief as is appropriate and just.

Dated: March 7, 2017

*/s/ Roger Schlossberg*
Roger Schlossberg
Frank J. Mastro, 24679
Schlossberg & Mastro
18421 Henson Blvd., Suite 201
Hagerstown, MD 21742
(301) 739-8610
rschlossberg@schlosslaw.com;
fmastro@schlosslaw.com

Proposed counsel for Roger Schlossberg,
Chapter 7 Trustee for the bankruptcy estate of
Gregory B. Myers

---

[3] It appears that the Debtor's financial situation is tied to rights and benefits that he and his wife enjoy with respect to Serv Trust. Upon information and belief, that relationship was not fully disclosed during a recent Rule 2004 examination and questions regarding the relationship were objected to on the basis of relevance. The existence of a new creditor, 6789 Goldsboro LLC ("Goldsboro"), and its appearance as a previously undisclosed and unscheduled general unsecured creditor, certainly is relevant to this case. Goldsboro is also a business partner of Serv Trust. These relationships warrant further investigation by the Trustee. If the Debtor's wife is a joint creditor of Goldsboro, then Goldsboro must be paid prior to any surplus being released.

7

*/s/ Paul Sweeney*
Paul Sweeney, 07072
Yumkas, Vidmar, Sweeney & Mulrenin, LLC
10211 Wincopin Circle, Suite 500
Columbia, Maryland   21044
(443) 569-5972
psweeney@yvslaw.com
lstevens@yvslaw.com

Proposed counsel for Roger Schlossberg,
Chapter 7 Trustee for the bankruptcy estate of
Gregory B. Myers

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 7th day of March, 2017, notice of the foregoing Motion to Reconsider Order Authorizing Release of Surplus Escrow Funds was sent electronically to those parties listed on the docket as being entitled to such electronic notices and by first class mail, postage prepaid as shown below.

*Via Electronic Mail Notice List*

- Randa S. Azzam -- razzam@siwpc.com
- Justin Philip Fasano -- jfasano@mhlawyers.com
- Christopher C. Fogleman -- cfogleman@gleason-law.com
- Daniel A. Glass -- dglass@eckertseamans.com
- James Greenan -- jgreenan@mhlawyers.com
- Gregory P. Johnson -- gjohnson@offitkurman.com
- Susan J. Klein -- sklein@gfrlaw.com
- Lynn A. Kohen -- lynn.a.kohen@usdoj.gov
- Kimberly Brooke Lane -- klane@siwpc.com
- Richard Edwin Lear -- richard.lear@hklaw.com
- Valerie P. Morrison -- val.morrison@nelsonmullins.com
- Kyle J. Moulding -- bankruptcymd@mwc-law.com
- Jeffrey M. Orenstein -- jorenstein@gwolaw.com
- Craig Palik -- cpalik@mhlawyers.com
- Douglas B. Riley -- dbriley@tph-law.com
- John Allen Roberts -- jaroberts@semmes.com
- Douglas S. Rubin -- drubin@siwpc.com
- Roger Schlossberg -- trustee@schlosslaw.com
- Frank Mastro – fmastro@schlosslaw.com
- US Trustee - Greenbelt -- USTPRegion04.GB.ECF@USDOJ.GOV

*Via First Class Mail, postage prepaid*

Hunter Harman
Berkshire Hathaway Home Services
Beach Properties of FL
2063 Highway 395 South
Santa Rosa Beach, FL 32459

IPFS Corporation
30 Montgomery Street
Suite 1000
Jersey City, NJ 07302

                                      */s/ Paul Sweeney*
                                      Paul Sweeney