IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **BARBARA ANN KELLY,** *et al.*, | * | |
| Appellants, | * | |
| v. | * | Lead Case: GJH-21-1186 |
| **MCNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A.,** *et al.*, | * | Member Cases: GJH-21-1184; GJH-21-1185 |
| Appellees. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

**I.    BACKGROUND**

Husband-and-wife Appellants, Barbara Ann Kelly and Gregory B. Myers filed three separate appeals from the United States Bankruptcy Court for the District of Maryland all, ultimately, relating back to Gregory Myers' ongoing Chapter 7 Bankruptcy proceeding (Case No. 15-26033).

In Case No. 21-1186, on May 14, 2021, Appellant Kelly noticed an appeal from Judge Chavez-Ruark's Orders in Bankruptcy Adversary Case No. 20-00284 (Chapter 7 Bankruptcy Case No. 15-26033) granting Appellee McNamee's Motion to Dismiss, denying her Motion to Reconsider the Court Order Denying her Motion to Remand, denying her Motion to Stay the Case and Denying her Motion to Strike McNamee's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, ECF No. 1. On May 27, 2021, the Bankruptcy Appeal Record was transmitted to this Court and the Clerk identified that no designation of record was filed. ECF No. 3. On June 18, 2021, Appellee McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. filed the now pending Motion to Dismiss, ECF No. 4. Appellant Kelly did not respond.

1

In Case No. 21-1184, on May 12, 2021, Appellant Myers noticed an appeal from Judge Chavez-Ruark's Memorandum to Parties in Interest Regarding Entireties and Exemption Issues Previously Litigated in Chapter 7 Bankruptcy Case No. 15-26033, ECF No. 1. On May 27, 2021, the Bankruptcy Appeal Record was transmitted to this Court and also identified that no designation of record was filed. ECF No. 3. On June 9, 2021, Appellant Myers filed a Suggestion of Bankruptcy in which he requested that the Court stay the proceedings pending his three appeals in the Fourth Circuit, ECF No. 4 ¶ 9.[1] On June 23, 2021, Appellee Rodger Schlossberg, the Chapter 7 Trustee for the bankruptcy estate of Appellant Myers in Case No. 15-26033, responded to the Suggestion of Bankruptcy arguing that Appellant "Myers' attempt to invoke the automatic stay to halt this utterly frivolous appeal is a continuation of the bad faith litigation tactics that this Court previously has condemned in its disposition of fifteen (15) prior appeals to this Court filed by Myers and/or wife, Barbara Ann Kelly." ECF No. 5 ¶ 14.

In Case No. 21-1185, Appellant Myers noticed an appeal from Judge Chavez-Ruark's Order Denying his Motion to Vacate in Bankruptcy Adversary Case No. 20-00284 (Chapter 7 Bankruptcy Case No. 15-26033), ECF No. 1. Likewise, on May 27, 2021, the Bankruptcy Appeal Record was transmitted to this Court and also identified that no designation of record was filed. ECF No. 3. On June 9, 2021, Appellant Myers filed a Suggestion of Bankruptcy also requesting a stay pending the resolution of his Fourth Circuit appeals, ECF No. 4 at 7. On June 15, 2021, Appellee McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A, opposed the Suggestion of Bankruptcy arguing that the Fourth Circuit's order denying Appellant Myers' request stay and applicable case law indicates that a stay a not applicable to this matter, ECF No. 5 ¶¶ 5–6, 9.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

II. DISCUSSION

Pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 42 of the Federal Rules of Civil Procedure, in adversary proceedings, the Court may consolidate actions where the actions involve a common question or law or fact. *Quillen v. Guttman*, No. 09-cv-1986-RDB, 2010 WL 1416122, at *2 (D. Md. Apr. 5, 2010). "Absent a clear abuse of discretion, a court will not be overruled on appeal for granting a motion to consolidate cases." *Id.* (citing *North Carolina Natural Gas Corp. v. Seaboard Sur. Corp.*, 284 F.2d 164, 167 (4th Cir. 1960) (acknowledging that "consolidation is within the sound discretion of the [trial] court[.]")). Because Appellants Barbara Ann Kelly and Gregory B. Myers' appeals, though separate, ultimately drive from the same principal Chapter 7 Bankruptcy Action, Case No. 15-26033, and all have failed to designate items to be included in the record, the Court will consolidate the actions Nos. No. 21-1186, No. 21-01184, and 21-1185, for the purpose of resolving the designation of record issue, with No. 21-1186 (Myers) designated as the lead case. *See North Carolina Natural Gas Corp.*, 284 F.2d at 167.

