IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

Gregory B. Myers

Case No. 15-26033-MCR
Chapter 7

Debtor.
_____/

## MOTION TO HOLD ROGER SCHLOSSBERG IN CONTEMPT

Gregory B. Myers ("Mr. Myers" or "Debtor"), *pro se*, hereby moves the Court find Roger Schlossberg, Chapter 7 Trustee for the bankruptcy estate of Gregory B. Myers (the "Trustee"), in contempt for willfully violating an order of this Court. In support hereof, Mr. Myers states as follows:

The purpose of civil contempt is to (1) coerce or compel compliance with a court order or (2) compensate an aggrieved party for violation of a court order. The Fourth Circuit recognizes the powers of the bankruptcy court to enforce civil contempt. See, e.g., *In re Walters*, 868 F.2d 665 (4th Cir. 1989).

On June 29, 2021, the United States Bankruptcy Court for the Middle District of Florida entered an *Order Sustaining Debtor's Objection to Proof of Claim 3 Filed by Brian King & Cristina King* [Case 2:21-bk-00123-FMD; Doc. 84] (the "Order Sustaining Objection to King Claim"), which states "[t]he claim of Brian King & Cristina King is disallowed in its entirety." The Order Sustaining Objection to King Claim is a final and unappealable order that is *res judicata* in this Court (and any other court) and bars any claims by the King Parties (or anyone in privity with the King Parties) against Mr. Myers.

On February 7, 2023, the Trustee filed a *Motion For Approval Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust*

1

(Doc. 1005) (the "Motion to Compromise"), together with a *Notice Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust* (Doc. 1005-1) (the "Notice of Proposed Compromise") (with the Motion to Compromise and Notice of Proposed Compromise hereinafter collectively referred to as the "Settlement Motion").[1]

The Notice of Proposed Compromise (Doc. 1005-1) states in pertinent part:

> The Trustee and the King Parties have agreed as follows:
>
> (1) The King Parties and the Trustee shall jointly file a stipulation in the King Case pursuant to which the King Parties will dismiss without prejudice their remaining claim against Serv Trust regarding the alleged redemption of Serv Trust's interest in Goldsboro ("the Redemption Claim").

On December 11, 2023, this Court entered an *Order Granting Motion For Approval Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust* (Doc. 1029) (the "Settlement Procedure Order").[2,3,4]

---

[1] This Court is divested of jurisdiction to consider the Settlement Motion because on December 5, 2019, the United States Bankruptcy Court for the District of Maryland (Simpson, J.) remanded both the King Case and the Goldsboro Case to the Circuit Court for Montgomery County, Maryland [Adversary No. 19-00427; Doc 5].

[2] No final judgment that disposes of all claims against all parties has been entered in King, et al. v. Serv Trust, et al., Case No. 436977-V (the "King Case"). See May 5, 2023, Order entered by the Appellate Court of Maryland in MDEC: ACM-REG-1876-2022 (Cir. Ct. Nos. 436977V & 451611V). It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. *See, e.g.*, *Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

[3] This Court is divested of jurisdiction to consider the Settlement Motion given the ongoing appeal currently pending in the United States Court of Appeals for the Fourth Circuit styled *Gregory B. Myers, et al. v. Offit Kurman, P.A., et al.*, USCA4 Appeal: 20-2309.

[4] The Settlement Procedure Order is currently on appeal in the United States District Court for the

The Settlement Procedure Order states in pertinent part:

> At this juncture, the Trustee is not seeking the approval of specific terms of a compromise with the King Parties. Rather, in light of the exceptional posture of these proceedings due to the entry of the Alter Ego Order, the Trustee is seeking authorization to negotiate with the King Parties to attempt a resolution of the Redemption Claim. *See In re Fairpoint Commun.., Inc.*, No. 09-16335(BRL), 2009 WL 10816988 (Bankr. S.D.N.Y Dec. 4, 2009) (approving a motion to establish settlement procedures and requiring further notice of the settlement of certain types of claims). **In exchange, the King Parties and the Trustee will dismiss without prejudice the remaining claims in the King Declaratory Judgment Complaint**, the Trustee will toll the statute(s) of limitation applicable to the Redemption Claim, and if negotiations are not successful, the King Parties will refile the Redemption Claim as an adversary proceeding in this Court within thirty (30) days of the date of entry of this Order.

(Emphasis supplied). However, in violation of the Settlement Procedure Order, the King Parties and the Trustee have **never** filed the required joint stipulation dismissing without prejudice the remaining claims in the King Case. [**Exhibit A**]. See, e.g., *Kiviti v. Bhatt*, No. 22-1216 (4th Cir. Sept. 14, 2023) ("The thing is, we don't allow parties to manufacture finality like this.").

The preclusion rules bar the splitting of a cause of action between a court of limited jurisdiction and one of general jurisdiction. *See, e.g., Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), holding:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the

---

District of Maryland, Case 8:23-cv-03511-DLB. The Settlement Procedure Order is both legally erroneous and ultra vires. For example, and without limitation, this Court has no authority or discretion to modify the claims bar date in Mr. Myer's Chapter 7 bankruptcy case (i.e., by ordering "the deadline for the King Parties to file a proof of claim against the bankruptcy estate is 30 days from the date on which this Order is entered"). *See* Fed. R. Bankr. P. 3002(c); Fed. R. Bankr. P. 9006(b)(3). *See also In re Aboody*, 223 B.R. 36 (B.A.P. 1st Cir. 1998) (excusable neglect standard is inapplicable to the filing of a proof of claim in a case under Chapter 7).

charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

(Emphasis supplied).[5]

## REQUEST FOR EVIDENTIARY HEARING

Mr. Myers hereby requests an evidentiary hearing in connection with the instant MOTION TO HOLD ROGER SCHLOSSBERG IN CONTEMPT.

**WHEREFORE**, Mr. Myers requests that this Court enter an order finding Roger Schlossberg in contempt and grant such other relief as the Court determines just and proper under the circumstances.[6]

**RESPECTFULLY SUBMITTED** on this 23rd day of April, 2024.

_____
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

---

[5] *See, e.g., Marrese v. American Academy of Ortho. Surgeons*, 470 U.S. 373, 105 S. Ct. 1327 (1985), discussing 28 U.S.C. § 1738.

[6] Judges abuse the power of the judicial office when they abbreviate or change critical aspects of the adversary process in ways that run counter to the scheme established by relevant constitutional and statutory law. *Oberholzer v. Comm'n on Judicial Performance*, 20 Cal.4th 371, 84 Cal.Rptr.2d 466, 975 P.2d 663, 679 (1999) (legal error "can constitute misconduct if it involves 'bad faith, bias, abuse of authority, disregard for fundamental rights, intentional disregard of the law or any purpose other than the faithful discharge of judicial duty' " (citing cases)); *In re Quirk*, 705 So.2d at 178 ("egregious legal error, legal error motivated by bad faith, and a continuing pattern of legal error" can also constitute misconduct). The record in this case creates a stark appearance of misconduct sufficient to support a finding that this Court has committed serious judicial misconduct by abusing power that is prejudicial to the effective and expeditious administration of the business of the courts. 28 U.S.C. § 351(a).

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April, 2024, a copy of the foregoing MOTION TO HOLD ROGER SCHLOSSBERG IN CONTEMPT was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

_____
Gregory B. Myers, *pro se*