Entered: June 20th, 2024
Signed: June 18th, 2024
**SO ORDERED**



MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| In re:<br><br>GREGORY B. MYERS,<br><br>Debtor. | Case Number: 15-26033-MCR<br>(Chapter 7) |

ORDER DENYING MOTION TO HOLD ROGER SCHLOSSBERG IN CONTEMPT

On April 23, 2024, the Debtor, Gregory B. Myers (the "Debtor") filed a Motion to Hold Roger Schlossberg in Contempt [Dkt. No. 1043] (the "Motion"). The Motion asserts that Roger Schlossberg, the Trustee appointed to administer the Debtor's bankruptcy estate (the "Trustee"), violated the terms of the Order Granting Motion for Approval of Proposed Compromise and Settlement with Brian King, Christina King, and the Kristina and Brian King Children's Trust entered in this case on December 11, 2023 [Dkt. No. 1029] [the "Settlement Procedure Order"). The Trustee filed an Opposition to the Motion on May 7, 2024 [Dkt. No. 1046] (the "Opposition"). The Court has considered the Motion and the Opposition and finds that a hearing would not aid the decisional process. *See* Md. L. Bankr. R. 9013-1(b).

By way of brief background, on February 7, 2023, the Trustee filed a Motion for Approval of Proposed Compromise and Settlement With Brian King, Cristina King, and the Cristina and Brian King Children's Trust [Dkt. No. 1005] (the "Settlement Procedure Motion"). The

Settlement Procedure Motion sought to establish a procedural mechanism for resolving litigation pending in state court between Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties"), Serv Trust, and the Trustee (who was named as a nominal defendant).  The Court granted the Settlement Procedure Motion over the Debtor's opposition upon entry of the Settlement Procedure Order on December 11, 2023.  The Settlement Procedure Order details the history of the litigation between the Debtor and the King Parties, and explains that the Trustee was not seeking approval of specific terms of a compromise with the King Parties.  Rather, the Trustee was seeking authorization to negotiate with the King Parties to attempt to resolve certain claims presented in the state court litigation.  In exchange, the King Parties and Trustee agreed to dismiss certain remaining claims in the state court litigation, without prejudice to refiling the claims as an adversary proceeding in connection with the Debtor's bankruptcy case if negotiations were not successful.  The Settlement Procedure Order gave the King Parties thirty (30) days to file the contemplated adversary proceeding and to file a proof of claim against the Debtor's bankruptcy estate.  The King Parties complied with this deadline by filing a Complaint for Declaratory Relief on January 10, 2024, thereby commencing Adversary Proceeding No. 24-00007-MCR (the "King Adversary"), and by filing Proof of Claim Nos. 21-1, 22-1, and 23-1 on January 10, 2024.

      The Debtor argues that the Trustee has violated the Settlement Procedure Order by failing to file the "required joint stipulation dismissing without prejudice the remaining claims" in the state court litigation.  The Trustee responds that the Debtor lacks standing to seek enforcement of the underlying agreement between the Trustee and the King Parties because the Debtor is not a party to the compromise and settlement.   The Trustee further argues that notwithstanding the Debtor's lack of standing, the Trustee and the King Parties have now filed a stipulation dismissing

(without prejudice) the King Parties' claim against Serv Trust in the state court litigation. Consequently, the Trustee asserts that the Motion is moot. A copy of the filed stipulation of dismissal (the "Stipulation of Dismissal") is attached as an exhibit to the Opposition and reflects a filing date of May 7, 2024.

The Court has reviewed the Settlement Procedure Order, the Motion, the Opposition, and the Stipulation of Dismissal. The Court finds that although the Settlement Procedure Order established a deadline by which the King Parties were required to file an adversary proceeding and proof of claim against the Debtor's bankruptcy estate, it did not set a deadline by which the Trustee and the King Parties were required to file the Stipulation of Dismissal in the state court litigation. Thus, the Trustee did not violate the terms of the Settlement Procedure Order. Moreover, the Court agrees with the Trustee that the Motion became moot upon the filing of the Stipulation of Dismissal. At this time, the Court is not determining whether the Debtor has standing to enforce the terms of the Settlement Procedure Order or standing to challenge any settlement motion for which the Trustee and the King Parties may subsequently seek approval because it is unknown whether the bankruptcy estate may be rendered solvent upon resolution of the King Adversary Proceeding. *See Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985).

Now therefore, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Motion is denied.

cc:  Debtor – Gregory B. Myers
  Chapter 7 Trustee – Roger Schlossberg
  Counsel for Chapter 7 Trustee – Frank J. Mastro
  U.S. Trustee
  Party in interest – Barbara Ann Kelly
  Party in interest – Laurin H. Mills
  All other parties in interest

**END OF ORDER**