IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

Gregory B. Myers

        Debtor.

_____/

Case No.  15-26033-MCR
Chapter 7

**OBJECTION TO CLAIM 23-1 FILED BY CRISTINA AND BRIAN KING CHILDREN'S TRUST, NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Debtor, Gregory B. Myers ("Mr. Myers" or "Debtor"), *pro se*, pursuant to 11 U.S.C. § 502(a), objects to Claim 23-1 filed by Cristina and Brian King Children's Trust (Claim 23-1), and in support thereof states:

1. Debtor commenced this case by filing a bankruptcy petition on November 18, 2015 (the "Petition Date").

2. On January 10, 2024, Cristina and Brian King Children's Trust filed a Proof of Claim (Claim 23-1) in the amount of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable and statutory claim, as set forth in Case No. 24-00007". Claim 23-1 was submitted "under penalty of perjury" by Maurice B. VerStandig, Esquire and The VerStandig Law Firm, LLC.

3. Claim 23-1 lacks attachments or factual support. For example, Claim 23-1 fails to attach a copy of the referenced "Case" and fails to attach redacted copies of any other documents supporting Claim 23-1 as required by Bankruptcy Rule 3001(c).

4. Claim 23-1 is a fraudulent attempt to create a monetary connection between Serv Trust and Mr. Myers's Chapter 7 bankruptcy estate where there is none. *See, e.g., In re Anderson*, 377 B.R. 865 (2007).

1

5. Claim 23-1 is counterfactual and legally meritless for the reasons set forth in **Exhibits A, B, C, D, E** and **F**, which are incorporated herein by reference and made a part hereof for all relevant purposes.

6. Claim 23-1 is invalid on its face because it is time barred by 11 U.S.C. §502 and Rule 3002 of the Federal Rules of Bankruptcy Procedure. See *In re Stone*, 473 B.R. 465 (Bankr. M.D. Fla. 2012). Further, the Court has no authority or discretion to modify the claims bar date in Mr. Myer's Chapter 7 bankruptcy case (i.e., by ordering "the deadline for the King Parties to file a proof of claim against the bankruptcy estate is 30 days from the date on which this Order is entered" or January 10, 2024). *See* Fed. R. Bankr. P. 3002(c); Fed. R. Bankr. P. 9006(b)(3). *See also In re Aboody*, 223 B.R. 36 (B.A.P. 1st Cir. 1998) (excusable neglect standard is inapplicable to the filing of a proof of claim in a case under Chapter 7).

7. Accordingly, Claim 23-1 should be disallowed in its entirety.

### **RESERVATION OF RIGHTS**

8. Nothing herein shall be construed as an admission that Debtor was or is indebted to Cristina and Brian King Children's Trust or that any of the claims or amounts asserted in Claim 23-1 are valid. Debtor reserves the right to amend or supplement this Objection if Debtor deems it necessary and appropriate, for any reason, including, without limitation, the right to add documents and assert claims or defenses, at law or in equity, arising prior to, on, or after the Petition Date.

9. Debtor does not waive any rights at law or equity or any rights or causes of action that Debtor has or may have against any person, including but not limited to Cristina and Brian King Children's Trust, that (i) affect or seek to affect in any way the rights or interests of the Debtor or any other party in interest in this case, including (a) property of the Debtor or the Debtor's estate, or proceeds thereof, (b) claims against or interests in the Debtor, (c) other rights

or interests of creditors of the Debtor or other parties in interest in this case, or (d) property or proceeds thereof in the possession, custody, or control of Cristina and Brian King Children's Trust or other parties in interest in this case in which the Debtor possesses a legal right of user or other rights, whether known or unknown, future or contingent, express or implied; or (ii) requires or prohibits, or seeks to require or prohibit, any act, delivery of any property, payment or other conduct by the Debtor or any other party in interest. Debtor further reserves any rights to recoupment and setoff, and, if appropriate, may exercise such rights without further order of the Court and without amending this Objection.

10. This Objection is not intended to be, and shall not be construed as, an election of remedies; a waiver of any claims or defenses; or an admission as to the jurisdiction of this Court and/or a waiver to contest the jurisdiction of this Court. Neither this Objection nor any pleading, claim, or suit shall waive any right of Debtor (i) to have final orders in non-core matters entered only after de novo review by a higher court, (ii) to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case, (iii) to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs or recoupments, under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

### REQUEST FOR EVIDENTIARY HEARING

11. Debtor requests that the Court schedule an evidentiary hearing on Claim 23-1 and Debtor demands strict proof on the substance and merits of Claim 23-1.

**WHEREFORE**, for the reasons set forth above, Debtor Gregory B. Myers requests that the Court enter an order sustaining Debtor's Objection to Claim 23-1, disallowing Claim 23-1 in its entirety, and grant such other and further relief as this action may require.[1]

**NOTICE TO CLAIMANT CRISTINA AND BRIAN KING CHILDREN'S TRUST**

**Please take notice that:**

**WITHIN 30 DAYS AFTER THE DATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM. AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD AT THE COURT'S DISCRETION.**

**RESPECTFULLY SUBMITTED** on this 6th day of May, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

---

[1] Judges abuse the power of the judicial office when they abbreviate or change critical aspects of the adversary process in ways that run counter to the scheme established by relevant constitutional and statutory law. *Oberholzer v. Comm'n on Judicial Performance*, 20 Cal.4th 371, 84 Cal.Rptr.2d 466, 975 P.2d 663, 679 (1999) (legal error "can constitute misconduct if it involves 'bad faith, bias, abuse of authority, disregard for fundamental rights, intentional disregard of the law or any purpose other than the faithful discharge of judicial duty'" (citing cases)); *In re Quirk*, 705 So.2d at 178 ("egregious legal error, legal error motivated by bad faith, and a continuing pattern of legal error" can also constitute misconduct). The record in this case creates a stark appearance of misconduct sufficient to support a finding that this Court has committed serious judicial misconduct by abusing power that is prejudicial to the effective and expeditious administration of the business of the courts. 28 U.S.C. § 351(a).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2025, a copy of the foregoing was furnished via first class U.S. Mail, postage prepaid to the following parties:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

                                                      Gregory B. Myers