# Exhibit D



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,

    Debtor.
_____/

Case No. 15-26033-MCR
(Chapter 7)

BRIAN KING, et al.,

    Plaintiffs,

v.

Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.
_____/

**SUPPLEMENT TO GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND *SETTLEMENT* WITH KING PLAINTIFFS**

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, files this supplement (the "Supplement") to his preliminary objection (the "Objection") to the *Trustee's Motion For Approval Of Proposed Compromise And Settlement With King Plaintiffs* (Doc. 17) (the "Motion"), and states:[1]

Attached hereto as **Exhibit H** is a copy of the certified transcript of the hearing held in Montgomery County Circuit Court (Lease, J) on December 16, 2022 (the "Hearing Transcript"), in the case of *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Case") and the case of *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. 436977-V (the "Goldsboro Case") (the

---

[1] Mr. Myers adopts and incorporates the totality of his Objection herein by reference.

1

26

"King Case" and "Goldsboro Case" having been consolidated for administrative purposes, and referred to herein collectively as the "State Court Litigation").

The December 16, 2022, hearing transcript (the "Hearing Transcript") states in pertinent part as follows:

> THE COURT: All right, so Mr. Myers is here in the court. And the matters against Mr. Myers have been stayed, in that the matters proceeding to trial in January are the matters against Serv Trust in this case. So Mr. Myers is a party to the case, but his matters have been stayed at this point in time. ***
> ***
> MR. MYERS: May I speak, Your Honor?
> THE COURT: I will let you speak but remember **the matters against you are stayed in this case**.
> MR. MYERS: Your Honor, you used the word matters. The order from the bankruptcy court specifically says the automatic stay shall remain in effect and is not lifted as to any claims against Myers, the debtor. I am a defendant in both of the King party claims. They're not separately against Serv Trust. We're both named as defendants --
> THE COURT: **Right**, and the cases --
> MR. MYERS: -- so the claim can't proceed because I would have liability. If they prevail, I have liability, and the last sentence in the order says but not for any purposes which could impose individual liability upon the debtor.
> THE COURT: **Okay**.
> MR. MYERS: If King parties prevail in either of their two counts, I have potential liability, individual liability. And if --
> THE COURT: **Well, they would have to then...prove those counts against you in a separate trial** and the matter would not be, there would not be any collateral estoppel or res judicata, because you did not participate in the case as a party. **You were stayed and out of the case**, so any --
> MR. MYERS: There would still be a ruling that would impose liability upon me.
> THE COURT: **There would not be a ruling that would impose liability on you**. There would be a ruling that would potentially impose liability on Serv Trust. However, **these plaintiffs would have to, if they wanted to proceed against you, would be required to try that matter again separately**, and there would not be any res judicata or collateral estoppel issues, **because you were not a party to that case...at that time because, well, you were stayed, so you were not considered a party**.
> ***
> THE COURT: I understand you filed some motions. **Those motions are not ripe or at issue at this time**, because --
> MR. MYERS: Subject matter can be raised at any time, right?
> THE COURT: It can be, but you --
> MR. MYERS: Well, I'm raising it right now.

2

THE COURT: Well, you've raised it in a motion. These folks over here have an opportunity to read any motion that you file and respond to it, **before the Court makes a ruling**. \*\*\*
\*\*\*
THE COURT: **And again, the matters against you in this case have been stayed. Very clear with the parties here** --
MR. MYERS: I don't know what you mean by the matters.
THE COURT: All claims against you in this case are stayed. There's no --
MR. MYERS: Well, they can't be, because the claims are going forward.
THE COURT: Claims are going forward against Serv Trust, **and Serv Trust is a different** --
MR. MYERS: Well, then they would have to amend their complaint.
THE COURT: No, they would not. We can break out the fact that this case is going, and it is, **you know**, not the most efficient use of resources, **because to the extent that they want to come back subsequently, depending on what happens in the bankruptcy, and seek these claims against you, they're going to be required to retry that case against you, without the benefit of anything that occurred in the case against Serv Trust.**
\*\*\*
THE COURT: What I'm saying is that collateral estoppel, res judicata would not apply to you. **Given the fact that you're not a party at this time because of the stay**, that you did not have...a meaningful opportunity to participate in the trial, and as such the doctrines of collateral estoppel and res judicata would not apply. And so that **when you go to trial, if you go trial**, depending, I don't know what's going to happen in your [Florida] bankruptcy, **but if these claims survive the bankruptcy and come into court, then they'll have to try them all over again**.
\*\*\*
THE COURT: I don't know if these claims...would be discharged in the, I'm not familiar with your bankruptcy. I don't know what it's about. I know there's a stay, but in bankruptcy oftentimes claims can be discharged, claims can be reduced, claims can be settled.
MR. MYERS: There are no, they, the King parties, it's already been ruled they have no claims against me.2
THE COURT: **Okay**. \*\*\*
\*\*\*

