Entered: December 11th, 2023
Signed: December 10th, 2023

**SO ORDERED**



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## at Greenbelt

In re:

GREGORY B. MYERS,

      Debtor.

Case Number:  15-26033-MCR
(Chapter 7)

### ORDER GRANTING MOTION FOR APPROVAL OF PROPOSED
### COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA
### KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST

Before the Court is the Motion for Approval of Proposed Compromise and Settlement With Brian King, Cristina King, and the Cristina and Brian King Children's Trust [Dkt. No. 1005] (the "Settlement Procedure Motion") filed on February 7, 2023 by Roger Schlossberg, the Chapter 7 trustee (the "Trustee") appointed to administer the Chapter 7 bankruptcy estate of Gregory B. Myers (the "Debtor").  The Settlement Procedure Motion seeks to establish a procedural mechanism for resolving litigation pending in state court among Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties"), Serv Trust, and the Trustee (who was named as a nominal defendant).  In the event that the Trustee and the King Parties reach a resolution of their dispute, then the Trustee will file a motion seeking approval of the settlement and all parties in interest will be given notice and an opportunity to be heard.

On February 28, 2023, the Debtor filed a Motion to Dismiss or Strike the Settlement Motion or, in the Alternative, Opposition to the Settlement Motion [Dkt. No. 1010] (the "Motion to Strike").  On March 14, 2023, the Trustee filed an opposition to the Motion to Strike [Dkt. No. 1013], and on July 21, 2023, the Debtor filed a reply in support of the Motion to Strike [Dkt. No. 1020].  The Court has reviewed all of the pleadings and finds that a hearing would not aid the decisional process.

For the following reasons, the Settlement Procedure Motion is granted.

## I.    UNDISPUTED FACTS

The material facts are undisputed.  Some of the facts are set forth in the Memorandum Opinion issued by this Court on September 28, 2018 [Adv. No. 17-00193, Dkt. No. 94], which was entered in conjunction with an Order Entering Judgment [Adv. No. 17-00193, Dkt. No. 95] through which the Debtor was denied a discharge under Sections 727(a)(3), 727(a)(4)(A), 727(a)(4)(B), and 727(a)(5) of the United States Bankruptcy Code (the "Bankruptcy Code").[1]  The remainder of the facts are established by the record in this bankruptcy case, two related adversary proceedings, and two state court cases, as set forth in more detail below.[2]

---

[1] All statutory references shall be to the Bankruptcy Code unless otherwise stated.

[2] The Court may take judicial notice of docket entries, pleadings, and papers filed in other cases.  *In re Marriott Intl., Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 96, 133 (D. Md. 2021), *aff'd sub nom. In re Marriott Intl., Inc.*, 31 F.4th 898 (4th Cir. 2022); *Brown v. Ocwen Loan Servicing, LLC*, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 Fed. App'x 200 (4th Cir. 2016).  The Court may also take judicial notice of "prior litigation between the same parties where the two cases represent related litigation." *White v. Harris*, 23 F. Supp. 2d 611, 614 (D. Md. 1998) (citing *United States Fidelity & Guar. Co. v. Lawrenson*, 334 F.2d 464, 467 (4th Cir.), cert. denied, 379 U.S. 869 (1964)); *see also Cason v. Holder*, 815 F. Supp. 2d 918, 922 (D. Md. 2011), *aff'd*, 464 Fed. App'x 131 (4th Cir. 2012) (unpublished) ("This Court can take judicial notice of its own records in another case … where the two cases represent related litigation.") (citations omitted) and *In re Modanlo*, 342 B.R. 238, 241 (D. Md. 2006) ("Moreover, the Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records.") (quoting *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 (4th Cir. 1990)).

On November 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 in this Court. The Debtor's initial Schedule D filed on December 16, 2015 [Dkt. No. 19] listed an entity named Serv Trust as having a claim in the amount of $151,500.00 secured by property known as Lot 6 Seaside 14 Subdivision, Santa Rosa Beach, FL 32459 ("Lot 6"). Serv Trust is a trust that was created by the Debtor's mother for the benefit of the Debtor's children. The Debtor is or was a co-trustee of Serv Trust.

The Debtor testified at his continued meeting of creditors on February 1, 2016 that Serv Trust has a 50% interest in a Maryland limited liability company named 6789 Goldsboro LLC ("Goldsboro LLC"), the sole asset of which is a parcel of residential real property located in Montgomery County, Maryland (the "Goldsboro Property"). The Debtor did not disclose the other 50% owner of Goldsboro LLC at his continued 341 meeting of creditors but testified that the unnamed owner paid the entire purchase price for the Goldsboro Property and made capital contributions into Goldsboro LLC, which funds could be loaned to Serv Trust and used for the beneficiaries of Serv Trust.

