

EXHIBIT, Debtgr's

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

```
-------------------------------X
                               :
BRIAN KING, ET AL.,            :
                               :
        Plaintiffs,            :
                               :
            v.                 :     Civil No. 436977
                               :
SERV TRUST, ET AL.,            :
                               :
        Defendants.            :
                               :
-------------------------------X
```

HEARING

Rockville, Maryland                          December 16, 2022

DEPOSITION SERVICES, INC.
P.O. BOX 1040
Burtonsville, Maryland 20866
(301) 881-3344

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

----------------------------------x
                                  :
BRIAN KING, ET AL.,               :
                                  :
            Plaintiffs,           :
                                  :
         v.                       :     Civil No. 436977
                                  :
SERV TRUST, ET AL.,               :
                                  :
            Defendants.           :
                                  :
----------------------------------x

                                        Rockville, Maryland
                                        December 16, 2022

   WHEREUPON, the proceedings in the above-entitled matter commenced

      BEFORE:   THE HONORABLE DAVID W. LEASE, JUDGE

      APPEARANCES:

      FOR THE PLAINTIFFS:

      MAURICE B. VERSTANDIG, Esq.
      9812 Falls Road, #114-160
      Potomac, Maryland 20854

      FOR THE DEFENDANTS:

      ERIC PELLETIER, Esq.
      FRANCES WILBURN, Esq.
      Offit Kurman, P.A.
      7501 Wisconsin Avenue, Suite 1000W
      Bethesda, Maryland 20814

      FRANZ L. MASTRO, Esq.
      Schlossberg, Mastro & Scanlan
      P.O. Box 1067
      Hagerstown, Maryland 21741

      GREGORY MYERS, Pro se
      700 Gulf Shore Boulevard, North
      Naples, Florida 34102

3

```
 1                    P R O C E E D I N G S
 2          THE CLERK:  Calling Civil matter 436977, Brian King,
 3  et al. versus Serv Trust, et al.
 4          THE COURT:  All right, let's go ahead and have the
 5  parties identify themselves, starting with Plaintiff's counsel,
 6  please.
 7          MR. VERSTANDIG:  Good morning, Your Honor.  Maurice
 8  Verstandig on behalf of Brian King, Cristina King, and the
 9  Cristina and Brian King Children's Trust.
10          THE COURT:  Sir, you might be muted.
11          MR. PELLETIER:  Good morning, Your Honor.  Sorry
12  about that.  Eric Pelletier and my partner, Frances Wilburn,
13  here on behalf of 6789 Goldsboro, LLC.
14          MS. WILBURN:  Good morning, Your Honor.
15          THE COURT:  Good morning.
16          MR. MASTRO:  Good morning, Your Honor.  Frank Mastro
17  on behalf of nominal defendant Roger Schlossberg, bankruptcy
18  trustee.
19          THE COURT:  All right.  All right, and in the
20  courtroom, just so we --
21          MR. MYERS:  Should I identify myself?
22          THE COURT:  Yes, please.
23          MR. MYERS:  Gregory Myers, Your Honor, pro se debtor.
24          THE COURT:  All right, so Mr. Myers is here in the
25  court.  And the matters against Mr. Myers have been stayed, in
```

4

1  that the matters proceeding to trial in January are the matters
2  against Serv Trust in this case.  So Mr. Myers is a party to
3  the case, but his matters have been stayed at this point in
4  time.
5       So what's the status of this matter?  I'll ask, I'll
6  start with counsel for the King parties.
7       MR. VERSTANDIG:  Thank you.  Your Honor, we are
8  prepared to proceed to trial on January 3rd.  Pre-trial
9  statements were filed a couple of years ago, prior to the last
10 bankruptcy stay, and are inclusive of all of the exhibits and
11 all of the witnesses we're planning to rely upon during our
12 trial in January.  It will be a more abbreviated list of
13 witnesses and exhibits because the claims against Mr. Myers are
14 stayed.
15      We reasonably anticipate that our portion of the
16 case, and I speak solely for my clients.  Mr. Pelletier and Ms.
17 Wilburn will speak for their portion of the case separately.
18 But we reasonably anticipate our portion of the case will
19 probably take the majority of the day, but not much more than
20 that.
21      We would also note that Serv Trust is not represented
22 by counsel at this point in time, and while we intend on
23 proceeding to trial, this will greatly resemble ex parte proof,
24 even though it will not take the actual form of ex parte proof.
25 Because of the absence of representation counsel, we don't

```
 1  believe Serv Trust will be able to meaningfully participate in
 2  the trial.
 3          THE COURT:  Right.  Unlike ex parte proof, where if
 4  you're on a default where you, the allegations in the complaint
 5  are true and liability is determined, that would not be
 6  determined and it would be your, still your burden to prove
 7  that by a preponderance of the evidence, or by clear and
 8  convincing if there's a fraud count.
 9          MR. VERSTANDIG:  Yes, Your Honor.
10          THE COURT:  Okay.
11          MR. VERSTANDIG:  And we appreciate that distinction.
12  I did not mean to suggest otherwise.  I simply meant --
13          THE COURT:  No, I understand what you meant.
14          MR. VERSTANDIG:  -- (unintelligible).
15          THE COURT:  It's just the procedure's going to look
16  like that, because unless and until Serv Pro, but if Serv Pro
17  gets counsel before then, they can participate at trial.
18          MR. VERSTANDIG:  Yes, Your Honor.  And again, we have
19  our exhibits, we have our witnesses.  We are prepared to put on
20  our case, and certainly without pre-trying the case today, we
21  believe it is a convincing case and we believe we will meet our
22  burdens.
23          THE COURT:  All right.  Now all right, now anything
24  else?  How long do the Goldsboro LLC folks think it's going to
25  take for your case?
```

