IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

Gregory B. Myers

        Debtor.

_____/

Case No. 15-26033-MCR
Chapter 7

### DEBTOR"S OBJECTION TO CLAIM 12-1 FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE ACCEPTANCE CORP., CSFB MORTGAGE–BACKED PASS–THROUGH CERTIFICATES, SERIES 2005–11, NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Debtor, Gregory B. Myers ("Mr. Myers" or "Debtor"), *pro se*, pursuant to, *inter alia*, 11 U.S.C. § 502(b) and 11 U.S.C. § 506(d), hereby files this objection (the "Objection") to "Claim 12-1"[1] filed by "U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage–Backed Pass–Through Certificates, Series 2005–11" ("Credit Suisse First Boston Mortgage Acceptance Corp." or "Claimant"), and states:

1. On November 18, 2015 ("Petition Date"), Debtor filed a voluntary petition for bankruptcy relief under the reorganization provisions of Chapter 11 of the Bankruptcy Code.

2. On March 18, 2016, Credit Suisse First Boston Mortgage Acceptance Corp. filed Claim 12-1 in the amount of $3,036,684.88, with "the basis of the claim" alleged to be "Fixed Rate Note, Mortgage, anD Asssignment, reduced to Judgment by Circuit Court of Collier County, FL" (typographical errors in original). Claim 12-1 further alleges that "[t]he claim is secured by a lien on property" and "Basis for perfection: Recorded Mortgage, Judmt".

---

[1] Claim 12-1 includes Claim 12-1 Part 2; Claim 12-1 Part 3; Claim 12-1 Part 4; and Claim 12-1 Part 5.

1

3. Claim 12-1 was filed under penalty of perjury.

4. In response to the question "Has this claim been acquired from someone else," the Claimant answered "No".

5. In response to the question "Do you know if anyone else has filed a proof of claim for this claim," the Claimant answered "No".

6. In response to the question "Do you have any number you use to identify the debtor," the Claimant answered "No".

7. Debtor's objection to Claim 12-1 should be sustained and Claim 12-1 should be disallowed in its entirety because Debtor has no liability to Claimant and is not indebted to Claimant in any amount.

8. Debtor's objection to Claim 12-1 should be sustained and Claim 12-1 should be disallowed in its entirety because Claim 12-1 lacks any merit and is not supported by the facts or the law.

9. Debtor's objection to Claim 12-1 should be sustained and Claim 12-1 should be disallowed in its entirety because Claim 12-1 is unenforceable under applicable law. 11 U.S.C. § 502(b).

10. Because Claim 12-1 is unenforceable under applicable law, 11 U.S.C. § 502(b), Claimant's *alleged* lien on the Naples Property is void as a matter of law. 11 U.S.C. §506(d).

## RESERVATION OF RIGHTS

11. Nothing herein shall be construed as an admission that Debtor was or is indebted to Claimant or that any of the claims or amounts asserted in Claim 12-1 are valid. Debtor reserves the right to amend or supplement this Objection if Debtor deems it necessary and appropriate, for any reason, including, without limitation, the right to add documents and assert

claims or defenses, at law or in equity, arising prior to, on, or after the Petition Date.

12. Debtor does not waive any rights at law or equity or any rights or causes of action that Debtor has or may have against any person, including but not limited to Claimant, that (i) affect or seek to affect in any way the rights or interests of the Debtor or any other party in interest in this case, including (a) property of the Debtor or the Debtor's estate, or proceeds thereof, (b) claims against or interests in the Debtor, (c) other rights or interests of creditors of the Debtor or other parties in interest in this case, or (d) property or proceeds thereof in the possession, custody, or control of Claimant or other parties in interest in this case in which the Debtor possesses a legal right of user or other rights, whether known or unknown, future or contingent, express or implied; or (ii) requires or prohibits, or seeks to require or prohibit, any act, delivery of any property, payment or other conduct by the Debtor or any other party in interest. Debtor further reserves any rights to recoupment and setoff, and, if appropriate, may exercise such rights without further order of the Court and without amending this Objection.

13. This Objection is not intended to be, and shall not be construed as, an election of remedies; a waiver of any claims or defenses; or an admission as to the jurisdiction of this Court and/or a waiver to contest the jurisdiction of this Court. Neither this Objection nor any pleading, claim, or suit shall waive any right of Debtor (i) to have final orders in non-core matters entered only after de novo review by a higher court, (ii) to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case, (iii) to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs or recoupments, under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

## REQUEST FOR EVIDENTIARY HEARING

14. Debtor requests that the Court schedule an evidentiary hearing on Claim 12-1 and Debtor demands strict proof on the substance and merits of Claim 12-1.

**WHEREFORE**, Debtor Gregory B. Myers requests that the Court enter an order (i) sustaining Debtor's Objection to Claim 12-1; (ii) disallowing Claim 12-1 in its entirety as a legally unenforceable debt; (iii) declaring Claimant's *alleged* lien on the Naples Property is void pursuant to 11 U.S.C. §506(d); and (iv) granting such other and further relief as the law requires, including awarding Debtor his attorneys' fees for bringing this Objection.

<u>NOTICE TO CLAIMANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE ACCEPTANCE CORP., CSFB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-11</u>

Please take notice that:

<u>WITHIN 30 DAYS AFTER THE DATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM. AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD AT THE COURT'S DISCRETION.</u>

Dated: September 19, 2025

                                                     Respectfully submitted,

                                                     Gregory B. Myers, *pro se*
                                                     700 Gulf Shore Blvd. N.
                                                     Naples, Florida 34102
                                                     (301) 325-2312
                                                     *gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2025, a copy of the foregoing was filed with the Clerk of the Bankruptcy Court and a copy was furnished via first class U.S. Mail, postage prepaid to the following parties:

America's Servicing Company
Attention: Bankruptcy Department
(MAC#D3347-014)
3476 Stateview Boulevard
Fort Mill, SC 29715

Douglas B. Riley
Treanor Pope & Hughes, P.A.
500 York Road
Towson, Maryland 21204

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

                                                  Gregory B. Myers, *pro se*