United States Bankruptcy Court
District of Maryland

In re:                                                                              Case No. 15-26033-MCR

Gregory B Myers                                                                     Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0416-0 | User: admin | Page 1 of 3 |
|---|---|---|
| Date Rcvd: May 26, 2026 | Form ID: pdfall | Total Noticed: 4 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++      Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 28, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Gregory B Myers, 700 Gulf Shore Boulevard North, Naples, FL 34102-5325 |
| | + | Douglas B. Riley, Treanor Pope & Hugues PA, 500 York Road, Towson, MD 21204-5103 |
| | ++ | US BANK, PO BOX 5229, CINCINNATI OH 45201-5229 address filed with court:, US Bank NA, Attn: Gunjan Kedia, President and CEO, 425 Walnut Street, Cincinnati, OH 45202 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| | + | Email/PDF: ais.Bankruptcynoticeshomelending@aisinfo.com | May 26 2026 20:20:41 | America's Servicing Company, Attn: Bankruptcy Dept., 3476 Stateview Blvd., Fort Mill, SC 29715-7203 |
| | | Email/Text: RPSBankruptcyBNCNotification@usbank.com | May 26 2026 20:15:00 | US Bank NA, Attn: Gunjan Kedia, President and CEO, 425 Walnut Street, Cincinnati, OH 45202 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 28, 2026          Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 26, 2026 at the address(es) listed below:**

**Name**          **Email Address**

Andrew Leonard Spivack

District/off: 0416-0 User: admin Page 2 of 3
Date Rcvd: May 26, 2026 Form ID: pdfall Total Noticed: 4

andrew.spivack@brockandscott.com wbecf@brockandscott.com

Craig Palik

cpalik@mhlawyers.com
cpalik@ecf.inforuptcy.com,Palik.CraigR92003@notify.bestcase.com,mevans@mhlawyers.com,cmartin@mhlawyers.com

Daniel Hodges

hodges@ewmd.com

Daniel A. Glass

dglass@eckertseamans.com

Daniel J. Pesachowitz

dpesacho@siwpc.com
rjones@siwpc.com,bkreferrals@siwpc.com,siwbkecf@siwpc.com,siwpc@ecf.courtdrive.com,siwattecf@siwpc.com

Daniel R Fogarty

dfogarty.ecf@srbp.com

Diana C. Theologou

dtheologou@mtglaw.com

Diana Carolina Valle

diana.valle@vallelawfirm.com 3517448420@filings.docketbird.com

Douglas B. Riley

driley@baldwin-seraina.com

Eric Pelletier

epelletier@offitkurman.com dramos@offitkurman.com

Frances Charlotte Wilburn

fwilburn@offitkurman.com

Frank J. Mastro

fmastro@schlosslaw.com

Gregory P. Johnson

gjohnson@offitkurman.com

Hugh M. (UST) Bernstein

hugh.m.bernstein@usdoj.gov

Janet M. Nesse

jnesse@mhlawyers.com
jfasano@mhlawyers.com,cpalik@mhlawyers.com,jnesse@ecf.inforuptcy.com,tmackey@mhlawyers.com,cmartin@mhlawyers.com,kfeig@mhlawyers.com,BKrell@mhlawyers.com

Jeffrey M. Orenstein

jorenstein@wolawgroup.com

John Allen Roberts

jaroberts@semmes.com cdavis@semmes.com

Joshua Welborn

bankruptcymd@mwc-law.com ftr432@aol.com

Kimberly Brooke Lane

kbritt@ecu.org

L. Jeanette Rice

Jeanette.Rice@usdoj.gov USTPRegion04.GB.ECF@USDOJ.GOV

Laurin Howard Mills

Laurin@werthermills.com roussy@samek-law.com

Lynn A. Kohen

lynn.a.kohen@usdoj.gov

Maurice Belmont VerStandig

mac@mbvesq.com
lisa@mbvesq.com,mahlon@dcbankruptcy.com,mac@dcbankruptcy.com,verstandig.mauricer104982@notify.bestcase.com,verstandiglaw@recap.email

Nikita Rajendra Joshi

bkecfinbox@aldridgepite.com njoshi@ecf.courtdrive.com

Paul Sweeney

psweeney@yvslaw.com
jbeckman@yvslaw.com,pgomez@yvslaw.com,cadams@yvslaw.com,sweeneypr39990@notify.bestcase.com,r39990@notify.bestcase.com,vmichaelides@yvslaw.com

Richard Edwin Lear

District/off: 0416-0                          User: admin                              Page 3 of 3
Date Rcvd: May 26, 2026                     Form ID: pdfall                         Total Noticed: 4

richard.lear@hklaw.com  kimi.odonnell@hklaw.com,hapi@hklaw.com

Roger Schlossberg
bkcreditor@schlosslaw.com  jkemmerer@schlosslaw.com

Roger Charles Simmons
rsimmons@gordonsimmons.com  dwise@gordonsimmons.com,jdziubla@gordonsimmons.com

