**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt)**

In Re: **GREGORY B. MYERS**

      Debtor

---

**HORSESHOE MOTOR DEVELOPERS,
LLC**

      Plaintiff

   v.

**GREGORY B. MYERS**

      Debtor/Defendant

Case No.: 15-26033 MCR
Chapter 7

**MOTION TO DETERMINE AUTOMATIC STAY INAPPLICABLE OR, IN THE
ALTERNATIVE, MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

    **COMES NOW**, Non-Party, Horseshoe Motor Developers, LLC (hereinafter
"Horseshoe"), by and through **KEITH R. HAVENS, ESQUIRE**, who moves this Court to
determine that the automatic stay is not applicable to certain litigation by Horseshoe against the
Debtor in Florida or, in the alternative, to grant Horseshoe relief from the automatic stay.  In
support thereof, Horseshoe states the following:

**PARTIES**

1.     Horseshoe is a Florida limited liability company.

2.     The Debtor, Gregory B. Myers, is an indvidual.

3.     The Debtor is an adult domiciled in the State of Florida.

**JURISDICTION**

4.     Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 157 and § 1334.

## ALLEGATIONS

5.      On March 27, 2026, Horseshoe sued the Debtor in Collier County, Florida for claims that arise approximately a decade after the Voluntary Petition filed in this matter ("Florida Action"). [Exhibit A; Dkt. 1]. The claims all arise post-petition and do not impact the estate. (Exhibit A.)

6.      Thereafter, Horseshoe Counsel in the Florida Action came across this bankruptcy matter.

7.      Neither Horseshoe's Counsel in the Florida Action nor Horseshoe were previously aware of this bankruptcy matter. As this Court is likely aware, the Debtor has filed hundreds of cases, so it should come as no surprise that Horseshoe is unaware of all of the cases filed by the Debtor.

8.      Despite the case being converted to a Chapter 7 on February 22, 2017 [Dkt. 316] and the Debtor's Discharge being denied on June 17, 2022 [Dkt. 1002], Horseshoe brings this Motion out of an abundance of caution.

9.      Generally speaking, 11 U.S.C. § 362, automatically stays claims that collect or enforce pre-petition debts, attempt to impact estate property, continue or start claims that are based upon pre-petition events.

10.     The Florida Action does not look to do anything that is covered by 11 U.S.C. § 362.  (Exhibit A.)

11.     Horseshoe does not believe the stay applies to the Florida Action because the claims arise approximately a decade after the petition date, and Horshoe does not look to enforce any pre-petition rights and has no impact on any property of the bankruptcy estate.  (Exhibit A.)

12.     Therefore, Horseshoe respectfully requests a ruling from this Court determining that the automatic stay does not apply to the Florida Action.

13.     Alternatively, Horseshoe seeks relief from the automatic stay. The Florida Action

is a non-core proceeding and has no relation to this bankruptcy case. (Exhibit A.) It deals with Florida state law claims that are better tried in a Florida state court. (Id.) Debtor would experience no harm of having to defend the case in Florida where he resides as opposed to defending the case as an adversary in these proceedings.

14.     Due to the fact that the Bankruptcy Code does not provide a definition of the term "cause" under Section 362(1), courts must determine when relief from the automatic stay is appropriate on a case-by-case basis. Robbins v. Robbins, 964 F.2d 342, 345 (4th Cir. 1992).

15.     In Robbins, the Fourth Circuit held that a court must balance the potential prejudice to the bankruptcy debtor's estate against the hardship that will be incurred by the person seeking relief from the automatic stay if relief is denied. The Fourth Circuit identified the following factors to be considered:

(i)     whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;

(ii)    whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in the bankruptcy court; and

(iii)   whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy action.

Robbins, 964 F.2d at 345.

16.     When considered in the context of this case, the factors weigh heavily in favor of granting the relief requested herein.

17.     The litigation between the parties solely involves state law. (Exhibit A.) The expertise of this Court is not necessary to resolve the issues between the parties.

18.     Modifying the stay will promote judicial economy. The Florida Action has

3

been pending since March 27, 2026.  (Exhibit A.)  All necessary parties have been served in the action.

19.    If this Court were to deny this Motion, the issues would have to be litigated in this Court.

20.    This Court can limit the modification of the automatic stay such that any judgment would not be enforceable except with leave of this Court.

21.    As is evident, a ruling by this Court that the automatic stay does not apply to the Florida Action or, in the alternative, granting relief from the automatic stay is appropriate.

**WHEREFORE**, in consideration of the foregoing, Horseshoe Motor Developers, LLC respectfully requests that this Court:

1.    Determine that the automatic stay does not apply to the claims raised in the Florida Action;

2.    Grant Horseshoe Motor Developers, LLC relief from the automatic stay to pursue its Complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida;

3.    Grant Horseshoe Motor Developers, LLC such additional and alternative relief as this Court deems appropriate.

Respectfully submitted,

 /s/ Keith R. Havens
Keith R. Havens, Esquire, #10909
2401 Research Boulevard
Suite 308
Rockville, Maryland 20850
Phone:  (301) 947-3330
Facsimile: (301) 947-4497
Keith.R.Havens@HavensLawFirm.com
Attorney for Non-Party, Horseshoe Motor
Developers, LLC

C:\Users\Keith R. Havens\Documents\Bankruptcy\HorseshoevMyers_MotionforRelieffromStay.wpd