In lead Case No. 21-1186, Appellant McNamee argues that Appellee Kelly's appeal must be dismissed for failure to designate the record pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), ECF No. 4 ¶ 4. The transmittal of the bankruptcy appeal record indicates that no designation of record was filed, ECF No. 3. Rule 8009(a)(1) provides that an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." *Id.* The designation and statement must be filed within 14 days after the appeal becomes effective or an

3

order granting leave to appeal is entered. Fed. R. Bankr. P. 8009 (a)(1)(B). Local Rule 404.2 also provides the following:

> Whenever the appellant fails to designate the contents of the record on appeal or to file a statement of the issues to be presented on appeal within the time required by Bankruptcy Rule 8009, the Bankruptcy Clerk shall transmit forthwith to the Clerk of the District Court a partial record . . . When the partial record has been filed in the District Court, the Court may, upon motion of the appellee . . . or upon its own initiative, dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties.

*Id.* Likewise in Case Nos. No. 21-1184 (Myers) and 21-1185 (Myers), Appellant Myers also failed to designate the record pursuant to Rule 8009(a)(1). *See* Case No. 21-1184, ECF No. 3; Case No. 21-1185, ECF No. 3. "A district court may, *sua sponte*, dismiss an appeal from an order of a bankruptcy court based on the appellant's non-compliance with a procedural requirement of the Bankruptcy Rules, but only after deliberate consideration of the factors identified in the case of *In re Serra Builders*, 970 F.2d 1309 (4th Cir. 1992)." *Cofield v. Williams*, No. 21-cv-1070-ELH, 2022 WL 195492, at *6 (D. Md. Jan. 21, 2022). In *In re Serra Builders*, the Fourth Circuit provided that:

> [T]he district court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

970 F.2d at 1311. However, "taking just one of the four steps is not sufficient and the reviewing court must evaluate all relevant factors." *Reid v. Cohen*, No. 19-cv-752-PWG, 2020 WL 886181, at *3 (D. Md. Feb. 24, 2020) (citing *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997)). Rather, as the Fourth Circuit explained in *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995):

> [A] proper application of its test will normally require a district court to consider and balance all relevant factors, including the good faith of the appellant (*see* step one) and possible prejudice to other parties (*see* step three). Finally, throughout the process a

4

> district court should bear in mind that, although dismissal is an option, less drastic alternatives must be considered (*see* step four).

*Id*. Although *In re Serra Builders*, 970 F.2d 1309, "arose in the context of a dismissal for appellant's failure to file a timely appellate brief," *Cofield*, 2022 WL 195492, at *6, the Court has used a similar analysis to determine whether an appellant's failure to designate the bankruptcy record on appeal warrants dismissal of the case. *See, e.g.*, *Reid v. Cohen*, 19-cv-752-PWG, 2020 WL 886181, at *3 (D. Md. Feb. 4, 2020); *Slavinsky v. Educ. Credit Mgmt. Corp.*, 362 B.R. 677, 678-79 (D. Md. 2007). As Appellee McNamee argues in its Motion to Dismiss in lead Case No. 21-1186, all four criteria outlined in *In re Serra Builders* weigh in favor of dismissal.

First, the Court finds that Appellants Barbara Ann Kelly and Gregory B. Myers are acting in bad faith. As Judge Paula Xinis of this Court has noted in several of her previous opinions involving both Appellants, to which Appellee McNamee draws the Court's attention, "Appellants [Gregory Myers and Barbara Ann Kelly] have persisted in questionable litigation strategy that can only be viewed as dilatory and irresponsible," *Myers v. Schlossberg*, No. 18-cv-3783-PX, 2019 WL 414875, at *1 (D. Md. Feb. 1, 2019), and, as of February 2020, "[Appellant Myers ha[d] filed 15 bankruptcy appeals and five civil cases related to his 2015 bankruptcy action, the overwhelming majority of which have been dismissed either by the Court or by Myers voluntarily after he failed to designate the record, file a brief, or pay his filing fees." *Myers v. United States Tr.*, No. 19-cv-00637-PX, 2020 WL 758157, at *1 (D. Md. Feb. 13, 2020).[2] It is apparent that this Court has previously warned Appellants that their questionable litigation

---

[2] A court may take judicial notice of docket entries, pleadings, and papers in other cases without converting a motion to dismiss into one for summary judgment. *See Papasan v. Attain*, 478 U.S. 265, 268 n.1, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Schultz v. Braga*, 290 F. Supp. 2d 637, 651 n.8 (D. Md. 2003) (taking judicial notice of dockets in state proceedings).