---

[2] On June 29, 2021, the Florida bankruptcy court entered an *Order Sustaining Debtor's Objection to Proof of Claim 3 Filed by Brian King & Cristina King [Doc. No. 84]* (2:21-bk-00123-FMD; Doc. 108) (the "Order Sustaining Objection to the King Parties' POC"), which **ORDERED:**
    1. **The Objection to Proof of Claim 3 filed is SUSTAINED.**
    2. **The claim of Brian King & Cristina King is disallowed in its entirety**.
A copy of the Order Sustaining Objection to the King Parties' POC is attached hereto as **Exhibit 1** and made a part hereof. The Order Sustaining Objection to the King Parties' POC is now a final and unappealable order that is *res judicata* in this case and any other case or proceeding implicating Mr. Myers's rights (including the State Court Litigation), which requires that the instant adversary proceeding be immediately dismissed with prejudice.

3

THE COURT: Well, one is **you're not a live party in this case right now**.
\*\*\*
THE COURT: Sir, you don't have standing, given the fact that the matters against you are stayed. \*\*\*
THE COURT: Well, it makes you a non-party...for the purpose of the upcoming trial, **because the upcoming trial does not involve you**.
MR. MYERS: It does involve me.
THE COURT: **It does not**.

(Alterations and emphasis supplied). See *Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, **would be incongruous and illegal**."). (Emphasis supplied). "If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. **And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law**." *Id.* (Emphasis supplied).

It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. *See, e.g., Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) **(recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties")**.

4

The Trustee's Settlement Motion stemming from the King Parties' bogus Adversary Proceeding (No. 24-00007) is a sham, **a fraud on the Court**. See *In re Anderson*, 377 B.R. 865 (2007), holding:

> "[T]he Chapter 7 Trustee's settlement with the owners of the other undivided one-half interest in the property cannot be approved, for, as already discussed, that settlement contemplates the Chapter 7 Trustee conveying to those owners an interest in the property that the bankruptcy estate [never owned]. **The bankruptcy estate's receipt of consideration from the Defendants under such circumstances would be tantamount to fraud and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner.**"

(Emphasis supplied).[3] See also *Eigen v. Washington County Bldg. Loan Ass'n*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land Water Co. v. Robinson*, 154 Cal. 36, 97 P. 10, 14."). Id. at 418.

Here, **this Court** "knew of the fraudulent scheme and willfully aided in its execution" by entering the December 11, 2023, Order (Case 15-26033; Doc 1029) (the "Settlement Procedure Motion"), thereby facilitating **"the mechanism"** by which the Trustee and the King Parties are now seeking to **defraud** Mr. Myers and Serv Trust.

---

[3] On December 18, 2018, **The Honorable Anne K. Albright** found that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), concluding that Mr. King's actions "**would amount to constructive fraud.**".

The Trustee has the burden of proof on the Settlement Motion, and Mr. Myers intends to show at an evidentiary hearing on the Settlement Motion that the Trustee cannot meet that burden. Accordingly, the Trustee's Settlement Motion should be denied.[4]

### REQUEST FOR EVIDENTIARY HEARING

Mr. Myers demands that the Court schedule a full evidentiary hearing on the Trustee's Settlement Motion and demands **strict proof** on the substance and merits of the Trustee's Settlement Motion.

RESPECTFULLY SUBMITTED on this 4th day of February, 2025.

*[signature]*

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

---

[4] Mr. Myers reserves all of his rights, claims and defenses, including his rights under the **Federal Tort Claims Act** (FTCA) which allows for private parties to sue the United States in federal court for torts committed by persons acting on behalf of the government. **28 U.S.C. § 2674**.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2025, a copy of the foregoing Supplement was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

*/s/*
Gregory B. Myers, *pro se*