On October 25, 2016, while the Debtor's bankruptcy case was proceeding under Chapter 11, the Court entered an order authorizing the Debtor to sell Lot 6 [Dkt. No. 175]. The net proceeds generated from the sale of Lot 6 totaled $1,238,598.91 (the "Lot 6 Sale Proceeds"), which proceeds were subject to various disputed secured claims and liens, including a purported lien in favor of Serv Trust in the amount of $951,803.96 (which is significantly higher than the secured claim set forth in the Debtor's initial Schedule D).

On November 19, 2016, Offit Kurman, P.A. commenced an adversary proceeding against Serv Trust [Adv. No. 16-00541] (the "Serv Trust Adversary Proceeding") seeking to determine the priority and extent of Serv Trust's asserted lien against the Lot 6 Sale Proceeds.

On January 27, 2017, Goldsboro LLC filed a Motion for Enlargement of Time to File Proof of Claim in the Debtor's bankruptcy case [Dkt. No. 279].  On January 31, 2017, the Debtor filed a Second Amended Schedule E/F [Dkt. No. 283], which listed, for the first time, Goldsboro LLC as having an unsecured, nonpriority claim against the Debtor in the amount of $476,395.83.  On February 3, 2017, Goldsboro LLC filed a proof of claim [Claim No. 17-1] in the Debtor's case asserting a general unsecured claim in the amount of $476,395.83 based on a "Guaranty."

On February 3, 2017, Serv Trust, through its former counsel, filed a line which, among other things consented to the relief requested in the Serv Trust Adversary Proceeding in this Court [Adv. No. 16-00541, Dkt. No. 43].  Three days later, the Court entered a judgment which avoided Serv Trust's asserted lien against the Lot 6 Sale Proceeds as if such lien never existed and disallowed any scheduled or filed claim of Serv Trust in the Debtor's bankruptcy case [Adv. No. 16-00541, Dkt. No. 43].

On February 22, 2017, after an evidentiary hearing, the Court entered an order granting the motion of the United States Trustee to convert the Debtor's case from Chapter 11 to Chapter 7 [Dkt. No. 316].  The Trustee was appointed immediately upon conversion.

On September 14, 2017, the King Parties filed a Complaint for Declaratory Judgment (the "King Declaratory Judgment Complaint") against Serv Trust in the Circuit Court for Montgomery County, Maryland (the "State Court") in the case styled *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Declaratory Judgment Case").  The King Declaratory Judgment Complaint sought, among other things, (i) a judgment declaring that the King Parties could direct Goldsboro LLC to redeem the interest of Serv Trust in Goldsboro LLC in exchange for previous consideration paid based on an appraisal conducted of the Goldsboro Property pursuant to the Operating

Agreement governing Goldsboro LLC, and (ii) a judgment declaring that Serv Trust's interest in Goldsboro LLC has been redeemed.[3]

On January 24, 2018, Goldsboro LLC filed a Complaint (the "Goldsboro Breach of Contract Complaint") against Serv Trust in the Circuit Court for Garrett County, Maryland in the case styled *6789 Goldsboro LLC v. Serv Trust, et al*., Case No. C-11-CV-18-000018.  The Goldsboro Breach of Contract Complaint asserted claims for breach of a promissory note and promissory estoppel.[4]  The Circuit Court for Garrett County, Maryland transferred the case to the State Court on July 24, 2018, and the State Court assigned Case No. 451611-V to the case and consolidated it with the King Declaratory Judgment Case (collectively, the "State Court Case").

On February 5, 2018, the Debtor and his wife, Barbara Ann Kelly, filed a joint motion to vacate the judgment entered in the Serv Trust Adversary Proceeding [Adv. No. 16-00541, Dkt. No. 46] (the "Motion to Vacate").  On February 14, 2018, the Debtor and Ms. Kelly filed a joint motion to reopen the Serv Trust Adversary Proceeding [Adv. No. 16-00541, Dkt. No. 51] (the "Motion to Reopen").  Offit Kurman, P.A. and the Trustee filed oppositions to the Motion to Vacate [Adv. No. 16-00541, Dkt. Nos. 56 and 61], and the Trustee filed an opposition to the Motion to Reopen [Adv. No. 16-00541, Dkt. No. 63].  The Court held a hearing to consider the Motion to Vacate, the Motion to Reopen, and related oppositions on July 30, 2018, at which it denied both motions.  On August 3, 2018, the Court entered orders consistent with its ruling [Adv. No. 16-00541, Dkt. Nos. 73 and 74].  The Debtor and Ms. Kelly appealed the orders to the United States District Court for the District of Maryland (the "District Court").  *See* Case No. 8:18-cv-

---

[3] A copy of the King Declaratory Judgment Complaint appears at Adv. No. 18-00407, Dkt. No. 4, Exhibit A.

[4] A copy of the Goldsboro Breach of Contract Complaint appears at Adv. No. 18-00407, Dkt. No. 4, Exhibit B.

02536-PX.  On November 12, 2020, the District Court entered an order dismissing the appeal based on the Debtor and Kelly's failure to comply with filing requirements [Case No. 8:18-cv-02536-PX, Dkt. No. 49].  The Debtor and Ms. Kelly appealed the District Court's dismissal of the appeal to the United States Court of Appeals for the Fourth Circuit where it remains pending.  *See* Case No. 20-02309.

On October 29, 2018, Goldsboro LLC filed a Complaint for Declaratory Judgment against the Debtor, Serv Trust, and the Trustee (the "Goldsboro Declaratory Judgment Complaint") thereby commencing an adversary proceeding in this Court against Serv Trust [Adv. No. 18-00407] (the "Goldsboro Adversary Proceeding").   The Goldsboro Declaratory Judgment Complaint alleged that the King Parties collectively are the other owner of Goldsboro LLC, exercised their right to redeem Serv Trust's interest in Goldsboro LLC, and filed a declaratory judgment action in the State Court in connection therewith (this being the King Declaratory Judgment Complaint filed in the State Court).  The Goldsboro Declaratory Judgment Complaint sought a judgment from this Court declaring that Serv Trust is the alter ego of the Debtor and that the assets and liabilities of Serv Trust are assets and liabilities of the Debtor subject to administration by the Trustee.  Goldsboro LLC also requested an order from this Court staying the State Court Case based on Goldsboro's LLC assertion that Serv Trust is the alter ego of the Debtor.

On January 30, 2019, the Court entered an order abstaining from exercising jurisdiction over the claims asserted in the Goldsboro Adversary Proceeding [Adv. No. 18-00407, Dkt. No. 28] (the "Abstention Order").  The Abstention Order determined that the State Court could determine whether Serv Trust is the alter ego of the Debtor in connection with the State Court Case, and if such a determination was made, then the parties to the State Court Case could come back to this Court to determine a course of action.  On the other hand, if the State Court determined

that Serv Trust is not the alter ego of the Debtor, then the State Court Case would have little impact on the Debtor's bankruptcy case and there would be no basis for the Court to exercise jurisdiction over the Goldsboro Adversary Proceeding. The Abstention Order also stated that the State Court could determine whether the automatic stay of Section 362(a) applies to the State Court Case.

After entry of the Abstention Order, the King Parties filed an amended complaint in the King Declaratory Judgment Case to include a request for declaratory judgment that Serv Trust is the alter ego of the Debtor.

On November 13, 2019, Maurice VerStandig, a named defendant to a counter-complaint and third-party complaint filed by the Debtor in the State Court Case, filed a notice of removal of the State Court Case, thereby removing the matter to this Court [Adv. No. 19-00427, Dkt. No. 1]. On December 3, 2019, the Debtor filed a notice voluntarily dismissing the counter-complaint and third-party complaint in the removed adversary proceeding [Adv. No. 19-00427, Dkt. No. 4]. On December 5, 2019, the Court entered an order remanding the case back to the State Court based on the Debtor's dismissal of the counter-complaint and third-party complaint and the Court's prior Abstention Order [Adv. No. 19-00427, Dkt. No. 5].

On April 20, 2021, the Trustee filed a status report [Dkt. No. 930] in this case detailing how the Lot 6 proceeds were distributed and/or earmarked for future distribution, detailing other assets of the bankruptcy estate, and describing the proofs of claim filed in this case. The status report indicates that the Debtor's bankruptcy estate is insolvent. The Court notes that the Trustee has incurred significantly more legal fees since the filing of the status report.

The State Court Case proceeded to trial on January 3, 2023, at which the State Court determined that Serv Trust is the alter ego of the Debtor. The State Court reduced its oral ruling from the January 3, 2023 trial to a written order entered on January 12, 2023 (the "Alter Ego

Order").[5]  The Alter Ego Order determined that "Serv Trust is, and as of November 18, 2015 was, the alter ego of [the Debtor], pursuant to Maryland law" and further determined that "Serv Trust is a disregarded entity, being the alter ego of [the Debtor]" and therefore, "all further proceedings in this case are stayed pursuant to the provisions of Section 362 of Title 11 of the United States Code" pending the removal of the State Court Case to this Court, the granting of relief from stay, or the occurrence of other events terminating the automatic stay.  Alter Ego Order at p. 2.

On January 23, 2023, shortly after entry of the Alter Ego Order, the Firm entered its appearance in the State Court Case on behalf of Serv Trust and filed a Motion for a New Trial or to Vacate, Alter, or Amend Judgment (the "Post-Trial Motion") on behalf of Serv Trust.[6]  The Post-Trial Motion states that the Firm was retained on January 20, 2023.  The Trustee filed a line in the State Court Case purporting to withdraw the Post-Trial Motion, to which the Firm filed a motion to strike on behalf of Serv Trust.  On February 27, 2023, the State Court held a hearing to consider the Post-Trial Motion, the Trustee's line, and Serv Trust's motion to strike the Trustee's line.

On April 17, 2023, the State Court issued an oral ruling at which it denied the Post-Trial Motion and granted Serv Trust's motion to strike the Trustee's line.[7]  In its oral ruling, the State Court explained that it has jurisdiction to consider the Post-Trial Motion because it has "authority under the Maryland Rules to control its judgments that are non-final."  Transcript at p. 6.  On

---

[5] A copy of the State Court's Alter Ego Order appears at Dkt. No. 1004 (Motion for Sanctions), Exhibit 1.

[6] Copies of the Firm's Notice of Appearance and Post-Trial Motion appear at Dkt. No. 1004 (Motion for Sanctions), Exhibits 2 and 3, respectively.

[7] A copy of the transcript of the State Court's oral ruling appears at Dkt. No. 1015 (Opposition to Motion for Sanctions), Exhibit B.

April 18, 2023, the State Court reduced its oral ruling to a written order denying the Post-Trial Motion and granting the motion to strike.[8]

The Debtor noted an appeal of the order denying the Post-Trial Motion and filed an emergency motion for a stay pending the outcome of the appeal.  On May 5, 2023, the Appellate Court of Maryland entered an order denying the Debtor's motion for stay pending appeal.[9]  The order gave the Debtor 20 days to show cause why the appeal should not be dismissed because it is an appeal of a nonfinal order.  On May 25, 2023, the Debtor voluntarily dismissed his appeal of the order denying the Post-Trial Motion.

## II.    THE SETTLEMENT PROCEDURE MOTION AND RELATED FILINGS

The Trustee maintains that, based on the Alter Ego Order, all claims against Serv Trust must be construed as claims against the Debtor's bankruptcy estate.  Similarly, the Trustee maintains that entry of the Alter Ego Order vested all of Serv Trust's assets in the Debtor's bankruptcy estate pursuant to Section 541(a), with those assets subject to administration by the Trustee as the legal representative of the bankruptcy estate under Section 323(a).  As such, the Trustee filed the Settlement Procedure Motion seeking the opportunity to settle the remaining claims presented in the King Declaratory Judgment Complaint regarding the asserted redemption of Serv Trust's interest in Goldsboro LLC.  The Trustee believes it is unlikely that the King Declaratory Judgment Case can be removed to this Court because any removal would be untimely under Bankruptcy Rule 9027(a)(3).  Accordingly, in lieu of removal, the Trustee and the King Parties have agreed to the following terms:

---

[8] A copy of the State Court's order denying the Post-Trial Motion appears at <u>Dkt. No. 1015</u> (Opposition to Motion for Sanctions), Exhibit C.

[9] A copy of the Appellate Court's order denying the Debtor's motion for stay pending appeal appears at <u>Dkt. No. 1016</u> (Supplemental Opposition to Motion for Sanctions), Exhibit B.

(1)     The King Parties and the Trustee shall jointly file a stipulation in the King Declaratory Judgment Case pursuant to which the King Parties will dismiss without prejudice their remaining claim against Serv Trust regarding the alleged redemption of Serv Trust's interest in Goldsboro LLC (the "Redemption Claim");

(2)     In consideration of the foregoing dismissal, the Trustee agrees to toll the statute(s) of limitation applicable to the Redemption Claim *nunc pro tunc* to September 14, 2017, the date the King Declaratory Judgment Case was filed in the State Court; and

(3)     The King Parties and the Trustee further agree to endeavor in good faith to negotiate a resolution to the Redemption Claim, and if negotiations are not successful, the King Parties shall refile the Redemption Claim as an adversary proceeding in this Court within thirty (30) days after the entry of an order approving this settlement.

The Trustee avers that in the sound exercise of his judgment, the proposed settlement procedures are in the best interest of the bankruptcy estate and all interested parties herein. The Trustee states that the proposed procedures afford him time to become familiar with the Redemption Claim and to potentially negotiate a resolution of the same, which could yield significant income for the bankruptcy estate. In the event a resolution is not reached, the Trustee states that the Redemption Claim will be litigated in this Court, which is the bankruptcy estate's preferred forum.

The Debtor's Motion to Strike presents numerous arguments in opposition to the Settlement Procedure Motion and is being treated as an opposition to the Settlement Procedure Motion by the Court. Those arguments are:

➢     The relief sought in the Settlement Procedure Motion requires an adversary proceeding because it seeks to recover money or property and seeks equitable relief, and Serv Trust's beneficiaries are required to be joined as defendants;

➢     The Settlement Procedure Motion is not a core proceeding and the Debtor does not consent to entry of any final order by this Court;

➢     The Court is divested of jurisdiction to consider the Settlement Procedure Motion because of the ongoing appeal of the Serv Trust Adversary Proceeding, which remains pending in the United States Court of Appeals for the Fourth Circuit;

➢ The Trustee is using the Settlement Procedure Motion to "commit a crime (*i.e.*, theft of Serv Trust's property)" and that the Trustee will consummate a settlement before Serv Trust can obtain a stay of "the bogus 9019 Order;"

➢ The Settlement Procedure Motion is seeking an advisory opinion because there is no justiciable controversy or cause of action affecting the bankruptcy estate and therefore, nothing for the Trustee to settle;

➢ The King Parties are not "parties in interest" and, therefore, lack standing to participate in this case;

➢ The State Court lacked subject matter jurisdiction to enter the Alter Ego Order because the King Parties never obtained leave from this Court to sue the Trustee as required by *Barton v. Barbour*, 104 U.S. 126, 127 (1881);

➢ The Trustee is mischaracterizing the Alter Ego Order in that the State Court did not enter a proposed order submitted by the King Parties that explicitly stated that Serv Trust's assets now belong to the Debtor's bankruptcy estate subject to the Trustee's control;

➢ The Alter Ego Order is not a final judgment and, therefore, has no force or effect pursuant to Maryland Rule 2-602;

➢ The Trustee has no authority under the Bankruptcy Code or any applicable non-bankruptcy law to "tortiously interfere with Serv Trust's property and legal rights" because Serv Trust is not a debtor in bankruptcy, the Debtor is not a settlor or beneficiary of Serv Trust, and Serv Trust and did not file a proof of claim in the Debtor's bankruptcy case;

➢ The Order Sustaining the Debtor's Objection to Proof of Claim No. 3 Filed by Brian King and Cristina King in the Debtor's bankruptcy case filed in the United States Bankruptcy Court for the Middle District of Florida is "res judicata" as to any claim the King Parties might have against the Debtor;

➢ The State Court erroneously ruled that the automatic stay of Section 362(a) applies to the remaining causes of action in the State Court Case because the automatic stay was terminated in the Debtor's bankruptcy case in 2018 and only this Court has the authority to reimpose the automatic stay; and

➢ The Settlement Procedure Motion is not a proper exercise of the Trustee's business judgment and falls below the lowest point in the range of reasonableness because it is fraudulent.

In addition to these arguments, the Debtor requests that the Trustee be ordered to show cause why sanctions should not be imposed against him for filing the Settlement Procedure Motion based on the Debtor's assertion that the Settlement Procedure Motion is frivolous.

The Trustee filed an Opposition to the Motion to Strike in which he argues that the Debtor lacks standing to object to the Settlement Procedure Motion under *Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985), because the bankruptcy estate is insolvent and the Debtor has no pecuniary interest in any settlement ultimately reached.  The Trustee reiterates that the Settlement Procedure Motion involves a procedural matter related to a pending (albeit stayed) state court declaratory judgment claim concerning the Redemption Claim.   The Trustee asserts that the Debtor's bankruptcy estate is insolvent (*see* Status Report at Dkt. No. 930) and continues to hemorrhage attorney's fees based on the Debtor's continuing bad-faith litigation tactics as described in several District Court cases involving the Debtor.  The Trustee maintains that there is no possibility that the Debtor's bankruptcy estate will be rendered solvent under any set of circumstances.  Therefore, the Debtor lacks standing to object to the Settlement Procedure Motion because he lacks a pecuniary interest in the outcome of any achieved settlement.

The Debtor filed a reply in support of the Motion to Strike the Settlement Procedure Motion, stating that the Court previously determined that the Debtor has standing in connection with matters involving Serv Trust in the orders denying the Motion to Vacate and the Motion to Reopen that were entered in the Serv Trust Adversary Proceeding on July 30, 2018.  The Debtor further argues that the King Parties lacked standing when they filed the King Declaratory Judgment Case because only the Trustee had standing to bring avoidance actions and he failed to do so within the time limitations set forth in Section 546(a).  Consequently, the Debtor argues that the Trustee lacks standing to pursue the Settlement Procedure Motion.  The Debtor also argues that this Court rejected a prior attempt to remove the King Declaratory Judgment Case to this Court when it remanded the matter back to the State Court soon after the matter was removed to this Court.  The

Debtor argues that the Court is now deprived of jurisdiction to consider the Settlement Procedure Motion in light of the prior remand of the Removed Adversary Proceeding.

III.    **ANALYSIS**

At this juncture, the Trustee is not seeking the approval of specific terms of a compromise with the King Parties.  Rather, in light of the exceptional posture of these proceedings due to the entry of the Alter Ego Order, the Trustee is seeking authorization to negotiate with the King Parties to attempt a resolution of the Redemption Claim.  *See In re Fairpoint Commun.., Inc.*, No. 09-16335(BRL), 2009 WL 10816988 (Bankr. S.D.N.Y Dec. 4, 2009) (approving a motion to establish settlement procedures and requiring further notice of the settlement of certain types of claims).  In exchange, the King Parties and the Trustee will dismiss without prejudice the remaining claims in the King Declaratory Judgment Complaint, the Trustee will toll the statute(s) of limitation applicable to the Redemption Claim, and if negotiations are not successful, the King Parties will refile the Redemption Claim as an adversary proceeding in this Court within thirty (30) days of the date of entry of this Order.  Conversely, and although not expressly stated in the Settlement Procedure Motion, the successful resolution of the Redemption Claim will be subject to approval by this Court pursuant to the legal standard applicable to motions seeking the approval of a compromise or settlement under Bankruptcy Rule 9019, as articulated by this Court in *In re Final Analysis, Inc.*, 417 B.R. 332 (Bankr. D. Md. 2009), after notice and an opportunity to be heard is provided to all parties interest.

Preliminarily, the Court will dispose of the Trustee's argument that the Debtor does not have standing to oppose the Settlement Procedure Motion under the legal principle espoused in *Willemain v. Kivitz*.  In that case, the Court held that an insolvent Chapter 7 debtor is not a party in interest and thus lacks standing to challenge a trustee's motion to sell "because he ha[s] no

pecuniary interest in the distribution of his assets among his creditors." *Willemain v. Kivitz*, 764 F.2d at 1022. Prior to entry of the Alter Ego Order, the Debtor's bankruptcy estate was unquestionably insolvent as detailed in the Trustee's Status Report filed on April 20, 2021 [Dkt. No. 930]. Nevertheless, there is a possibility that Serv Trust's assets, which now belong to the Debtor's bankruptcy estate, may bring significant value to the estate and render it solvent. Although the Court recognizes that this is highly unlikely, out of an abundance of caution, the Court will allow the Debtor to be heard with regard to the Settlement Procedure Motion and will consider the merits of the Motion to Strike.

The Debtor has objected to the Settlement Procedure Motion on numerous grounds, none of which are persuasive. Procedurally, the Trustee may pursue settlement of the Redemption Claim through a motion pursuant to Bankruptcy Rule 9019(a), which provides that "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Moreover, in the event the Trustee ultimately seeks the recovery of property from Serv Trust, which is now considered property of the Debtor's estate pursuant to the Alter Ego Order, Bankruptcy Rule 7001(1) provides that "a proceeding to recover money or property, *other than a proceeding to compel the debtor to deliver property to the trustee*" is an adversary proceeding. Fed. R. Bankr. P. 7001 (*emphasis added*). Thus, the recovery of property from Serv Trust would not be an adversary proceeding and would not require a complaint under Bankruptcy Rule 7003. Furthermore, the settlement of the Redemption Claim constitutes a "core proceeding" under several subparagraphs of Section 157(b)(2) of Title 28 of the United States Code, including (2)(A) (matters concerning the administration of the estate), (2)(C) (counterclaims by the estate against persons filing claims against the estate), (2)(E) (orders to turn over property of the estate), and (2)(O) (other proceedings affecting the liquidation of the assets of the estate).

28 U.S.C. § 157(b)(2).  As a core proceeding, the Debtor's consent to entry of a final judgment is not necessary.  Moreover, entry of this Order is not a final judgment for purposes of finality as it only approves settlement procedures.

The Debtor argues that the beneficiaries of Serv Trust are required to be joined as defendants in this matter.  The Debtor is incorrect.  The beneficiaries of Serv Trust are no longer beneficiaries of Serv Trust because, pursuant to the Alter Ego Order, "Serv Trust is a disregarded entity, being the alter ego of [the Debtor]."  Alter Ego Order, at p. 2.  Therefore, the named beneficiaries are not required to be joined as defendants in an adversary proceeding or named as respondents in any contested matter.  The time for the named beneficiaries to assert any rights to the assets of Serv Trust or to otherwise intervene in the State Court Case was prior to the State Court's determination that Serv Trust is the alter ego of the Debtor.  Moreover, Serv Trust need not be in bankruptcy and the fact that the Debtor was not a settlor or beneficiary is irrelevant because Serv Trust has been determined to be the Debtor's alter ego and the Serv Trust's assets are subject to administration by the Trustee as the legal representative of the bankruptcy estate under Section 323(a).

The Debtor's argument that the King Parties do not have standing to appear in this Court also fails.  The Trustee filed the Settlement Procedure Motion to resolve a potential claim between the bankruptcy estate and the King Parties.  Standing of the King Parties is irrelevant to the Settlement Procedure Motion – the Trustee, as the administrator of the Debtor's bankruptcy estate, certainly has standing to settle any claim against or held by the bankruptcy estate.  *See Dimeglio v. Haines*, No. CIV. Y-93-2656, 1999 WL 1489197, at *2 (D. Md. Dec. 28, 1999) ("The bankruptcy trustee succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed" and "[o]nce the petition is filed, only the trustee has authority to settle or release

such claims."). Nevertheless, the King Parties became potential creditors of the Debtor upon entry of the Alter Ego Order – long after the claims bar date. Therefore, the King Parties have standing to assert any claims against the Debtor in this Court, are irrefutably parties in interest to this proceeding, and must be given an opportunity to assert their claims against the bankruptcy estate.

Contrary to the Debtor's assertion, the Settlement Procedure Motion is not seeking an advisory opinion from the Court. The Settlement Procedure Motion is the mechanism by which the Trustee is seeking authority to resolve a stayed cause of action in the State Court as contemplated by the Abstention Order.

The Debtor disputes the jurisdiction of the State Court to enter the Alter Ego Order because the King Parties did not obtain leave from this Court to sue the Trustee in the King Declaratory Judgment Case. The Debtor's argument fails. "In *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881), the Supreme Court held that 'before another court may obtain subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver.'" *Conway v. Smith Dev., Inc.*, 64 F.4th 540, 542 (4th Cir. 2023) (quoting *McDaniel v. Blust*, 668 F.3d 153, 156 (4th Cir. 2012)). This doctrine, which is commonly called the "Barton Doctrine," has been extended to suits against bankruptcy trustees and their attorneys. *See Conway v. Smith Dev.*, 64 F.4th at 542. Here, the Trustee was named as a nominal defendant in the King Declaratory Judgment Case. He is not being sued for any act committed in his official capacity as Trustee of the Debtor's bankruptcy estate. Accordingly, the Barton Doctrine is not applicable to this matter.

The Debtor also argues that the refusal of the State Court to enter the proposed order submitted by the King Parties, which included language that Serv Trust's assets belong to the Debtor's bankruptcy estate, instead of the Alter Ego Order is proof that the State Court did not

determine that Serv Trust's assets belong to the Debtor's bankruptcy estate. It is unclear why the State Court did not enter the proposed order submitted by the King Parties, but the effect of the Alter Ego Order is clear. The law dictates that the Alter Ego Order vested all of Serv Trust's assets in the Debtor's bankruptcy estate pursuant to Section 541(a), and those assets are subject to administration by the Trustee as the legal representative of the bankruptcy estate under Section 323(a). The Alter Ego Order need not explicitly state that Serv Trust's assets now belong to the Debtor's bankruptcy estate subject to the Trustee's control for it to be true.

The Debtor further contends that this Court does not have jurisdiction to consider the Settlement Procedure Motion because of the ongoing appeal of the Serv Trust Adversary Proceeding. The Court agrees with the Debtor that, ordinarily, the filing of a notice of appeal divests the bankruptcy court of jurisdiction with regard to the matter being appealed. *Videsh Sanchar Nigam Ltd. v. Startec Global Comm's Corp. (In re Startec Global Comm's Corp.)*, 303 B.R. 605, 607 (D. Md. 2004); *In re Bradshaw*, 284 B.R. 520, 523 (Bankr. D. Mass. 2002). Here, however, the pending appeal of the judgment avoiding Serv Trust's alleged lien in the Lot 6 proceeds which, the Court notes, was entered with Serv Trust's consent through its former counsel, is wholly unrelated to the King Declaratory Judgment Case and the potential settlement of the Redemption Claim.

The Debtor argues that the Trustee has misconstrued or mischaracterized the holding of the Alter Ego Order and that he is using the Settlement Procedure Motion as a means to "steal" Serv Trust's property. It is the Debtor, however, who is misconstruing the Alter Ego Order. As previously stated, the Alter Ego Order specifically determined that "Serv Trust is, and as of November 18, 2015 was, the alter ego of [the Debtor], pursuant to Maryland law" and further determined that "Serv Trust is a disregarded entity, being the alter ego of [the Debtor]." Alter Ego

Order at p. 2.  Thus, there are no assets belonging to Serv Trust for the Trustee to "steal" because Serv Trust was deemed the alter ego of the Debtor and all of its assets now belong to the Debtor's bankruptcy estate subject to administration by the Trustee.  Moreover, the Debtor is incorrect in his argument that the Alter Ego Order has no force or effect because it is not a final judgment under Maryland Rule 2-602.  The Alter Ego Order may not have disposed of the entire King Declaratory Judgment Case, but interlocutory orders are still orders of the court with full force and effect albeit subject to revision until entry of a final judgment adjudicating all of the claims by and against all of the parties.  *See* Maryland Rule 2-602(a)(3) (an order that does not adjudicate all claims in the action is subject to revision any time before entry of judgment adjudicating all claims of the parties).

The Debtor argues that an order sustaining the Debtor's objection to the King Parties' claim entered on June 29, 2021 in the Debtor's bankruptcy case in the United States Bankruptcy Court for the Middle District of Florida is *res judicata* as to any claim the King Parties might have against the Debtor.  Again, however, the Debtor misconstrues the impact of the Alter Ego Order, which was entered on January 12, 2023 – after entry of the order sustaining the Debtor's claim objection and, the Court notes, after the dismissal of the Florida bankruptcy case.[10]  Any claim the King Parties may have against the Debtor arose upon entry of the Alter Ego Order and would not be barred by an order entered 18 months earlier under significantly different facts.

The Debtor argues that the State Court had no authority to determine that the State Court Case was stayed upon entry of the Alter Ego Order because the automatic stay was terminated in

---

[10] The Debtor filed the Florida bankruptcy case (Case No. 2:21-bk-00123-FMD) on January 28, 2021.  The Florida Bankruptcy Court dismissed that case on January 20, 2023 and set forth its reasons for dismissal in a Memorandum Opinion Denying Confirmation and Dismissing Case [Case No. 2:21-bk-00123-FMD, Dkt. No. 368].

the Debtor's bankruptcy case in 2018 for all purposes and only this Court has the authority to reimpose the automatic stay.  A state court has concurrent jurisdiction with bankruptcy courts to determine the applicability of the automatic stay:

> The State court may not grant relief from the stay – that is a matter committed exclusively to the Bankruptcy Court – but it may, when presented with the issue, determine whether, factually or legally, a stay is in effect and whether a particular action it is about to take or has already taken is subject to such a stay.  Those determinations are, of course, reviewable on appeal.

*Klass v. Klass*, 377 Md. 13, 21 (2003).

Moreover, the Abstention Order entered in the Goldsboro Adversary Proceeding specifically provided that the State Court could determine whether Serv Trust is the alter ego of the Debtor in connection with the King Declaratory Judgment Case, and if such a determination was made, then the parties could come back to the bankruptcy court to determine a course of action. The Abstention Order further stated:  "If the State Court determines that the automatic stay is applicable based on the relationship between the Debtor and Serv Trust, then the matter will be stayed and the parties can come back to this Court to figure out how to proceed."  Abstention Order at p. 4.  This is exactly what has happened – the State Court determined that Serv Trust is the alter ego of the Debtor so the parties are now back before this Court seeking authority to resolve the remaining Redemption Claim.

The Debtor did not explain his statement that the automatic stay arising in his case terminated for all purposes in 2018.  The Court suspects he is referring to when he was denied a discharge in this case.  Although the stay of any act against the Debtor, personally, was lifted upon the denial of the Debtor's discharge, Section 362(c) of the Bankruptcy Code provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate."  11 U.S.C. § 362(c)(1).

Lastly, the Debtor argues that the Settlement Procedure Motion is not a proper exercise of the Trustee's business judgment and falls below the lowest point in the range of reasonableness because it is fraudulent. This argument is premature (and, as set forth above, the Trustee is acting within the scope of his authority in filing the Settlement Procedure Motion and therefore is not committing fraud). As previously explained, the Settlement Procedure Motion is not seeking approval of specific settlement terms. It merely seeks approval of the procedural mechanism through which the Trustee and the King Parties are going to pursue resolution of the Redemption Claim. If a resolution is reached, the parties will be required to file a further motion seeking Court approval of any proposed compromise under Bankruptcy Rule 9019. At that time, the Court will consider the reasonableness of any proposed settlement and all parties in interest will be given an opportunity to object and be heard.

Having disposed of all of the Debtor's arguments in opposition to the Settlement Procedure Motion, there is no basis to entertain the Debtor's request that the Trustee show cause why sanctions should not be imposed for filing the Settlement Procedure Motion. The Debtor's request is categorically denied.

For these reasons, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the Settlement Procedure Motion is granted; and it is further

ORDERED, that the proposed compromise and settlement procedure described in the Settlement Procedure Motion and related notice is approved; and it is further

ORDERED, that the Trustee and the King Parties may proceed to negotiate a resolution of the Redemption Claim and any proposed settlement is subject to notice to all parties in interest and approval by this Court in accordance with Bankruptcy Rule 9019; and it is further

ORDERED, that the Debtor's request for an order directing the Trustee to show cause why sanctions should not be imposed against him for filing the Settlement Procedure Motion is denied; and it is further

ORDERED, that the deadline for the King Parties to file a proof of claim against the bankruptcy estate is 30 days from the date on which this Order is entered.

cc:    Debtor – Gregory B. Myers, 750 Gulf Shore Boulevard North, Naples, FL 34102
Debtor – Gregory B. Myers, 4505 Wetherill Road, Bethesda, MD 20816
Movant – Roger Schlossberg, Chapter 7 Trustee
Movant's Counsel – Frank J. Mastro, counsel for Chapter 7 Trustee
United States Trustee – Lynn A. Kohen
Other – Barbara Ann Kelly, 750 Gulf Shore Boulevard North, Naples, FL 34102
Other – Barbara Ann Kelly, 4505 Wetherill Road, Bethesda, MD 20816
All creditors and other parties in interest

**END OF ORDER**