6

1     MR. PELLETIER: Your Honor, it depends on whether or
2  not Serv Trust gets counsel. I would assume if it does not get
3  counsel, an hour or an hour and a half. If it does get
4  counsel, maybe a half day.
5     THE COURT: Okay. All right. And counsel for Mr.
6  Schlossberg doesn't anticipate much trial time, if any, I
7  gather.
8     MR. MASTRO: No trial time for us. We're just a
9  nominal defendant --
10     THE COURT: Right.
11     MR. MASTRO: -- on the claim by Mr. Verstandig's
12  client. Obviously if Mr. Verstandig prevails, then Serv Trust
13  will become an asset of the bankruptcy estate.
14     THE COURT: Okay. All right.
15     MR. MYERS: May I speak, Your Honor?
16     THE COURT: I will let you speak but remember the
17  matters against you are stayed in this case.
18     MR. MYERS: Your Honor, you used the word matters.
19  The order from the bankruptcy court specifically says the
20  automatic stay shall remain in effect and is not lifted as to
21  any claims against Myers, the debtor.
22     I am a defendant in both of the King party claims.
23  They're not separately against Serv Trust. We're both named as
24  defendants --
25     THE COURT: Right, and the cases --

1    MR. MYERS: -- so the claim can't proceed because I
2  would have liability. If they prevail, I have liability, and
3  the last sentence in the order says but not for any purposes
4  which could impose individual liability upon the debtor.
5    THE COURT: Okay.
6    MR. MYERS: If King parties prevail in either of
7  their two counts, I have potential liability, individual
8  liability. And if --
9    THE COURT: Well, they would have to then --
10   MR. MYERS: -- if you'd let me finish --
11   THE COURT: -- they would have to prove those counts
12 against you in a separate trial and the matter would not be,
13 there would not be any collateral estoppel or res judicata,
14 because you did not participate in the case as a party. You
15 were stayed and out of the case, so any --
16   MR. MYERS: There would still be a ruling that would
17 impose liability upon me.
18   THE COURT: There would not be a ruling that would
19 impose liability on you. There would be a ruling that would
20 potentially impose liability on Serv Trust. However, these
21 plaintiffs would have to, if they wanted to proceed against
22 you, would be required to try that matter again separately, and
23 there would not be any res judicata or collateral estoppel
24 issues, because you were not a party to that case --
25   MR. MYERS: But I am a party.

8

1              THE COURT: -- at that time because, well, you were
2     stayed, so you were not considered a party.
3              MR. MYERS: How can the claim go forward against Serv
4     Trust? Serv Trust is not an entity. It is not a statutory
5     trust. It's a Maryland common law trust.
6              THE COURT: Well, it's, the allegation is it's a,
7     that it is a statutory trust. The documents in the case
8     suggest that it's a statutory trust.
9              MR. MYERS: No they don't. There's no documents in
10    this case that suggest it's a statutory trust. It's a, it says
11    right in the trust agreement that it's a Maryland common law
12    trust.
13             But let me move to something that eliminates this
14    discussion, Your Honor. This Court lacks subject matter
15    jurisdiction. I want to confirm --
16             THE COURT: Well, you can raise that at any time, and
17    that is something that you can raise once the stay against you
18    is lifted.
19             MR. MYERS: I can raise it right now.
20             THE COURT: Well, not today, because this is not
21    before the Court. It has not been, I understand you filed some
22    motions. Those motions are not ripe or at issue at this time,
23    because --
24             MR. MYERS: Subject matter can be raised at any time,
25    right?

```
 1          THE COURT:  It can be, but you --
 2          MR. MYERS:  Well, I'm raising it right now.
 3          THE COURT:  Well, you've raised it in a motion.
 4  These folks over here have an opportunity to read any motion
 5  that you file and respond to it, before the Court makes a
 6  ruling.  So anything --
 7          MR. MYERS:  Well, you have a trial scheduled on
 8  January 4 and 5, and so I would ask you to go ahead and
 9  consider that, which is --
10          THE COURT:  Well, I may consider it at the beginning
11  of the trial, but I'm not going to consider it today.
12          MR. MYERS:  Well, then I would ask you to grant me
13  permission to go to the Maryland Court of Appeals, because
14  they'll stay this case in two seconds and dismiss it for lack
15  of subject matter jurisdiction.
16          THE COURT:  Well, I'm not going to grant you
17  permission to do it, but I'm not going to forbid you from doing
18  anything that you think you need to do to protect your rights.
19  You're entitled, if you think that you want to go to the
20  appellate courts and seek an emergency stay, then that's your
21  right to do that.  And I don't want to, certainly nothing I'm
22  going to say here is going to prevent you from doing that.  I
23  don't grant permission or deny permission for that.  That's
24  whatever you want to do.
25          MR. MYERS:  Okay.
```

1           THE COURT: And again, the matters against you in
2   this case have been stayed. Very clear with the parties
3   here --
4           MR. MYERS: I don't know what you mean by the
5   matters.
6           THE COURT: All claims against you in this case are
7   stayed. There's no --
8           MR. MYERS: Well, they can't be, because the claims
9   are going forward.
10          THE COURT: Claims are going forward against Serv
11  Trust, and Serv Trust is a different --
12          MR. MYERS: Well, then they would have to amend their
13  complaint.
14          THE COURT: No, they would not. We can break out the
15  fact that this case is going, and it is, you know, not the most
16  efficient use of resources, because to the extent that they
17  want to come back subsequently, depending on what happens in
18  the bankruptcy, and seek these claims against you, they're
19  going to be required to retry that case against you, without
20  the benefit of anything that occurred in the case against Serv
21  Trust.
22          MR. MYERS: Your Honor, I can assure you that if they
23  were ever to come back, they would raise, and if I raise res
24  judicata, any decision would impose individual liability upon
25  me.

11

```
 1          THE COURT:  Okay.
 2          MR. MYERS:  Okay, the risk is there, and that's what
 3  this order says cannot happen.
 4          THE COURT:  What I'm saying is that collateral
 5  estoppel, res judicata would not apply to you.  Given the fact
 6  that you're not a party at this time because of the stay, that
 7  you did not have --
 8          MR. MYERS:  I am a party.
 9          THE COURT:  -- a meaningful opportunity to
10  participate in the trial, and as such the doctrines of
11  collateral estoppel and res judicata would not apply.  And so
12  that when you go to trial, if you go trial, depending, I don't
13  know what's going to happen in your bankruptcy, but if these
14  claims survive the bankruptcy and come into court, then they'll
15  have to try them all over again.
16          MR. MYERS:  I don't understand what you mean, if
17  these claims survive the bankruptcy.
18          THE COURT:  Well, I don't, like I said, I'm not --
19          MR. MYERS:  What do you mean by that?
20          THE COURT:  I don't know if these claims --
21          MR. MYERS:  I don't understand.
22          THE COURT:  -- would be discharged in the, I'm not
23  familiar with your bankruptcy.  I don't know what it's about.
24  I know there's a stay, but in bankruptcy oftentimes claims can
25  be discharged, claims can be reduced, claims can be settled.
```

1   MR. MYERS: There are no, they, the King parties,
2   it's already been ruled they have no claims against me.
3   THE COURT: Okay. Well then --
4   MR. MYERS: Goldsboro has no claims against Serv
5   Trust. I'm sorry, against me.
6   THE COURT: Okay.
7   MR. MYERS: Yet they're asking for a judgment where I
8   have a personal guarantee. If you were to --
9   THE COURT: Well --
10  MR. MYERS: -- if you were to grant the relief
11  they're requesting, then I automatically have liability,
12  because I'm a guarantor of that debt.
13  THE COURT: Okay.
14  MR. MYERS: And I also want to point out that there's
15  a motion to disqualify you pending.
16  THE COURT: I see that.
17  MR. MYERS: Well, you need to address that first.
18  THE COURT: Well, one is you're not a live party in
19  this case right now.
20  MR. MYERS: Well, I'm alive, and --
21  THE COURT: You don't have --
22  MR. MYERS: -- I'm a party.
23  THE COURT: Sir, you don't have standing, given the
24  fact that the matters against you are stayed. If you want to
25  go to the bankruptcy court and have the bankruptcy court lift

13

```
 1   the stay so that you can participate in this case, have you --
 2            MR. MYERS:   Your Honor --
 3            THE COURT:   -- then you can --
 4            MR. MYERS:   -- I think you misunderstand --
 5            THE COURT:   -- then you can do that.
 6            MR. MYERS:   -- the nature of an order of an automatic
 7   stay or the bankruptcy court saying something's stayed.
 8            THE COURT:   The bankruptcy court --
 9            MR. MYERS:   It does not make me --
10            THE COURT:   -- explicitly said --
11            MR. MYERS:   May I finish?
12            THE COURT:   -- that the case against Serv Trust could
13   go forward.
14            MR. MYERS:   That doesn't mean I'm not a party.
15            THE COURT:   All right.
16            MR. MYERS:   An order from the bankruptcy court that
17   says the claims against me are stayed does not in effect make
18   me a non-party.
19            THE COURT:   Well, it makes you a non-party --
20            MR. MYERS:   The Court can't --
21            THE COURT:   -- for the purpose of the upcoming trial,
22   because the upcoming trial does not involve you.
23            MR. MYERS:   It does involve me.
24            THE COURT:   It does not.  I'm telling you --
25            MR. MYERS:   Well, if you grant them their relief,
```

1  then I have liability --
2           THE COURT: Okay.
3           MR. MYERS: -- so I'm not sure how you can say it
4  doesn't involve me.
5           THE COURT: Okay. Well, I'm, that is something --
6           MR. MYERS: And I am a party. Are you saying I'm no
7  longer a party to this case?
8           THE COURT: You are stayed in this case.
9           MR. MYERS: Then I'm a party.
10          THE COURT: You're a party that's been stayed, so --
11          MR. MYERS: Okay, then I still have standing.
12          THE COURT: Well, you do not.
13          MR. MYERS: Of course I do.
14          THE COURT: The trial is going forward against Serv
15 Trust. Now if Serv Trust gets counsel, they can participate at
16 the trial. If they don't get counsel, then --
17          MR. MYERS: Excuse me, that wasn't the issue. You
18 said I didn't have standing in this case.
19          THE COURT: Sir, I'm not going to debate you any
20 longer, and we're done right now. So we're done talking.
21          MR. MYERS: Well, I'd like you to rule on the
22 motion --
23          THE COURT: I'm not going to rule on it.
24          MR. MYERS: -- for disqualification.
25          THE COURT: Sir, I'm not going to rule on it today.

1  This case --
2          MR. MYERS:  Then you can't proceed in this case,
3  because I'm a party and you need to rule on it first.
4          THE COURT:  I'm not ruling on it.  The case is going
5  to trial.  We're all set.  I think, is there anything else I
6  need from the parties in this matter?
7          MR. MYERS:  Well, I can assure you this case is not
8  going to trial.
9          THE COURT:  You are entitled --
10         MR. VERSTANDIG:  Nothing further from the King
11 parties, Your Honor.
12         THE COURT:  All right.  All right, thank you.
13         UNIDENTIFIED MALE SPEAKER:  Thank you, Your Honor.
14         THE COURT:  See everybody in court on, I think it's
15 the 3rd of January.  All right, see you then.
16         UNIDENTIFIED MALE SPEAKER:  Yes, Your Honor.
17         THE COURT:  Okay, thank you all.  Have a pleasant
18 day.
19         MS. WILBURN:  Thank you, Your Honor.
20         UNIDENTIFIED MALE SPEAKER:  Thank you, Your Honor.
21 Happy holidays.
22         THE COURT:  Okay.
23         (The proceedings were concluded.)
24
25

16

√ Digitally signed by Margaret L. vanEkeren

## DIGITALLY SIGNED CERTIFICATE

DEPOSITION SERVICES, INC. hereby certifies that the attached pages represent an accurate transcript of the electronic sound recording of the proceedings in the Circuit Court for Montgomery County in the matter of:

Civil No. 436977

BRIAN KING, ET AL.

v.

SERV TRUST, ET AL.

By:

*Margaret L. vanEkeren*

Margaret L. vanEkeren
Transcriber