Stephen A. Metz
smetz@offitkurman.com  mmargulies@offitkurman.com

Susan J. Klein
sklein@fftlaw.com  lramsey@fftlaw.com

US Trustee - Greenbelt
USTPRegion04.GB.ECF@USDOJ.GOV

Valerie P. Morrison
val.morrison@nelsonmullins.com
robert.ours@nelsonmullins.com,Dylan.trache@nelsonmullins.com,Jason.gold@nelsonmullins.com

Virginia W. Barnhart
Virginia.Barnhart@wbd-us.com  carmen.cisneros@wbd-us.com


TOTAL: 33

Entered: May 26th, 2026
Signed: May 24th, 2026

## DENIED

As the Debtor knows, all mail to Douglas Riley, former counsel for the claimant, has been returned as undeliverable for almost eight years. Purported service on Mr. Riley does not provide adequate notice to the claimant. If the Debtor chooses to refile his claim objection, he must serve it on an officer of the institution by certified mail AND on Daniel Pesachowitz (who is the most recent counsel of record and whose address is included in Dkt. No. 982) by first class mail.



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

Gregory B. Myers

Debtor.

Case No. 15-26033-MCR
Chapter 7

**DEBTOR'S RULE 59 MOTION TO ALTER OR AMEND MAY 7, 2026**
**ORDER OVERRULING OBJECTION TO CLAIM 12-1**

Debtor, Gregory B. Myers ("Mr. Myers" or "Debtor"), pro se, pursuant to Rule 59(e) made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023, respectfully moves to alter or amend the Court's May 7, 2026 Order (Doc. 1101) overruling Debtor's objection to Claim 12-1 filed by U.S. Bank National Association, as Trustee ("Claimant" or "U.S. Bank"), and states:

**INTRODUCTION**

1.  On September 19, 2025, Debtor filed DEBTOR"S OBJECTION TO CLAIM 12-1 FILED BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE ACCEPTANCE CORP., CSFB MORTGAGE–BACKED PASS–THROUGH CERTIFICATES, SERIES 2005–11, NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING (Doc. 1089) (the "Objection").

2.  The Objection challenged Claim 12-1[1] under, inter alia, 11 U.S.C. § 502(b)(1), asserting that Claim 12-1 was unenforceable against Debtor and property of the Debtor under applicable law.

---

[1] Claim 12-1 includes Claim 12-1 Part 2; Claim 12-1 Part 3; Claim 12-1 Part 4; and Claim 12-1 Part 5. Reference herein to Claim 12-1 includes Claim 12-1 Part 2; Claim 12-1 Part 3; Claim 12-1 Part 4; and Claim 12-1 Part 5.

1

3. Claimant never filed a response to the Objection, never disputed service, never requested a hearing, and never submitted evidence in support of Claim 12-1.

4. On May 7, 2026, the Court entered an Order overruling the Objection (Doc. 1101) (the "Order Overruling Objection") based solely on the following procedural ground: "On April 15, 2026, the Court instructed the Debtor to serve the claimant pursuant to Bankruptcy Rule 7004(h), as required by Bankruptcy Rule 3007(a)(2)(A)(ii), and file a supplemental certificate of service within 10 days. The Debtor did not do so. Therefore, the objection is overruled." *Id.*

5. The May 7, 2026 Order Overruling Objection rests upon clear legal error because Debtor had already properly served the Objection pursuant to Fed. R. Bankr. P. 7004(h)(1).

6. Alternatively, even assuming arguendo that supplemental service was required, Debtor thereafter served U.S. Bank's President and Chief Executive Officer by certified mail, return receipt requested, and any alleged procedural deficiency was cured prior to entry of any merits determination.

## BACKGROUND

7. On January 15, 2016, Douglas B. Riley, Esq. ("Riley") filed a Notice of Appearance and Request for Service of Notices and Other Papers on behalf of "U.S. Bank National Association, as Trustee" (Doc. 32) ("Notice of Appearance").

8. In the Notice of Appearance, Riley expressly requested service of "all notices" and "all papers served or required to be served" in this bankruptcy case.

9. Riley subsequently signed and filed Claim 12-1 as "Attorney for U.S. Bank National Ass'n, as Trustee."

10. Nothing on the docket reflects that Riley ever withdrew his appearance for "U.S. Bank National Association, as Trustee" ("U.S. Bank"), was substituted as counsel for U.S. Bank, or

2

had his appearance stricken in this case.

11.    Debtor's September 19, 2025 Certificate of Service reflects that Debtor served:

(a) America's Servicing Company at the notice address designated in Claim 12-1; and

(b) Douglas B. Riley, Esq., counsel of record for U.S. Bank.

12.    Pursuant to Fed. R. Bankr. P. 7004(h)(1), service on an insured depository institution is made by certified mail addressed to an officer "unless the institution has appeared by its attorney, in which case the attorney shall be served by first class mail."

13.    Because U.S. Bank appeared by attorney, Rule 7004(h)(1) expressly authorized service upon Riley by first-class mail.

14.    Debtor therefore complied with Rule 7004(h)(1) when Debtor served Riley.

15.    Debtor did not become aware of the Court's April 15, 2026 Order until approximately May 4, 2026.

16.    On May 5, 2026, Debtor nevertheless mailed a copy of the Objection to U.S. Bank National Association, Attn: President and Chief Executive Officer, via certified mail, return receipt requested. Contemporaneously herewith, Debtor files a Supplemental Certificate of Service reflecting such service.

**ARGUMENT**

**I. THE MAY 7, 2026 ORDER RESTS UPON CLEAR LEGAL ERROR.**

17.    Rule 7004(h)(1) expressly provides that service on an insured depository institution shall be made by certified mail addressed to an officer "unless the institution has appeared by its attorney, in which case the attorney shall be served by first class mail."

18.    U.S. Bank appeared by attorney through Douglas B. Riley.

19.    Riley never withdrew his appearance for U.S. Bank and remains counsel of record for

3

U.S. Bank.

20.     Debtor therefore complied with Rule 7004(h)(1) by serving Riley via first-class mail.

21.     The Bankruptcy Rules contain no "staleness" exception extinguishing a filed appearance of counsel after passage of time.

22.     The Court therefore erred by treating certified-mail officer service as mandatory notwithstanding Rule 7004(h)(1)'s attorney-appearance exception.

## II. THE COURT MAY NOT IMPOSE A SERVICE REQUIREMENT BEYOND THAT REQUIRED BY THE BANKRUPTCY RULES AND THEN OVERRULE THE OBJECTION FOR FAILURE TO COMPLY WITH THAT EXTRA-RULE REQUIREMENT.

23.     Bankruptcy courts possess broad authority under 11 U.S.C. § 105(a), but that authority "may not contravene specific statutory provisions." *Law v. Siegel*, 571 U.S. 415, 421 (2014).

24.     Rule 7004(h)(1) expressly authorized Debtor's service upon Riley.

25.     The Court may request supplemental notice as a prudential or case-management matter, but the Court may not disregard Rule 7004(h)(1)'s express attorney-appearance exception and impose a merits consequence for failure to perform service beyond what the Rules require.

26.     The May 7, 2026 Order effectively relieved U.S. Bank from the consequences of its own failure to respond to the Objection.

## III. U.S. BANK FAILED TO CARRY ITS BURDEN UNDER 11 U.S.C. § 502(b) AND APPLICABLE FOURTH CIRCUIT LAW.

27.     Under 11 U.S.C. § 502(a), a proof of claim is deemed allowed unless a party in interest objects.

28.     Once an objection is made, 11 U.S.C. § 502(b) requires the Court to determine the amount and enforceability of the claim.

29.     Under *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004), once an objector rebuts a proof of claim's prima facie validity, the burden shifts to the claimant to prove the

4

validity and amount of the claim by a preponderance of the evidence.

30.     Debtor's Objection rebutted the prima facie validity of Claim 12-1 by asserting, inter alia, that Claim 12-1 was unenforceable against Debtor and property of the Debtor under 11 U.S.C. § 502(b)(1).

31.     U.S. Bank filed no response, offered no evidence, and requested no hearing.

32.     U.S. Bank therefore failed to carry its burden under *Harford Sands*.

33.     Accordingly, the Objection should have been sustained.

**IV. ALTERNATIVELY, ANY ALLEGED SERVICE DEFICIENCY WAS CURED.**

34.     Even assuming arguendo that supplemental certified-mail officer service was required, Debtor served U.S. Bank's President and Chief Executive Officer by certified mail, return receipt requested, on May 5, 2026 which, according to the USPS Tracking System, was "Delivered to Agent" "at 6:03 am on May 11, 2026 in CICINNATI, OH 45203."

35.     U.S. Bank has suffered no prejudice.

**WHEREFORE**, Debtor Gregory B. Myers respectfully requests that the Court:

(i)  alter or amend the May 7, 2026 Order (Doc. 1101) and enter an amended order sustaining Debtor's Objection to Claim 12-1 and disallowing Claim 12-1 in its entirety;

(ii)  declare Claimant's alleged lien void as a matter of law pursuant to 11 U.S.C. § 506(d);

(iii)  alternatively, vacate Doc. 1101, accept Debtor's contemporaneously filed Supplemental Certificate of Service, deem Debtor's supplemental service sufficient, and reinstate the Objection for adjudication on the merits; and

(iv)  grant such other and further relief as justice requires.

5

Dated: May 20, 2026

Respectfully submitted,

_____
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2026, a copy of the foregoing was filed with the

Clerk of the Bankruptcy Court and a copy was furnished via first class U.S. Mail, postage prepaid

to the following parties:

U.S. Bank National Association
Attn: Gunjan Kedia, President and Chief Executive Officer
425 Walnut Street
Cincinnati, OH 45202

America's Servicing Company
Attention: Bankruptcy Department
(MAC#D3347–014)
3476 Stateview Boulevard
Fort Mill, SC 29715

Douglas B. Riley
Treanor Pope & Hughes, P.A.
500 York Road
Towson, Maryland 21204

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

_____
Gregory B. Myers, *pro se*

6