5

tactics are both "dilatory and irresponsible," *Myers*, 2019 WL 414875, at *1, and this, coupled with the fact that Appellants have not, in any way, attempted to meet procedural deadlines in this case, including designating the record under Rule 8009, which requires the appellant to file and serve the designation and statement within fourteen days of the appellant's notice of appeal, or filing an appeal brief under Rule 8018(a)(1), which requires the appellant to file a brief within thirty days after the notice of transmittal of the record on appeal has been docketed, leads the Court to believe that that these three appeals are, likewise, efforts to further delay Appellants' underlying bankruptcy proceeding. *See In re Weiss,* 111 F.3d at 1173 (holding that "bad faith was inferable from the overall behavior of the [the appellant] throughout the procedure.").

Second, in lead Case No. 21-1186, Appellee McNamee's Motion to Dismiss based on Appellant Kelly's failure to designate the record put Appellant Kelly on notice of the possibility of dismissal. ECF No. 4. No response has been filed.

Third, the resulting delays from Appellants attempted delay tactics have had prejudicial effect on other parties in these cases. In lead case 21-1186, Appellee McNamee argues that it "has been and will" continue to be prejudiced because "it is entitled to a final resolution of this appeal without incurring additional costs, legal fees and delays. Case No. 21-1186, ECF No. 4 ¶ 8. In Case No. 21-1184, Appellee Schlossberg argues that Appellant Myers' attempt to invoke the automatic stay "to halt this utterly frivolous appeal" is nothing more than a continuation of questionable tactics previously acknowledged by Judge Xinis, ECF No. 5 ¶ 14. Similarly, in Case No. 21-1185, Appellee McNamee argues that "[t]his is at least the fourth time that Appellant had attempted to use his Bankruptcy filing in Florida (Case No. 21-bk-00123) to attempt to stay a proceeding in this jurisdiction," ECF No. 5 ¶ 2. It is plainly clear to this Court that Appellants appeal tactics have delayed the adjudication of these matters and have prejudiced

6

Appellees by having to incur costs and fees in responding to these appeals. *See Brandeen v. Liebmann*, No. 16-cv-2945-RDB, 2017 WL 1398266 at *2 (D. Md. Apr. 19, 2017) (finding that other parties were prejudiced when delays hindered the disposition of the estate's assets); *see also Bhagani v. Doyle*, No. CA 2:13-53-DCN-BHH, 2013 WL 1205864, at *2 (D.S.C. Mar. 1, 2013), *report and recommendation approved*, No. 2:13-CV-53 DCN, 2013 WL 1205724 (D.S.C. Mar. 25, 2013) ("Appellant's failure to follow the procedural rules in this appeal burdens the court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice.").

Finally, given that Appellants have wholly failed to designate the record (or file an appeal brief) as required under the Federal Rules of Bankruptcy Procedure, this Court is persuaded that a less severe sanction would be futile here, "where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation." T*ekmen v. John E. Harms, Jr. & Assocs., Inc.*, 11-cv-1385- RDB, 2011 WL 5061874, at *5 (D. Md. Oct. 25, 2011) (dismissing a bankruptcy appeal for failing to submit a timely designation of record, file a brief in support of their appeal, or respond to appellee's motion to dismiss); *see also Andresen v. Rosen*, 05-cv-3164-PJM, 2006 WL 4550187, at *3 (D. Md. Sept. 26, 2006) (finding that dismissal was warranted when "[n]o alternative sanction can fairly address [appellant's] omissions.").

### III. CONCLUSION

Appellants have had ten months to file a designation of record with this Court and they have failed to do so, despite being apparently well versed in bankruptcy appeals given that these three appeals represent only a few "in a litany of litigation stemming from Myers' bankruptcy petition" from 2015. *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, No.

7

18-cv-03460-PX, 2020 WL 758151, at *1 (D. Md. Feb. 14, 2020), *reconsideration denied*, No. 18-cv-03460-PX, 2020 WL 1064810 (D. Md. Mar. 5, 2020). Although the Court is mindful that a dismissal is a "harsh sanction which the district court must not impose lightly," *In re Serra Builders*, Inc., 970 F.2d at 1311, it is, nonetheless, appropriate in this case where Appellants' "overall objective appears largely to defer rather than reach meaningful resolution on the merits." *Myers*, 2020 WL 758151, at *3.

Accordingly, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that:

1. Case Nos. No. GJH-21-1186, GJH-21-1185, and GJH-21-1184 shall be **CONSOLIDATED** ,with case No. GJH-1186 designated as the lead case;

2. In Case No. GJH-21-1186, the Motion to Dismiss, ECF No. 4, is **GRANTED**;

3. Case No. 21-1185 and Case No. 21-1184 shall be **DISMISSED**, *sua sponte*, for failure to designate the record under Rule 8009;

4. The Clerk **SHALL CLOSE** each case; and,

5. The Clerk **SHALL MAIL** a copy of this Order to Appellants.

Dated: <u>March 23, 2022</u>                                       /s/<u>                                        </u>
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge