IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

HORSESHOE MOTOR DEVELOPERS, LLC,
a Florida limited liability company,

      Plaintiff,

v.                              Case No. 2026-CA-000734

GREGORY MYERS, an individual,

      Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF DAMAGES AND DECLARATORY RELIEF

Plaintiff sues Defendant, Gregory Myers, and alleges:

### GENERAL ALLEGATIONS

1. This is a suit for injunctive relief, declaratory relief and damages exceeding $50,000 exclusive of attorneys' fees, interest and costs.

2. Plaintiff is the owner of real property located at 3106 N. Horseshoe Drive, Naples, Florida ("the Property").

3. Defendant Gregory Myers ("Myers") is a resident of Collier County, Florida and has otherwise committed tortious actions directed towards Collier County, Florida.

4. All conditions precedent to this suit have been met, waived or would be futile.

5. Plaintiff has retained the undersigned counsel and is required to pay them a reasonable fee for their services.

### BACKGROUND

6. Defendant has a long, documented history of filing hundreds of frivolous lawsuits.

# EXHIBIT A

FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK, 03/27/2026 12:15:15 PM

7. Attached as Exhibit A is a non-exhaustive list of the lawsuits he has been involved in, which has nearly 200 entries.

8. From what Plaintiff can tell from the review of public records, despite hundreds of lawsuits, Defendant has never won anything meaningful.

9. He has leeched out countless hours of judicial resources and opposing parties' attorneys' fees.

10. He is a textbook vexatious litigant who misuses the legal system for personal gain.

11. Defendant has even been banned by certain courts from filings for up to a decade. [Ex. B – worldwide and decade long filing ban].

12. Further, this Circuit Court has previously found Gregory Myers to be a vexatious litigant and barred him from new filings without prior leave. [Ex. C].

13. Thus, Plaintiff is taking no liberty in classifying Defendant as a vexatious and frivolous litigant.

## FACTS

14. At bar is the Property, which Plaintiff purchased on or about December 31, 2024 (the "Property").

15. Myers has filed numerous lawsuits related to this Property and he has not won a thing.

16. Myers claims, through assignment, he had a contract with the prior Property owner to purchase the Property.

17. The claim is frivolous and has been lost on multiple occasions.

18. Myers raised claims of owning the subject Property in Collier County Court Case No. 22-CA-453 ("Old State Court Case"). [Ex. D].

19. Myers raised these claims in his Bankruptcy Case Number 2:21-ck-00123-FMD. ("Fort Myers Bankruptcy Court Case"). [Ex. E].

20. The Bankruptcy case was dismissed because it was a bad faith filing.

21. Then Myers filed a suit in the United States District Court for the Middle District of Florida. Case Number 2:23-cv-00095-JES-NPM. ("Fort Myers District Court Case"). [Ex. F].

22. The claims were rejected and dismissed with Prejudice see attached Order of Dismissal.

23. (Plaintiff skips past many frivolous filings including spurious appeals and years of wasted judicial resources and attorneys' fees).

24. Now Myers files suit in the United States District Court for the District of Maryland claiming the same things he has lost several times ("Maryland Case"). [Ex. F].

25. Further, Myers filed a lis pendens on the Property, which he should be ordered to remove or otherwise discharge.

26. Myers is a vexatious litigant who several courts have already found to be operating in bad faith.

27. Plaintiff has retained the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I – DECLARATORY RELIEF

28. Plaintiff realleges and incorporates by reference above paragraphs 1-27 as if fully stated herein.

29. In the immediately preceding 7-year period, Myers has commenced, prosecuted, or maintained, pro se, five or more actions in any court that have been finally and adversely determined against himself.

30. Despite these actions being finally and adversely determined against Myers, he repeatedly relitigates or attempts to relitigate either the validity of the determination against the same party as to whom the action was finally determined or the cause of action, claim, controversy, or any of the issues of fact or law determined by the final and adverse determination against the same party as to whom the action was finally determined.

31. Myers repeatedly files pleadings, requests for relief, or other documents that have been the subject of previous rulings by the court in the same action.

32. Myers repeatedly files unmeritorious pleadings, requests for relief, or other documents; conducts unnecessary discovery; or engages in other tactics that are frivolous or solely intended to cause unnecessary delay in any action.

WHEREFORE Plaintiff demands judgment against Myers declaring him a vexatious litigant pursuant to Fla. Stat. Ann. §68.093, and requiring him to post security prior to continuing any litigation against or related to Plaintiff or the Property.

### COUNT II – MALICIOUS PROSECUTION

33. Plaintiff realleges and incorporates by reference above paragraphs 1-27 as if fully stated herein.

34. Defendant commenced the Maryland Case in the United States District Court for the District of Maryland against Plaintiff.

35. The Maryland Case was filed without any legal basis.

36. Myers has no contract with Plaintiff.

37. Defendant knew or reasonably should have known he had no legitimate claims.

38. Defendant acted with malice, in that his purpose was not to litigate a legitimate dispute but instead to harass Plaintiff, block redevelopment, and interfere with Plaintiff's business dealings.

39. The Maryland Case will terminate in Plaintiff's favor, as, among other things:

    a.   The issues have already been litigated,

    b.   There is no personal jurisdiction;

    c.   There is no subject matter jurisdiction;

    d.   There is no venue.

40. Plaintiff suffered damages as a result of Defendant's malicious prosecution, including injury to reputation, attorney's fees, lost development profits, and loss of use of the Property.

WHEREFORE, Plaintiff demands judgment for damages, pre and post judgment interest, attorney's fees where permitted, costs, and any further relief the Court deems just.

## COUNT III – ABUSE OF PROCESS

41. Plaintiff realleges and incorporates by reference above paragraphs 1-27 as if fully stated herein.

42. After initiating the Maryland Case, Defendant took additional steps constituting illegal, improper, or perverted use of process, including but not limited to filing and recording a lis pendens knowing it was baseless.

43. These actions constitute misuse of "process" within the meaning of Florida law.

44. Defendant's ulterior purpose in recording the lis pendens and continuing to use litigation tools was to prevent redevelopment/sale, sabotage Plaintiff's business interests, and extract financial concessions.

45. Plaintiff suffered damages resulting from Defendant's abuse of process, including lost development opportunities, lost buyers and investors and other delay damages.

WHEREFORE, Plaintiff demands judgment for damages, attorney's fees, special damages, pre and post judgment interest, costs, and any other relief the Court deems just.

## COUNT IV – SLANDER OF TITLE

46. Plaintiff realleges and incorporates by reference above paragraphs 1-27 as if fully stated herein.

47. Myers has published a false statement disparaging Plaintiff's title to the Property and has caused damages to Plaintiff.

48. Defendant recorded a lis pendens against Plaintiff's Property, despite knowing he had no valid claim affecting title and no legal interest in the Property.

49. The lis pendens is a recorded instrument that automatically communicates to third parties searching the public records.

50. The lis pendens contained, implied, and represented false statements and claims regarding Plaintiff's title, including the assertion that Defendant's lawsuit involves a claim affecting title when, in truth, it does not.

51. Defendant knew, or reasonably should have known, that recording the lis pendens would foreseeably deter purchasers, lenders, and investors from dealing with Plaintiff or acquiring the Property.

52. Defendant's false lis pendens did deter third parties from dealing with Plaintiff, including preventing or delaying redevelopment, refinancing, or sale of the Property.

53. As a direct and proximate result, Plaintiff incurred damages, including, but not limited to:

    a.   loss of prospective purchasers, lenders, or investors;

b. diminution of property marketability;

c. increased holding and carrying costs;

d. delay damages related to redevelopment;

e. attorneys' fees and expenses incurred in seeking dissolution of the lis pendens and in clearing title.

54. Defendant acted willfully, knowingly, and with malice, intending to cloud Plaintiff's title, interfere with the Property's sale or redevelopment, or coerce Plaintiff into concessions.

WHEREFORE, Plaintiff demands judgment for damages, attorney's fees, special damages, pre and post judgment interest, costs, and any other relief the Court deems just.

## COUNT V – TEMPORARY INJUNCTIVE RELIEF

55. Plaintiff realleges and incorporates by reference above paragraphs 1- 54 as if fully stated herein.

56. Defendant is a vexatious litigant and drain on the judicial system.

57. Defendant keeps filing suit after suit alleging an interest in the Property.

58. He keeps losing, but it does not deter him from finding another court to filing another suit and cloud the title with a lis pendens.

59. Defendant can do this into perpetuity and Plaintiff's title will be continually clouded and will be continually required to expend attorneys' fees time and money to remove a lis pendens just to have another cloud filed.

60. Plaintiff risks irreparable damages because there is no way to quantify the damages.

61. There is no adequate remedy at law because Defendant can continue the same conduct in court after court after court.

62. Plaintiff has a substantial likelihood of success on the merits because there is no way Defendant's Maryland claims can prevail as he has already lost them several times.

63. Public interest strongly favors granting the requested injunction.

WHEREFORE Plaintiff requests a temporary injunction from this Court requiring Defendant to dismiss the Maryland lawsuit in its entirety or alternatively dismiss the Counts related to the real Property and the lis pendens, and bar Defendant from filing any similar suits during the pendency of this litigation together with all other relief deemed just and proper.

### COUNT VI – PERMANENT INJUNCTIVE RELIEF

64. Plaintiff realleges and incorporates by reference above paragraphs 1- 54 as if fully stated herein.

65. Defendant is a vexatious litigant and drain on the judicial system.

66. Defendant keeps filing suit after suit alleging an interest in the Property.

67. He keeps losing, but it does not deter him from finding another court to filing another suit and cloud the title with a lis pendens.

68. Defendant can do this into perpetuity and Plaintiff's title will be continually clouded and will be continually required to expend attorneys' fees time and money to remove a lis pendens just to have another cloud filed.

69. Plaintiff risks irreparable damages because there is no way to quantify the damages.

70. There is no adequate remedy at law because Defendant can continue the same conduct in court after court after court.

71. The balance of the hardships strongly favors Plaintiff.

72. Public interest is served by entering a permanent injunction.

WHEREFORE Plaintiff requests a permanent injunction from this Court requiring Defendant to dismiss the Maryland lawsuit in its entirety or alternatively dismiss the Counts related to the real Property and the lis pendens together with all other relief deemed just and proper and bar Defendant from filing any similar suits together with all other relief deemed just and proper.

Dated this 27th day of March 2026.

**HOLMES FRASER, P.A.**

By: /s/ *David P. Fraser, Esq.*
David P. Fraser, Esq.
Florida Bar No.: 91085
Holmes Fraser, PA
711 5th Avenue South, Suite 200
Naples, Florida 34102
Tel. (239) 228-7280; Fax. (239) 790-5766
Email: dfraser@holmesfraser.com
Secondary: service@holmesfraser.com

# EXHIBIT A

| Case Name | Case Number | Jurisdiction |
|---|---|---|
| Myers, Gregory B v. City of Naples Florida | 11-2022-CA-001882-0001-XX | Florida - Collier County |
| Myers, Gregory B v. City of Naples Florida and NBC Club Owner, LLC (Intervenor) | 11-2022-CA-001728-0001-XX | Florida - Collier County |
| Myers, Gregory B. v. City of Naples Florida and Naples Beach Club Land Trust Trustee, LLC (Intervenor) | 11-2022-CA-001727-0001-XX | Florida - Collier County |
| Myers, Gregory B v. City of Naples Florida, Naples Beach Club Phase II and III Land Trust Trustee, LLC, Naples Beach Club Land Trust Trustee, LLC and NBC Club Owner, LLC (Intervenors) | 11-2022-CA-001181-0001-XX | Florida - Collier County |
| Myers, Gregory B v. City of Naples Florida and Naples Beach Club Land Trust Trustee, LLC (Intervenor) | 11-2022-CA-001121-0001-XX | Florida - Collier County |
| Myers, Gregory B v. City of Naples Florida and Erica Martin | 11-2022-CA-000473-0001-XX | Florida - Collier County |
| Myers, Gregory B v. 3073 Horseshoe Drive LLC | 11-2022-CA-000453-0001-XX | Florida - Collier County |
| Myers, Gregory B v. City of Naples Florida | 11-2022-CA-000250-0001-XX | Florida - Collier County |
| Myers, Gregory B v. City of Naples Florida, Teresa Heitmann, Terry Hutchinson, et al. (14 Defendants) | 11-2022-CA-000093-0001-XX | Florida - Collier County |
| Myers, Gregory B v. City of Naples Florida, Naples Beach Club Land Trust Trustee, LLC and Naples Beach Club Phase II and III Trust Trustee, LLC (Intervenors) | 11-2021-CA-002779-0001-XX | Florida - Collier County |
| Myers, Gregory B and Barbara Ann Kelly v. Naples Golf and Beach Club, Inc., Naples Property Holding Company, LLC. et al. | 11-2021-CA-001441-0001-XX | Florida - Collier County |
| Myers, Gregory B v. The St. Joe Company, Watercolor Development, LLC and Watercolor Community Association, Inc. (transferred to Walton County) | 11-2020-CA-003406-0001-XX | Florida - Collier County |
| Myers, Gregory B and Barbara Ann Kelly v. Bank of America National Association, Wells Fargo, N.A., Dream Team Realty of NW Florida, LLC and Michael K. Bailey | 11-2020-CA-002852-0001-XX | Florida - Collier County |
| Myers, Gregory B v. US Bank National Association and Carlton Fields Jorden Burt, P.A. | 11-2019-CA-004018-0001-XX | Florida - Collier County |
| Myers, Gregory B Appellant v. City of Naples Florida Appellee (LT Case: N/A - Writ of Certiorari) | 11-2021-AP-000004-0001-XX | Florida - Collier County |

| | A | B | C |
|---|---|---|---|
| | **Case Name** | **Case Number** | **Jurisdiction** |
| 2 | MYERS v. BANK OF AMERICA NA | 3:2017cv00969 | flndc |
| 3 | Gregory B Myers | 0:2015bk26033 | mdbk |
| 4 | Myers and Regions Bank | 0:2016ap00473 | mdbk |
| 5 | Myers and Offit Kurman, P.A. | 0:2016ap00474 | mdbk |
| 6 | Myers and Navy Federal Credit Union | 0:2017ap00079 | mdbk |
| 7 | US Trustee - Greenbelt, 11 and Myers | 0:2017ap00193 | mdbk |
| 8 | Myers and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P. | 0:2017ap00400 | mdbk |
| 9 | Myers and Bank of America, N.A. | 0:2017ap00449 | mdbk |
| 10 | Offit Kurman, P.A. and Serv Trust | 0:2016ap00541 | mdbk |
| 11 | 6789 Goldsboro, LLC and Myers | 0:2018ap00407 | mdbk |
| 12 | Myers and King | 0:2019ap00427 | mdbk |
| 13 | Kelly and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P. | 0:2020ap00284 | mdbk |
| 14 | Myers v. King et al | 8:2023cv03511 | mddc |
| 15 | Myers v. King et al | 8:2023cv03511 | mddc |
| 16 | Gregory Myers v. Mcnamee Hosea Jernigan Kim | 0:2020bk.dc02007 | 04ca |
| 17 | Gregory Myers v. Barbara Kelly | 0:2018bk.dc02144 | 04ca |
| 18 | Gregory Myers v. US Trustee | 0:2020bk.dc01261 | 04ca |
| 19 | Gregory Myers v. Offit Kurman, P.A. | 0:2020bk.dc02309 | 04ca |
| 20 | Gregory Myers v. Offit Kurman, P.A. | 0:2021cv.pr02179 | 04ca |
| 21 | Barbara Kelly v. McNamee, Hosea, Jernigan, Green & Lynch, P.A. | 0:2022bk.dc01378 | 04ca |
| 22 | Gregory B. Myers v. McNamee, Hosea, Jernigan, Green & Lynch, P.A. | 0:2022bk.dc01379 | 04ca |
| 23 | Gregory B. Myers and PINE CREEK DEVELOPMENT LP | 8:1997bk15756 | cacbk |
| 24 | Gregory Myers, et al v. Naples Golf and Beach Club, Inc., et al | 0:2024cvpri07180 | dcca |
| 25 | Gregory Myers v. Naples Golf and Beach Club, Inc., et al | 0:2025cvpri07018 | dcca |
| 26 | Gregory Myers, et al v. Naples Golf and Beach Club, Inc., et al | 0:2025cvpri07032 | dcca |
| 27 | Gregory Myers, et al v. Naples Property Holding Company, LLC., et al | 0:2025cvpri07037 | dcca |
| 28 | Gregory Myers, et al v. Naples Golf and Beach Club, Inc., et al | 0:2025cvpri07040 | dcca |
| 29 | Gregory Myers v. City of Naples, et al | 0:2025cvpri07116 | dcca |
| 30 | Gregory Myers, et al v. Naples Golf and Beach Club, Inc., et al | 0:2025cvpri07124 | dcca |
| 31 | Gregory MyersIn re: Gregory Myers | 0:2025bkpri07126 | dcca |

| | A | B | C |
|---|---|---|---|
| 32 | MYERS et al v. NAPLES GOLF AND BEACH CLUB, INC. et al | 1:2024cv03127 | dcdc |
| 33 | MYERS v. CITY OF NAPLES  et al | 1:2025cv02202 | dcdc |
| 34 | 700 Trust | 2:2025bk00051 | flmbk |
| 35 | US Bank National Association v. Myers et al | 2:2024cv01086 | flmdc |
| 36 | Myers v. City of Naples, Florida et al | 2:2024cv00235 | flmdc |
| 37 | Myers v. City of Naples, Florida et al | 2:2024cv00285 | flmdc |
| 38 | Myers v. City of Naples, Florida | 2:2024cv00322 | flmdc |
| 39 | Myers v. US Bank National Association et al | 2:2024cv00370 | flmdc |
| 40 | US Bank National Association v. Myers et al | 2:2024cv00452 | flmdc |
| 41 | Myers v. City of Naples, Florida et al | 2:2024cv00419 | flmdc |
| 42 | US Bank National Association v. Myers et al | 2:2024cv00452 | flmdc |
| 43 | Myers v. Naples Beach Club Land Trust Trustee, LLC et al | 2:2022cv00751 | flmdc |
| 44 | Myers et al v. Naples Golf and Beach Club, Inc. et al | 2:2023cv00013 | flmdc |
| 45 | Myers et al v. Naples Golf and Beach Club, Inc. et al | 2:2023cv00013 | flmdc |
| 46 | Myers v. 3073 Horseshoe Drive, LLC | 2:2023cv00095 | flmdc |
| 47 | US Bank National Association v. Kelly et al | 2:2023cv00504 | flmdc |
| 48 | Myers v. City of Naples, Florida | 2:2023cv00539 | flmdc |
| 49 | Myers v. City of Naples, Florida et al | 2:2023cv00575 | flmdc |
| 50 | Myers v. Naples Golf and Beach Club, Inc. et al | 2:2024cv00846 | flmdc |
| 51 | Myers v. Naples Golf and Beach Club, Inc. et al | 2:2024cv00846 | flmdc |
| 52 | Myers v. NBC Club Owner, LLC et al | 2:2025cv00540 | flmdc |
| 53 | 700 Trust | 1:2024bk10230 | flnbk |
| 54 | Myers and Seaside III, Neighborhood Association, Inc. | 0:2016ap00472 | mdbk |
| 55 | King and Schlossberg | 0:2024ap00007 | mdbk |
| 56 | Regions Bank v. Myers et al | 8:2011cv03033 | mddc |
| 57 | Myers v. US Trustee | 8:2017cv01218 | mddc |
| 58 | Myers v. US Trustee | 8:2017cv01218 | mddc |
| 59 | Myers v. Schlossberg et al | 8:2017cv02537 | mddc |
| 60 | Myers v. Schlossberg et al | 8:2017cv02537 | mddc |
| 61 | Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, PA | 8:2017cv02781 | mddc |
| 62 | Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, PA | 8:2017cv02781 | mddc |

|    | A | B | C |
|----|---|---|---|
| 63 | Myers v. Mcnamee, Hosea, Jernigan, Kim, Greenan and Lynch, P.A. et al | 8:2019cv00245 | mddc |
| 64 | Myers v. Mcnamee, Hosea, Jernigan, Kim, Greenan and Lynch, P.A. et al | 8:2019cv00245 | mddc |
| 65 | Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. | 8:2017cv03396 | mddc |
| 66 | Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. | 8:2017cv03396 | mddc |
| 67 | Myers v. Schlossberg | 8:2017cv03847 | mddc |
| 68 | Myers v. Schlossberg | 8:2017cv03847 | mddc |
| 69 | Kelly v. Schlossberg | 8:2017cv03846 | mddc |
| 70 | Myers et al v. Schlossberg et al | 8:2018cv00336 | mddc |
| 71 | Myers et al v. Schlossberg et al | 8:2018cv00336 | mddc |
| 72 | Myers v. Fitzgerald | 8:2018cv01417 | mddc |
| 73 | Myers v. Fitzgerald | 8:2018cv01417 | mddc |
| 74 | Myers v. Fitzgerald | 8:2018cv01630 | mddc |
| 75 | Myers v. Fitzgerald | 8:2018cv01630 | mddc |
| 76 | Myers v. Mcnamee Hosea Jernigan Kim Greenan & Lynch, P.A. | 8:2018cv02118 | mddc |
| 77 | Myers v. Schlossberg | 1:2018cv02117 | mddc |
| 78 | Myers v. Grigsby | 8:2018cv02348 | mddc |
| 79 | Myers et al v. Offitt Kurman, P.A. | 8:2018cv02536 | mddc |
| 80 | Myers et al v. Offitt Kurman, P.A. | 8:2018cv02536 | mddc |
| 81 | Myers v. Schlossberg et al | 8:2025cv02635 | mddc |
| 82 | Myers v. Schlossberg et al | 8:2025cv02635 | mddc |
| 83 | Myers v. McNamee Hosea Jernigan Kim Greenan & Lynch, P.A. et al | 8:2018cv03460 | mddc |
| 84 | Myers et al v. Schlossberg | 8:2018cv03783 | mddc |
| 85 | Myers et al v. Schlossberg | 8:2018cv03783 | mddc |
| 86 | Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. | 8:2019cv00636 | mddc |
| 87 | Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. | 8:2019cv00636 | mddc |
| 88 | Myers v. United States Trustee | 8:2019cv00637 | mddc |
| 89 | Myers v. United States Trustee | 8:2019cv00637 | mddc |
| 90 | Myers v. Fitzgerald et al | 1:2019cv03418 | mddc |
| 91 | Myers v. McNamee Hosea Jernigan Kim Greenan & Lynch, P.A. | 8:2019cv03677 | mddc |
| 92 | Myers v. McNamee Hosea Jernigan Kim Greenan & Lynch, P.A. | 8:2019cv03677 | mddc |
| 93 | Kelly v. Offit Kurman, P.A. | 1:2017cv03668 | mddc |

| | A | B | C |
|---|---|---|---|
| 94 | Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. | 8:2021cv01185 | mddc |
| 95 | Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. | 8:2021cv01185 | mddc |
| 96 | Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. | 8:2021cv01186 | mddc |
| 97 | Myers v. Schlossberg | 8:2021cv01184 | mddc |
| 98 | Myers v. Schlossberg | 8:2021cv01184 | mddc |
| 99 | Myers v. Specialized Loan Servicing, LLC. | 8:2022cv00778 | mddc |
| 100 | Myers v. Specialized Loan Servicing, LLC. | 8:2022cv00778 | mddc |
| 101 | Myers v. U.S. Bank National  et al | 1:2025cv01483 | mddc |
| 102 | Myers v. Schlossberg et al | 8:2025cv02042 | mddc |
| 103 | Myers v. Schlossberg et al | 8:2025cv02042 | mddc |
| 104 | Myers v. Chavez-Ruark et al | 1:2025cv02085 | mddc |
| 105 | Myers v. Schlossberg et al | 8:2025cv02103 | mddc |
| 106 | Myers v. Schlossberg et al | 8:2025cv02103 | mddc |
| 107 | Myers v. Schlossberg et al | 8:2025cv02337 | mddc |
| 108 | Myers v. Schlossberg et al | 8:2025cv02338 | mddc |
| 109 | Myers v. Schlossberg et al | 8:2025cv02338 | mddc |
| 110 | Myers v. City of Naples, Florida et al | 8:2025cv02367 | mddc |
| 111 | US Bank National Association v. Kelly et al | 8:2025cv03001 | mddc |
| 112 | Myers v. Naples Golf and Beach Club, Inc. et al | 1:2025cv04002 | mddc |
| 113 | Myers v. 3073 Horseshoe Drive, LLC et al | 8:2026cv00649 | mddc |
| 114 | Myers v. The Guardian Life Insurance Company of America et al | 1:2019cv00061 | vaedc |
| 115 | US Bank National Association v. Gregory Myers, et al | 0:2024prici13549 | 11ca |
| 116 | Gregory Myers v. Naples Golf And Beach Club, Inc., et al | 0:2024prici13551 | 11ca |
| 117 | Gregory Myers v. City of Naples, Florida, et al | 0:2024prici12043 | 11ca |
| 118 | Gregory Myers v. City of Naples, Florida, et al | 0:2024prici12454 | 11ca |
| 119 | Gregory Myers v. Naples Golf And Beach Club, Inc., et al | 0:2023bk11906 | 11ca |
| 120 | Barbara Kelly, et al v. Regions Bank | 0:2014prici12865 | 11ca |
| 121 | Gregory Myers v. Bank of America, NA | 0:2019prici10797 | 11ca |
| 122 | Gregory Myers v. Jon Waage | 0:2023bk13081 | 11ca |
| 123 | Gregory Myers v. City of Naples | 0:2023prici13073 | 11ca |
| 124 | Gregory Myers v. U.S. Bank N.A. | 0:2023bk13408 | 11ca |

| | A | B | C |
|---|---|---|---|
| 125 | Gregory Myers v. U.S. Bank National Association | 0:2023bk13409 | 11ca |
| 126 | US Bank National Association v. Gregory Myers, et al | 0:2024prici10575 | 11ca |
| 127 | Gregory Myers, et al v. Naples Golf And Beach Club, Inc., et al | 0:2024prici13099 | 11ca |
| 128 | Gregory Myers v. Undine George | 0:2024bk13257 | 11ca |
| 129 | Gregory Myers v. City of Naples, Florida, et al | 0:2024prici14007 | 11ca |
| 130 | Gregory Myers v. City of Naples, Florida, et al | 0:2025prici10027 | 11ca |
| 131 | US Bank National Association v. Gregory Myers | 0:2025prici10043 | 11ca |
| 132 | Gregory Myers v. City of Naples, Florida, et al | 0:2025prici10179 | 11ca |
| 133 | Gregory Myers v. U.S. Bank National Association, et al | 0:2025prici12605 | 11ca |
| 134 | US Bank National Association v. Gregory Myers | 0:2025prici12796 | 11ca |
| 135 | Gregory Myers v. 3073 Horseshoe Drive, LLC | 0:2025prici13143 | 11ca |
| 136 | Gregory Myers v. U.S. Bank National Association, et al | 0:2025prici13144 | 11ca |
| 137 | Gregory Myers v. NBC Club Owner, LLC, et al | 0:2025bk13596 | 11ca |
| 138 | Gregory Brian Myers | 1:2025bk00069 | dcbk |
| 139 | Myers and NAPLES PROPERTY HOLDING COMPANY, LLC | 1:2025ap10005 | dcbk |
| 140 | Gregory MyersIn re: Gregory Myers | 0:2025mscv08005 | dcca |
| 141 | IN RE GREGORY BRIAN MYERS | 1:2025cv00861 | dcdc |
| 142 | IN RE GREGORY BRIAN MYERS | 1:2025cv00861 | dcdc |
| 143 | IN RE: GREGORY BRIAN MYERS | 1:2025cv00979 | dcdc |
| 144 | IN RE: GREGORY BRIAN MYERS | 1:2025cv00979 | dcdc |
| 145 | IN RE: GREGORY BRIAN MYERS | 1:2025cv02378 | dcdc |
| 146 | IN RE: GREGORY BRIAN MYERS | 1:2025cv02378 | dcdc |
| 147 | Gregory Brian Myers | 1:2019bk10392 | debk |
| 148 | In re: Gregory Brian Myers | 1:2019cv00907 | dedc |
| 149 | In re: Gregory Brian Myers | 1:2019cv00907 | dedc |
| 150 | In re: Gregory Brian Myers | 1:2019cv00908 | dedc |
| 151 | In re: Gregory Brian Myers | 1:2019cv00908 | dedc |
| 152 | In Re: Gregory Brian Myers | 1:2019cv00906 | dedc |
| 153 | In Re: Gregory Brian Myers | 1:2019cv00906 | dedc |
| 154 | In re: Gregory B. Myers | 1:2019cv00909 | dedc |
| 155 | In re: Gregory B. Myers | 1:2019cv00909 | dedc |

| A | B | C |
|---|---|---|
| In Re: Gregory Brian Myers | 1:2019cv00910 | dedc |
| In Re: Gregory Brian Myers | 1:2019cv00910 | dedc |
| Gregory Brian Myers | 2:2021bk00123 | flmbk |
| Myers and U.S. Bank, NA, Successor Trustee to Bank of Americ | 2:2022ap00007 | flmbk |
| Myers and The St. Joe Company | 2:2023ap00003 | flmbk |
| Myers v. U.S. Bank N.A. | 2:2022cv00478 | flmdc |
| Myers v. U.S. Bank N.A. | 2:2022cv00478 | flmdc |
| Myers v. U.S. Bank National Bank Association | 2:2022cv00498 | flmdc |
| Myers v. U.S. Bank National Bank Association | 2:2022cv00498 | flmdc |
| Myers v. U.S. Bank National Association | 2:2022cv00726 | flmdc |
| Myers v. U.S. Bank National Association | 2:2022cv00726 | flmdc |
| Myers v. King et al | 2:2023cv00058 | flmdc |
| Myers v. King et al | 2:2023cv00058 | flmdc |
| Myers v. King | 2:2023cv00059 | flmdc |
| Myers v. King | 2:2023cv00059 | flmdc |
| Myers v. Waage | 2:2023cv00143 | flmdc |
| Myers v. Waage | 2:2023cv00143 | flmdc |
| Myers v. George | 2:2023cv00682 | flmdc |
| Myers v. George | 2:2023cv00682 | flmdc |
| In re: Gregory Brian Myers | 2:2025cv01225 | flmdc |
| In re: Gregory Brian Myers | 2:2025cv01225 | flmdc |
| KELLY et al v. REGIONS BANK | 3:2011cv00252 | flndc |
| KELLY et al v. REGIONS BANK | 3:2011cv00252 | flndc |
| Gregory Brian Myers | 0:1993bk16991 | mdbk |
| Gregory Brian Myers | 0:2019bk17428 | mdbk |
| Myers v. Cristina and Brian King Children's Trust | 8:2019cv02269 | mddc |
| Myers v. Cristina and Brian King Children's Trust | 8:2019cv02269 | mddc |
| James et al v. Kelly et al | 8:2025cv01495 | mddc |
| Gregory Bryan Myers and Milissa Brooke Johnson Myers | 2:2009bk20993 | wybk |
| Myers v. Social Security Administration | 5:2012cv02526 | lawdc |

# EXHIBIT B

The order below is hereby signed.

Signed: June 11 2025



/s/ Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | **Case No. 25-00069-ELG** |
| **Gregory Brian Myers,** | **Chapter 13** |
| **Debtor.** | |

## MEMORANDUM OPINION AND ORDER ON SHOW CAUSE

On March 20, 2025, the Court entered the *Order to Show Cause*[1] (the "Show Cause Order")

requiring the Debtor to appear at a hearing on April 16, 2025 (the "Hearing") and show cause why

(i) the automatic stay of 11 U.S.C. § 362(a)[2] should not be annulled retroactively to the petition

date for bad faith and granting prospective relief from the automatic stay as to the NBC Entities[3];

(ii) this case should not be dismissed as a bad faith filing, with a bar to refiling in any bankruptcy

court of no less than ten (10) years, such that the filing of any case prior to expiration of any bar

would not cause the automatic stay to become operative; and (iii) this Court should not find the

Debtor to be a vexatious litigant and/or enter an injunction prohibiting any person or entity

---

[1] ECF No. 24.

[2] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[3] Collectively, Naples Property Holding Company, LLC; Naples Beach Club Land Trust Trustee, LLC, as Trustee; Naples Beach Club Phase II and III Land Trust Trustee, LLC, as Trustee; and NBC Club Owner, LLC.

related to the Debtor from filing any further matters or removals in the United States Bankruptcy Court for the District of Columbia and/or the United States District Court for the District of Columbia absent certain enumerated circumstances. The Show Cause Order also stayed all proceedings in the adversary proceeding filed by the Debtor (the "Adversary Proceeding").[4] At the conclusion of the Hearing, the Court took the matter under advisement. This Memorandum Opinion and Order sets forth the Court's findings of fact and conclusions of law regarding the Show Cause Order.

## I.      Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.[5]

## II.      Background

### a.      The Debtor's D.C. Chapter 13

The Debtor initiated this case by filing a voluntary petition for relief on February 26, 2025 (the "Petition Date"), just 37 days after the expiration of the two-year (2) refiling bar against the Debtor issued by the United States Bankruptcy Court for the Middle District of Florida.[6] On March 24, 2025, without ever filing schedules or a statement of financial affairs (though after filing a motion to enforce the automatic stay[7] and an adversary proceeding[8]) and while the Show Cause Order remained pending, the Debtor moved to voluntarily dismiss his chapter 13 case.[9] On March

---

[4] *Myers v. Naples Property Holding Company, LLC*, Case No. 25-10005-ELG.

[5] *See* Fed. R. Bankr. P. 7052.

[6] Voluntary Petition for Individuals Filing for Bankruptcy, ECF No. 1; *see In re Myers*, Case No. 2:21-bk-00123-FMD, 2023 WL 350183 at *5 (Bankr. M.D. Fla. Jan. 20, 2023)

[7] Debtor's Emergency Motion to Enforce Automatic Stay, ECF No. 14.

[8] Complaint and Demand for Trial by Jury, ECF No. 22.

[9] Debtor's Motion Requesting This Case be Dismissed, ECF No. 29.

2

26, 2025, the Court granted dismissal of the case under § 1307(b), but retained jurisdiction over the Show Cause Order as to the questions of whether (i) the case was filed in bad faith and whether the dismissal would be with or without prejudice for the reasons set forth in the Show Cause Order; (ii) the Debtor should be declared a vexatious litigant; and (iii) the Adversary Proceeding should be dismissed with prejudice (the "Dismissal Order").[10] On April 11, 2025, despite the stay of the Adversary Proceeding, the Debtor filed a *Notice of Dismissal Without Prejudice* attempting to have the Adversary Proceeding dismissed before the Court could address the issue of prejudice.[11]

Responses to the Show Cause Order were due on or before April 2, 2025. Timely responses were filed by the NBC Entities and the chapter 7 trustee (the "Chapter 7 Trustee") for the Debtor's still open and pending 2015 case in the United States Bankruptcy Court for the District of Maryland (the "Maryland Chapter 7").[12] The Debtor did not timely respond to the Show Cause Order (other than seeking to dismiss his case), however, the filings by the NBC Entities and Chapter 7 Trustee precipitated a filing of a Line by the Debtor apparently as a responsive pleading.[13] The Line does not address the issues raised by this Court in the Show Cause Order, instead addressing grievances with the Chapter 7 Trustee.

At the Hearing, the Court heard argument on the Show Cause Order from the Debtor, the Office of the United States Trustee (the "UST")[14], the NBC Entities, counsel for the chapter 13 trustee in this dismissed case, and counsel for the Chapter 7 Trustee.

---

[10] Order Granting Dismissal and Retaining Jurisdiction, ECF No. 30. On April 2, 2025, the Debtor filed an appeal of the Dismissal Order (without paying the filing fee). *See* Notice of Appeal, ECF No. 32.

[11] Adversary Proceeding, ECF No. 6.

[12] Response to Order to Show Cause, ECF No. 35; Response to Order to Show Cause by Interested Party, Roger Schlossberg, Chapter 7 Trustee, ECF No. 36. *See In re Myers*, Case No. 15-26033-MCR.

[13] Line, ECF No. 39.

[14] On March 11, 2025, the UST filed a Motion to Dismiss Case and Impose Additional Bar on Re-filing (ECF No. 13) (the "UST Motion"), requesting that the Court issue an order with a four-year (4) bar to refiling. The UST Motion was noticed and set for hearing on April 24, 2025. The UST provided argument at the Hearing and referenced both the Show Cause Order and the UST Motion. Due to the fulsome argument at the Hearing, the hearing on the UST Motion

b. *The Debtor's History of Abuse of the Bankruptcy Process and the Courts*

Since 2015, hundreds of pages of opinions from more than a dozen different courts (both federal and state) have been written regarding the legal machinations, "sprawling tapestry of bad faith abuse of the bankruptcy process,"[15] and "dilatory and abusive litigation tactics" [16] by the Debtor, his spouse, Barbara Ann Kelly ("Ms. Kelly"), and the entities they own, including the 700 Trust (as discussed below). The "long and sordid history of bankruptcy filings"[17] by the Debtor, Ms. Kelly, and/or their entities is well-documented in the opinions issued in bankruptcy cases, adversary proceedings, appeals, and removed matters involving the Debtor, Ms. Kelly, and/or their entities issued prior to the filing of this case, including, but certainly not limited to, the following selected opinions:

1) *In re Kelly*, Case No. 18-13244-WIL, 2018 WL 4354653 (Bankr. D. Md. Sep. 11, 2018).

2) *Myers v. United States Tr.*, No. 19-cv-00637-PX, 2020 WL 758157 (D. Md. Feb. 13, 2020) (noting that as of February 2020 "Myers ha[d] filed 15 bankruptcy appeals and five civil cases related to his 2015 bankruptcy action, the overwhelming majority of which have been dismissed either by the Court or by Myers voluntarily after he failed to designate the record, file a brief, or pay his filing fees").

3) *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, No. 18-cv-03460-PX, 2020 WL 758151 (D. Md. Feb. 14, 2020) (noting that the "case represents one matter in a litany of litigation stemming from Myers' bankruptcy petition filed over four years ago" in 2015), *reconsideration denied*, No. 18-cv-03460-PX, 2020 WL 1064810 (D. Md. Mar. 5, 2020).

4) *Kelly v. McNamee*, Lead Case: GJH-21-1186, Members Cases GJH-21-1184; GJH-21-1185, 2022 WL 861395 (D. Md. Mar. 23, 2022).

5) *In re Myers*, Case No. 2:21-bk-00123-FMD, 2023 WL 350183 (Bankr. M.D. Fla. Jan. 20, 2023) (imposing a two (2) year bar to refiling as to Mr. Myers).

---

[15] was continued pending issuance of this Memorandum Opinion and Order. Due to the relief granted in this Memorandum Opinion and Order, the relief sought in the UST Motion is duplicative and deemed resolved.

*In re 700 Tr.*, Case No. 24-10230-KKS, 2024 WL 5242058, at *1 (Bankr. N.D. Fla. Dec. 27, 2024).

*In re Kelly*, 656 B.R. 541, 548 (Bankr. D. Md. 2023).

*Kelly v. Naples Prop. Holding Co., LLC*, Civ. No. DLB-24-184, 2025 WL 974345, at *1 (D. Md. Mar. 31, 2025).

6) *In re 700 Tr.*, Case No. 24-10230-KKS, 2024 WL 5242058 (Bankr. N.D. Fla. Dec. 27, 2024).

7) *In re Myers*, Case No. 2:22-v-478-JES, 2023 WL 5720739 (M.D. Fla. Sep. 5, 2023), *appeal dismissed*, No. 23-13408, 2024 WL 1827262 (11th Cir. Apr. 26, 2024).

8) *In re Kelly*, 656 B.R. 541 (Bankr. D. Md. 2023) (imposing a four-year (4) bar to refiling as to Ms. Kelly, among other sanctions), *aff'd*, Civ. No. DLB-24-184, 2025 WL 974345 (D. Md. Mar. 31, 2025), *appeal filed*, Case No. 25-1474 (4th Cir. Apr. 30, 2025).

9) *In re Myers*, Case No. 2:21-bk-00123-FMD, 2022 WL 2827475 (Bankr. M.D. Fla. July 15, 2022), *aff'd*, Case No. 2:22-cv-498-JES, 2023 WL 5697379 (M.D. Fla. Sep. 5, 2023), *appeal dismissed*, No. 23-13409, 2025 WL 1113148 (11th Cir. Apr. 15, 2025).

10) *Myers v. Naples Golf and Beach Club, Inc.*, 1:24-cv-03127-ACR (D.D.C. Nov. 19, 2024), *appeal dismissed*, No. 24-7180 (D.C. Cir. Feb. 5, 2025) (finding Mr. Myers "brought this appeal, and the underlying district court action, in bad faith and for an improper purpose," and imposing sanctions against Mr. Myers in the amount of appellees' attorney's fees and costs), *imposing additional sanctions*, No. 24-7180 (D.C. Cir. June 2, 2025) (potentially enjoining Mr. Myers from filing any appeals or initiating any proceedings in that court until proof submitted that sanctions had been paid).

11) *In re 700 Tr.*, Case No. 2:25-bk-00051-FMD (Bankr. M.D. Fla. May 12, 2025) (dismissing bankruptcy case and imposing a four (4) year bar as to Ms. Kelly, Mr. Myers, and the 700 Trust to refiling in any jurisdiction).[18]

The Court gives full faith and credit to the rulings of each of these courts (and any others not specifically mentioned herein) and, rather than repeating the thorough and substantial histories already set forth therein, only seeks to supplement in this Memorandum Opinion those facts that have occurred related to this case. For the avoidance of doubt, the Court joins the United States Bankruptcy Court for the District of Maryland and the United States Bankruptcy Court for the

---

[18] After this matter was taken under advisement, the United States Bankruptcy Court for the Middle District of Florida issued a ruling in the 700 Trust case barring the 700 Trust, the Debtor, and Ms. Kelly from filing a future petition in any bankruptcy court for a period of four (4) years after the date upon which Judge Ruark's order became final and non-appealable. *See In re 700 Tr.*, 2:25-bk-00051-FMD, ECF No. 141.

5

Middle District of Florida in their stated intention to preclude the Debtor from further abusing the bankruptcy process.[19]

      *c.      Status of Other Cases Related to the Debtor as of the Petition Date*

In considering the Show Cause Order, it is beneficial to understand the status of the Debtor, Ms. Kelly, and the 700 Trust's various cases as of the Petition Date. In the days leading up to the filing of this case, the Debtor, Ms. Kelly, and the 700 Trust suffered significant setbacks in their pending cases. On November 8, 2024, 110 days before the Petition Date, the Debtor and Ms. Kelly purportedly caused the creation of the 700 Trust and executed a quitclaim deed which sought to convey the Debtor's and Ms. Kelly's former house in Naples, Florida to the 700 Trust, in part, in order to circumvent the existing filing bars (two (2) years as to the Debtor and four (4) years as to Ms. Kelly[20]). On December 27, 2024, the United States Bankruptcy Court for the Northern District of Florida entered an opinion finding that the case was "a thinly disguised attempt to continue several years' worth of bad faith litigation under cover of a 'business trust' formed, apparently, for the sole and exclusive purpose of continuing Mr. Myers' and Ms. Kelly's bad faith legal actions"[21] and put the Debtor and Ms. Kelly "on notice that the Court reserves jurisdiction to consider whether they should be deemed 'vexatious litigants,' possibly subject to an additional sanction in the form of a bar against future filings in this and other courts."[22] On January 10, 2025, the United

---

[19] *See Kelly*, 656 B.R. at 548 ("Ms. Kelly and Mr. Myers have exploited and subverted the bankruptcy process for over eight years. It is the intention of this Court that they be precluded from doing so any longer."); *see 700 Tr.*, 2024 WL 5242058 at *2 ("The Court takes no pleasure in imposing such extraordinary relief, but it is the duty of this Court to prevent further abuse of the bankruptcy process by Ms. Kelly. The Court determines that the relief granted is necessary and appropriate under the unique facts of this case to protect the integrity of the Court and the bankruptcy process.").

[20] Ms. Kelly's appeal of her bar order was pending in the United States District Court for the District of Maryland. As noted *supra*, the bar order was subsequently affirmed. Not deterred, Ms. Kelly has appealed the District Court order to the Fourth Circuit Court of Appeals. *See Kelly*, Case No. 25-1474, ECF No. 1. Ms. Kelly has already asked for an extension of the initial briefing deadline through and including June 26, 2025. *Id.*, ECF No. 5.

[21] *In re 700 Tr.*, 2024 WL 5242058 at *3.

[22] *Id.* at *7.

States Bankruptcy Court for the Northern District of Florida transferred the 700 Trust's chapter 11 bankruptcy case to the United States Bankruptcy Court for the Middle District of Florida to stop the "Debtor's, its Trustees', and its counsel's continued, well-demonstrated mockery of and disdain for the entire judicial system."[23] A hearing in the United States Bankruptcy Court for the Middle District of Florida on a motion to dismiss the 700 Trust case with prejudice was set for hearing on March 5, 2025.[24]

On January 7, 2025, the Eleventh Circuit Court of Appeals affirmed the district court denying reconsideration of its order to remand the Debtor's and Ms. Kelly's easement lawsuit against the NBC Entities to Florida state court.[25] In late January 2025 and early February 2025, the Eleventh Circuit also dismissed several appeals filed by the Debtor against the NBC Entities.[26] On February 5, 2025, the Court of Appeals for the District of Columbia Circuit issued a per curiam order dismissing the Debtor's appeal for lack of jurisdiction (related to the removal of an action from Florida state court as to the NBC Entities to the United States District Court for the District of Columbia) and ordering sanctions in the amount of reasonable attorneys' fees and costs against the Debtor.[27] Further, the United States District Court for the District of Columbia set a status conference in the case underlying the denied appeal for March 10, 2025.[28]

In the face of resuming litigation with the NBC Entities in either state court or the United States District Court, the continued decade-long administration of the Maryland Chapter 7, and the expiration of the two (2) year bar, the Debtor chose to again file a skeletal petition to obtain the benefit of the automatic stay—this time in the United States Bankruptcy Court for the District

---

[23] *In re 700 Tr.*, Case No. 24-10230-KKS, 2025 WL 77751, at *6 (Bankr. N.D. Fla. Jan. 10, 2025).

[24] *In re 700 Tr.*, Case No. 2:25-bk-0051-FMD, ECF No. 133.

[25] *In re Myers*, No. 23-11906, 2925 WL 39995 (11th Cir. Jan. 7, 2025).

[26] *See Myers v. City of Naples, Fla.*, No. 24-14007-AA, 2025 WL 752488 (11th Cir. Jan. 28, 2025); *see Myers v. City of Naples, Fla.*, No. 25-10179-A, 2025 WL 1155805 (11th Cir. Feb 11, 2025).

[27] *See Myers*, No. 24-7180, Doc. #2098926.

[28] See *Myers*, 1:24-cv-03127-ACR.

of Columbia, a court the Debtor may have presumed to be unfamiliar with his, Ms. Kelly's, and their entities' byzantine and copious filing history. The Debtor was mistaken.[29]

       *d.       The Debtor's History of Use of Bankruptcy Filings as a Sword and Delay Tactic*

Since 2018, the Debtor and/or Ms. Kelly have filed at least eight (8) individual chapter 13 petitions across four (4) different jurisdictions seeking to take advantage of the automatic stay for litigation purposes.[30] Additionally, since 2015, the Debtor, Ms. Kelly, and the 700 Trust have filed at least three (3) chapter 11 petitions across two jurisdictions for the same reason.[31] This chapter 13 case is no different from its predecessors. The Debtor and Ms. Kelly are not "honest but unfortunate debtors," but instead seek only to utilize the bankruptcy system as a sword to delay unfavorable litigation results and frustrate their creditors. This abuse of the bankruptcy system is particularly acute here where the Debtor filed a skeletal petition, without any statements or schedules, and yet utilized his bankruptcy case number to file at least four Suggestions of Bankruptcy in an attempt to stall or otherwise delay proceedings, including proceedings before the United States District Court for the District of Columbia and United States Court of Appeals for the District of Columbia Circuit.[32]

---

[29] The Court recalls that the Debtor in this case previously filed a chapter 11 petition in this jurisdiction for his entity the 1712 Property Holding Trust on June 19, 2022. *See* 22-00104-ELG, ECF No. 1. On July 1, 2022, the Court dismissed the case for failure to pay the balance of the chapter 11 filing fee. *See id*. at ECF No. 15.

[30] The totality of the Debtor's and Ms. Kelly's chapter 13 bankruptcy history, as well as the outcomes of those cases, are briefly recited herein: *See In re Barbara Ann Kelly*, Case No. 18-13244-LSS (Bankr. D. Md.) (dismissed for exceeding chapter 13 jurisdictional debt limit); *In re Barbara Ann Kelly*, Case No. 18-07142-FMD (Bankr. M.D. Fla.) (Debtor voluntarily dismissed); *In re Gregory B. Myers*, Case No. 19-10392-BLS (Bankr. D. Del.) (dismissed for improper venue); *In re Gregory B. Myers*, Case No. 19-17428-LSS (Bankr. D. Md.) (Debtor voluntarily dismissed); *In re Barbara Ann Kelly*, Case No. 19-24525-LSS (Bankr. D. Md.) (Debtor voluntarily dismissed); *In re Gregory B. Myers*, Case No. 21-00123-FMD (Bankr. M.D. Fla.) (dismissed with prejudice as a bad faith filing and two (2) year refiling bar imposed); *In re Barbara Ann Kelly*, Case No. 23-12700-MCR (Bankr. D. Md.) (Debtor voluntarily dismissed and bankruptcy court imposed prospective relief including modifying the automatic stay, imposing a four (4) year equitable servitude, and prospectively lifting the automatic stay), *aff'd on appeal*, Civ. No. DLB-24-184 (Mar. 31, 2025); *In re Gregory B. Myers*, Case No. 25-00069-ELG (Bankr. D.D.C.).

    *See In re* Myers, Case No. 15-26033-MCR (Bankr. D. Md.) (converted to chapter 7 and still pending); In *re Barbara Ann Kelly*, Case No. 23-11566-LSS (Bankr. D. Md.) (dismissed *sua sponte* by the court); *In re 700 Tr.*, Case No. 25-00051-FMD (Bankr. M.D. Fla.) (dismissed, initially filed in Bankr. N.D. Fla. as Case No. 24-10230-KKS).

    *See* Suggestion of Bankruptcy, *In re 700 Tr.*, Case No. 25-00051-FMD (Bankr. M.D. Fla. Mar. 4, 2025), ECF No. 130; Suggestion of Bankruptcy, *In re Myers (King v. Schlossberg)*, Case No. 15-26033-MCR, Adv. No. 24-00007

No further clarity of the intent or purpose for the Debtor's bankruptcy case as anything other than a continuation of the Debtor's decade long crusade to evade creditors was offered at the Hearing. Despite the fact that the Debtor had not filed a responsive pleading, the Court provided the Debtor with all the time he wanted (ultimately, over two hours) to address the merits of the case and the Show Cause Order. However, instead of addressing the purpose of his bankruptcy case, the Debtor accused the Court of bias and disparaged the other parties in interest present. Further, at the Hearing, the Court repeatedly asked the Debtor why he had filed a chapter 13 petition in this jurisdiction. The Debtor refused to provide a straightforward answer and insisted on casting aspersions on the integrity of sister bankruptcy courts. Instead of providing any clarity as to the purpose for his bankruptcy filing or any basis upon which the Court might find a modicum of good faith, the Debtor instead chose to maintain, as he has in his previous bankruptcy cases, that he is being unfairly targeted and receiving unequal treatment from the American judiciary. Notably, the Debtor did not show remorse for his past bankruptcy filings or take any responsibility for his behavior in this or any past cases, instead continuing to try to paint himself as a "victim." The only victims here are the bankruptcy system itself in the thousands of hours of judicial resources expended upon the Debtor's filings and the innocent creditors who have sought for years, or in some cases over a decade, to exercise their rights.

### III.    Legal Analysis

In considering whether cause exists to sanction the Debtor, and if so, what sanctions are appropriate, the Court finds persuasive the District Court of Maryland's recent memorandum opinion[33] affirming the order dismissing Ms. Kelly's 2023 chapter 13 case and granting

---

[33] (Bankr. D. Md. Mar. 6, 2025), ECF No. 25; Suggestion of Bankruptcy, *Myers v. Naples Golf and Beach Club, Inc.*, Case No. 24-03127-ACR (D.D.C. Mar. 7, 2025), ECF No. 23; Suggestion of Bankruptcy, *Myers*, No. 24-7180, Doc. #2105042.
   *Kelly*, 2025 WL 974345.

9

prospective relief (the "Opinion"). In the Opinion, the court found that absent sanctions "Kelly and Myers will continue to manipulate the bankruptcy system to prevent the foreclosure of [their] properties and harm their innocent creditors."[34] The Court wholeheartedly agrees and, for the reasons stated herein and as stated by sister courts, finds that sanctions are appropriate in this case as to the Debtor. The question is: If the previous two (2) year and four (4) year bars were insufficient to stop the Debtor, Ms. Kelly, and their entities from manipulating the bankruptcy system, then what *will* stop them? The Show Cause Order raised three proposed sanctions, each discussed herein.

    *a.  Bar to Refiling*

The Debtor cannot avoid an adverse ruling or bar to refiling simply by requesting voluntary dismissal of this case.[35] The Court retained jurisdiction on the question of a bar to refiling in the Dismissal Order and finds, as the United States Bankruptcy Court for the Middle District of Florida has found on two separate occasions, that a bar to refiling is appropriate. Sections 105(a) and 349(a) of the Bankruptcy Code authorize the Court to issue a lengthy bar, for cause. As the United States Bankruptcy Court for the District of Maryland found as to Ms. Kelly, "[i]f ever there were a case that screams out for the extraordinary relief allowed by Sections 105(a) and 349(a), this is it."[36] The Debtor has more than demonstrated that he can manipulate the litigation process to take several years (or a decade or more) to obtain a final order. Thus, it is necessary and appropriate that the bar to refiling be effective immediately, but the bar time period shall not begin until the date that this Memorandum Opinion and Order becomes final and nonappealable.

[36]

---

    *Id*. at \*20.
    *Id*. at \*11.
    *See Kelly*, 656 B.R. at 607.

The question is: what is the correct time period? The Show Cause Order required the Debtor to show cause as to why a ten (10) year bar to refiling should not be entered. Relying on *In re Balmer*,[37] the Chapter 7 Trustee urges the Court to impose a ten (10) year bar on the Debtor. In *Balmer*, after a period of eight (8) years of abuse of the bankruptcy system by the debtor, the bankruptcy court barred the debtor for eight (8) years—a period equal to the duration of the debtor's abuse of the bankruptcy system.[38] Based upon the totality of the circumstances, including but not limited to (i) the Debtor's abuse of the bankruptcy system spanning a decade beginning in 2015 with his first chapter 11 filing (which remains open to this date as a chapter 7 and is the basis for over a dozen written opinions in the main case and associated adversary proceedings); (ii) the apparent unpersuasive nature of the previous two (2) year bar as to the Debtor and the existing four (4) year bar as to Ms. Kelly; (iii) the consistent and persistent burden on the bankruptcy system by the Debtor; (iv) the Debtor's lack of recognition or perception of his ongoing and unfettered abuse of the bankruptcy system; and (v) the Debtor's apparent incapacity to understand or abide by an adverse ruling, the Court finds that a ten (10) year bar to refiling in any court is appropriate beginning on the date that this Memorandum Opinion and Order becomes final and nonappealable. For avoidance of any doubt, the bar is effective immediately, however, the ten-year (10) period will not begin to run until after any and all appeals of this Memorandum Opinion and Order have been exhausted.

> b.  *Annulment of the Stay*

The Show Cause Order also required the Debtor to show cause why the automatic stay should not be annulled retroactively to the Petition Date for bad faith and why the Court should not grant prospective relief from the automatic stay as to the NBC Entities in any bankruptcy case

---

[38] No. 1:03-BK-19058 E, 2003 WL 22658196 (Bankr. E.D. Ark. Oct. 10, 2003).
*Id.* at *4.

11

filed in any jurisdiction by the Debtor. However, because the Debtor voluntarily dismissed this chapter 13 case, the question of annulment of the stay is moot. Furthermore, given the ten (10) year bar to refiling, the Court finds that prospective relief from the stay is unnecessary and may be duplicative.

### c.   *Vexatious Litigant Pre-Filing Injunction*

A vexatious litigant injunction is an "extreme sanction and should be imposed in only the most egregious cases."[39] Prior to imposing such a sanction, courts must look to (i) whether there have been numerous, similar actions filed by the party; (ii) whether the party's previous filings were adjudicated as frivolous filings and completely lacked substantive allegations; (iii) whether the party is seeking to harass a certain adversary; and (iv) whether the administration of justice has been impeded so that a vexatious litigant injunction is required.[40] Despite the Debtor's prolific and abusive filing history across multiple jurisdictions as described herein, the Court finds that due to the bar imposed herein and at this time and case posture (solely based upon the filings in this Court), the Debtor is not a vexatious litigant.[41]

### d.   *Dismissal of the Adversary Proceeding with Prejudice*

Dismissal with prejudice is "an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process."[42] Despite the stay of the Adversary Proceeding, the Debtor filed a *Notice of Dismissal Without Prejudice* attempting to dismiss the Adversary Proceeding to avoid an adverse ruling less than one month after the matter was filed.[43]

---

[39] *Duru v. Mitchell*, 289 F. Supp. 3d 112, 117 (D.D.C. 2018) (citing *In re Powell*, 851 F. 2d 427, 434 (D.C. Cir. 1988)).
[40] *Id.*
[41] It is also not clear that such prohibition would have the desired impact on the Debtor in any event. The United States Bankruptcy Court for the Middle District of Florida imposed a bar against filing any further matters absent either the prior authorization of the Court or such filing be signed by an attorney in good standing with the bar. Notwithstanding this requirement, the Debtor caused an attorney to file the 700 Trust case and recently sanctions were entered against the Debtor and the attorney. *See in re 700 Tr.*, Case No. 2:25-bk-00051-FMD, ECF No. 140.
   *In re Ebersole*, 452 B.R. 920, 922 (Bankr. W.D. Va. 2011).
   Adversary Proceeding, ECF No. 6.

12

This tactic echoes those used previously by the Debtor to evade adverse rulings and warranted repercussions and to preserve future avenues of legal abuse resulting in harm to innocent creditors and a waste of judicial resource. No such escape route is available to the Debtor in this case. The Adversary Proceeding is another example of the Debtor's contumacious actions and abuse of the bankruptcy process.[44] Thus, the Court shall dismiss the Adversary Proceeding, with prejudice.

## IV.    Conclusion

Therefore, for the reasons stated herein, the Court finds that cause exists to sanction the Debtor. Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      This case is **DISMISSED WITH PREJUDICE**.

2.      The Debtor, Gregory Brian Myers, is barred from filing any case under any chapter of the Bankruptcy Code for a period of ten (10) years in any jurisdiction, effective immediately, but with such ten-year (10) period beginning on the date that this Memorandum Opinion and Order becomes final and nonappealable.

3.      By separate order, the Adversary Proceeding (25-10005-ELG) shall be dismissed with prejudice.

[Signed and dated above.]

Copies to: recipients of electronic notification.

---

[44] Adversary Proceeding, ECF No. 1 (pleading a cause of action under § 362(k) and a tort claim originating from alleged stay violations and seeking damages in the millions of dollars).

13

ORDERED.

**Dated: January 31, 2023**

*Caryl E. Delano*
Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
**www.flmb.uscourts.gov**

In re:                                                                  Case No. 2:21-bk-00123-FMD
                                                                            Chapter 13

Gregory Brian Myers

    Debtor.
_____/

## SUPPLEMENTAL ORDER DENYING CONFIRMATION AND DISMISSING CASE WITH PREJUDICE AND NOTICE TO STATE COURT JUDGES AND CLERKS

THIS CASE came on for a duly-scheduled confirmation hearing on January 19, 2023 to consider confirmation of the proposed Chapter 13 Plan. The Court finds that the Debtor's Chapter 13 Plan, as filed, does not meet the requirements for confirmation and that dismissing this case is in the best interests of creditors and the estate.

**ORDERED**:

1.      This case is dismissed with prejudice effective January 19, 2023, and the Debtor is prohibited from filing another bankruptcy case anywhere in the world prior to January 19, 2025.

2.      The Clerk is directed not to accept any bankruptcy petition filed by the Debtor prior to January 19, 2025.[1]

---

[1] If the Debtor seeks relief from this order, the Debtor may file a motion for the same in this case. If, however, this case is closed when such motion is filed, the Debtor will first need to pay the reopening fee.

3.      **ALL STATE COURT JUDGES AND CLERKS ARE NOTIFIED:**

**THE FILING OF A BANKRUPTCY CASE BY THE DEBTOR PRIOR TO JANUARY 19, 2025, WILL NOT CAUSE THE AUTOMATIC STAY TO BECOME OPERATIVE AND WILL NOT, THEREFORE, PROVIDE GROUNDS TO STOP ANY SCHEDULED FORECLOSURE SALE OR OTHER COURT PROCEEDING WITH RESPECT TO ANY PROPERTY OWNED OR OCCUPIED BY THE DEBTOR AT THAT TIME.**

4.      All pending hearings are canceled with the exception of any scheduled hearing on a motion for relief from stay that is currently scheduled for hearing within 14 days of the date of this Order or on an Order to Show Cause over which the Court hereby reserves jurisdiction.

5.      Refund of Plan Payments if Case is Dismissed or Converted.  If this case was dismissed or converted to a case under Chapter 7 or Chapter 11, the Trustee shall refund to Debtor(s) any undisbursed funds in the Trustee's possession as follows:

a.      If this case was dismissed or converted prior to confirmation of the Plan:

i.      The Trustee shall subtract the amounts set forth in any filed applications for unpaid administrative expense claims, including Debtor(s) attorney(s) filed application for fees, from the refund.

ii.      Applications for administrative expense claims, including applications for Debtor(s) attorney(s) fees, shall be filed no later than 14 days after initial entry of the order dismissing or converting the case.

iii.      After the aforementioned 14 day period for filing administrative expense claims has expired, the Trustee shall issue the refund payable to Debtor(s).  If Debtor(s) is represented by an attorney, the Trustee shall send the refund to the Debtor(s) in care of Debtor(s) attorney.

iv.      The Court reserves jurisdiction to determine timely filed applications for administrative expenses.

b.      If this case was dismissed or converted after the Plan had been confirmed, and Notwithstanding any other Court orders, the Trustee shall issue the refund, made payable to the Debtor(s), as soon as practicable.  If Debtor(s) is represented by an attorney, the Trustee shall send the refund to the Debtor(s) in care of Debtor(s) attorney.

c.      The Trustee shall thereafter file his final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

6.      Debtor, the Trustee, or any party in interest may, within 14 days of the date of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the

disgorgement of any portion of the fees deemed excessive.  The Court shall retain jurisdiction for this purpose.

Trustee, Jon M. Waage, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.

JMW/KRM/ss                                                                                          C13T 01/30/23

# EXHIBIT C

Case 15-26033   Doc 1115-2   Filed 06/10/26   Page 36 of 69

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

GREGORY B. MYERS and
BARBARA ANN KELLY,

      Plaintiffs,

vs.
                            Case No. 11-2021-CA-001441-0001-XX

NAPLES GOLF AND BEACH CLUB, INC.,
a Florida corporation; NAPLES PROPERTY
HOLDING COMPANY, LLC, a Delaware
limited liability company; NAPLES BEACH
CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as
Trustee under the Land Trust Agreement
dated as of May 27, 2021; NAPLES BEACH
CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC, a Delaware limited liability
company, as Trustee under the Land Trust
Agreement dated as of May 27, 2021; and
NBC CLUB OWNER, LLC, a Delaware
limited liability company,

      Defendants.

_____/

## ORDER FINDING GREGORY B. MYERS & BARBARA ANN KELLY TO BE VEXATIOUS LITIGANTS AND IMPOSING SANCTIONS

On: (*must check one*)

      ☐    the Court's own motion following a show cause order; or

      ☒    Defendant's motion and supplemental motion to declare Plaintiffs vexatious litigants filed June 20, 2025, and July 2, 2025.

      The Court finds that <u>Gregory B. Myers and Barbara Ann Kelly</u> qualify as vexatious litigants pursuant to section 68.093, Florida Statutes, in that <u>Gregory B. Myers and Barbara Ann Kelly</u>: (*must check one*)

      ☒    previously were found to be vexatious litigants pursuant to this section or by another state court or a federal court in:

Page 1 of 5

In re: Barbara Ann Kelly, 656 B.R. 541 (Bankr. D. Md. 2023), Case No. 23-12700-MCR (Order dated Dec. 11, 2023). (See **Attachment A**).

U.S. Bank National Assoc. v. Myers, 2024 WL 4100346 (M.D. Fla. 2024), Case No. 2:24-cv-452 (Order dated September 6, 2024). (See **Attachment B**).

Myers v. Naples Golf and Beach Club, Inc., 2024 WL 4564161 (M.D. Fla. 2024) Case No. 2:24-cv-846 (Order dated October 24, 2024). (See **Attachment C**).

In re: Gregory Brian Myers, 2025 WL 1662344 (Bankr. D.D.C. 2025), Case No. 25-00069 (Order dated June 11, 2025). (See **Attachment D**).

See § 68.093(2)(c)5., Fla. Stat., or

☐   within the immediate preceding 7-year period, commenced, prosecuted, or maintained, while a self-represented litigant, five or more actions in any court that have been finally and adversely determined (i.e., no appeal pending) against _____. See § 68.093(2)(c)1., Fla. Stat.

1.   {identity of case #1}.

2.   {identity of case #2}.

3.   {identity of case #3}.

4.   {identity of case #4}.

5.   {identity of case #5}.

The Court further finds that Gregory B. Myers' and Barbara Ann Kelly's actions have substantially interfered with the orderly process of judicial administration due to the judicial and clerical labor necessary to address.

The Court further finds that Gregory B. Myers and Barbara Ann Kelly have the following identifying information: (*please identify as much known descriptive information, if any, e.g., birth date, social security number, sex, email address, etc.*)

700 Gulf Shore Blvd. N., Naples, FL 34102, (301)325-2312, gregbmyers@verizon.net, bakellymyers@verizon.net

Page 2 of 5

**IT IS THEREFORE ORDERED AND ADJUDGED**:

1.  <u>Gregory B. Myers and Barbara Ann Kelly</u> are declared to be vexatious litigants pursuant to section 68.093(2)(c), Florida Statues.

2.  The Court imposes the following sanction(s): (*check all that apply*)

    ☐   Within _____ days of the date of this Order, {Party} **in this case** shall furnish security in the amount of $_____ by posting a bond with the Clerk or depositing funds in the Registry of the Court to ensure payment to {specified defendant} in an amount reasonably sufficient to cover the defendant's anticipated, reasonable expenses of litigation, including attorney fees and taxable costs. Failure to comply with this directive may result in the Court dismissing that defendant with prejudice. <u>See</u> § 68.093(3), Fla. Stat.

    ☒   <u>Gregory B. Myers and Barbara Ann Kelly</u> are prohibited, as self-represented litigants, from filing **any new action** in this Judicial Circuit without first obtaining leave of the court in which <u>Gregory B. Myers and/or Barbara Ann Kelly</u> seek to file the new action. Leave of court shall be granted by the Court only upon a showing that the proposed action is meritorious and is not being filed for the purpose of delay or harassment. Nothing in this Order prohibits an attorney in good standing with The Florida Bar from filing an action on behalf of <u>Gregory B. Myers and/or Barbara Ann Kelly</u>. See § 68.093(4), Fla. Stat.

    ☐   Additional sanctions: _____
    _____
    _____
    <u>See</u> § 68.093(8), Fla. Stat.

3.  If the Court prohibited <u>Gregory B. Myers and Barbara Ann Kelly</u>, as self-represented litigants, from filing any new actions:

    a.   The Clerk(s) of this Court is/are directed not to docket any future action <u>Gregory B. Myers and/or Barbara Ann Kelly</u> attempt to file as self-represented litigants in any court within this Judicial Circuit. Upon any attempt by <u>Gregory B. Myers and/or Barbara Ann Kelly</u> to do so, and if the Clerk is positively able to identify the filer as being subject to this Order, the Clerk will reject the filing. If the Clerk later discovers the Clerk inadvertently docketed a new action

covered by this Order, the Clerk shall notify the Court. If the Clerk mistakenly allows a pro se vexatious litigant to file a new action in contravention of this Order, any party to that action may file with the Clerk and serve on the vexatious litigants and all other parties a notice stating that the vexatious litigants are subject to this Order, which shall automatically stay the litigation. See § 68.093(4) & (5), Fla. Stat.

b. If Gregory B. Myers and/or Barbara Ann Kelly, as self-represented litigants, seek to file a new action, Gregory B. Myers and/or Barbara Ann Kelly shall file a motion with the Clerk of the Court entitled "Vexatious Litigant's Motion for Permission to File a New Action" and include a copy of this Order. The Clerk shall send that motion together with the proposed complaint and this Order to the Court. The Court may condition the filing of the proposed action upon the furnishing of security as defined by section 68.093(2)(b). See § 68.093(4), Fla. Stat.

4. The relief provided in this Order is cumulative to any other relief or remedy allowed by law. See § 68.093(8), Fla. Stat. Gregory B. Myers' and/or Barbara Ann Kelly's violation of this Order is punishable by contempt of court.

5. Pursuant to section 68.093(6), the Clerk of this Court is directed to provide a copy of this Order to the Clerk of the Supreme Court of Florida via email at tomasino@flcourts.org for inclusion on the registry of vexatious litigants.

**DONE AND ORDERED** in Chambers at Naples, Collier County, Florida, on this _____15_____ day of _____JULY_____, 2025.

Lauren L Brodie
Lauren Brodie
Circuit Judge

Page 4 of 5

Electronic Service:

Gregory B. Myers
Barbara Ann Kelly
Glenn Burhans, Jr., Esq.
Jeffrey D. Fridkin, Esq.
John A. Tomasino, Clerk of the Supreme Court of Florida
Crystal K. Kinzel, Clerk of Court, Collier County
Kevin C. Karnes, Clerk of Court, Lee County
Roger D. Eaton, Clerk of Court, Collier County
Kimberly R. Barrineau, Clerk of Court, Hendry County
Tami Pearce Simmons, Clerk of Court, Glades County

# EXHIBIT D

Filing # 146031573 E-Filed 03/18/2022 10:38:30 PM

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION**

GREGORY B. MYERS,

      Plaintiff,

Case No. 22-CA-_____

v.

3073 HORSESHOE DRIVE LLC,

      Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, GREGORY B. MYERS ("Plaintiff'), and sues Defendant 3073 HORSESHOE DRIVE LLC ("Defendant"), and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for breach of contract for an amount that is in excess of $30,000.00, exclusive of interest, costs, and attorney's fees.

2.     The acts complained of herein relate to a "Commercial Contract" for the purchase and sale of property with street address "3073 S Horseshoe Drive, Naples, FL 34104" and legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (hereinafter collectively referred to as the "Property").

3.     Venue is proper in Collier County, Florida, as that is where the causes of action accrued and where the Property is located.

1

4. Plaintiff, as assignee of 1712 Property LLC, is the "Buyer" under the subject contract for the purchase and sale of the Property.

5. Defendant is the "Seller" under the subject contract for the purchase and sale of the Property.

6. Plaintiff has performed all conditions precedent to bringing this action, or any such conditions precedent have been met, satisfied or waived.

## COUNT I
### Breach of Contract

7. Plaintiff restates and re-alleges Paragraphs 1 through 6 above, as if set forth fully herein. Plaintiff,

8. On or around February 3, 2022, Defendant entered into a contract with 1712 Property LLC for the purchase and sale of the Property (hereinafter referred to as the "Contract").

9. 1712 Property LLC subsequently assigned all right, title, and interest in and to the Contract to Plaintiff.

10. Plaintiff has fully performed its obligations under the Contract.

11. Defendant has breached the Contract.

12. As a result of Defendant's breach of the Contract, Plaintiff has lost the benefit of the Contract and has incurred damages.

13. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant awarding Plaintiff specific performance of the Contract, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

2

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and issues so triable.

Respectfully submitted,

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

3

# EXHIBIT E

FILED – Via email

OCT 13 2022

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**
www.flmb.uscourts.gov

In re:                                                        Case No.: 2:21-bk-00123-FMD

Gregory Brian Myers,                                    Chapter 13

　　　　Debtor.

_____/

### DEBTOR'S RESPONSE TO HORSESHOE DRIVE'S
### AMENDED MOTION TO CONFIRM THAT THE AUTOMATIC STAY
### DOES NOT APPLY, AND IN THE ALTERNATIVE, FOR RELIEF FROM
### THE AUTOMATIC STAY, INCLUDING PROSPECTIVE RELIEF

Debtor, GREGORY BRIAN MYERS ("Myers" or "Debtor"), *pro se*[1], files this response

(the "Response") to *Horseshoe Drive's Amended Motion To Confirm That The Automatic Stay*

*Does Not Apply, And In The Alternative, For Relief From The Automatic Stay, Including*

*Prospective Relief* (Doc. 285) (the "Motion") filed by 3073 Horseshoe Drive, LLC ("Horseshoe"

or "Movant"), and respectfully states:

　　　　1.　　　　Debtor commenced this case by the filing of a bankruptcy petition on January 28,

2021.

　　　　2.　　　　Debtor is current on all plan payments to the Chapter 13 Trustee.

　　　　3.　　　　Horseshoe has not filed a proof of claim in this case.

　　　　4.　　　　On March 18, 2022, Myers filed a complaint for breach of contract against

Horseshoe in Collier County Circuit Court, Case No. 22-CA-453, together with a Notice of Lis

Pendens (the "Collier County Action").

_____

[1] On October 12, 2022, Attorney Undine George filed *Debtor's Attorney's Motion For Leave To Withdraw* (Doc 294) ("Motion to Withdraw") necessitating that Debtor file the instant Response.

5.    On June 14, 2022, Myers filed an amended complaint in the Collier County Action.

6.    On June 17, 2022, Myers assigned all right, title, and interest in the "Commercial Contract" which is the subject of the Collier County Action to 1712 Property Holding Trust.

7.    Horseshoe *errantly* asserts that Debtor "has filed several motions" in the Collier County Action "alleging that the automatic stay impose by section 362(a)(3) of the Bankruptcy Code arising from his Florida Bankruptcy Case prohibits Horseshoe Drive from <u>defending</u> the Collier County Action" (emphasis supplied). Horseshoe's assertions are factually incorrect.

8.    Debtor advises the Court that he does not object to Horseshoe <u>defending</u> the claims in the Collier County Action; however, Debtor does object to Horseshoe, in violation of 11 U.S.C. § 362(d), filing claims, counterclaims, crossclaims or third-party claims *against* the Debtor, including without limitation, requesting that the Circuit Court require Myers (Debtor) to post a bond in the Collier County Action.[2]

9.    As this Court knows, "all proceedings in a single case are not lumped together for purposes of automatic stay analysis." *See IAG Engine Ctr. Corp. v. Cagney Global Logistics Inc.*, 501 F. Supp. 3d 1287, 1299 (S.D. Fla. 2020) quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) ("claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay"). Thus, "within one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue." *Id.*

---

[2] For example, on July 28, 2022, Horseshoe filed a *Memorandum in Support of Requiring [Myers] to Post a Lis Pendens Bond* (i.e., a "claim" against the Debtor), constituting an "act" in violation of 11 U.S.C. § 362(a)(1) and (3). Myers subsequently filed the Petition for Writ of Prohibition in the 2DCA because the Circuit Court, on August 17, 2022, entered an order requiring Myers (Debtor) "to post a Lis Pendens Bond...in the amount of $150,000.00" (the "Bond Order").

10.     *See also Rucker v. Great Dane Petroleum Contractors, Inc.*, 2:21-cv-207-SPC-MRM (M.D. Fla. Aug. 16, 2021) citing *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994), holding that "an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an 'action or proceeding against the debtor' within the meaning of § 362(a)(1), notwithstanding the fact that the plaintiff initiated the lawsuit."

11.     It is well settled that any action taken in violation of the stay, even if such action is a judicial proceeding, is void and of no force and effect. *See, e.g., Echo River Sanctuary, LLC v. 21st Mortg. Corp.*, No. 1D21-1940 (Fla. Dist. Ct. App. Jun. 15, 2022) citing *McMahon v. Ryan*, 964 So.2d 198 (Fla. 5th DCA 2007) (because an action taken in violation of the automatic bankruptcy stay is a nullity, service of process in a state court proceeding is void as to a party who filed a bankruptcy petition before being served). *See also US. v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) ("It is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.'").

12.     In Florida, "the unanimous consensus seems to be that an appeal initiated by a debtor-defendant is a 'continuation . . . of a judicial, administrative, or other action or proceeding against the debtor' as set forth by the plain language in section 362." *Nat'l Med. Imaging, LLC v. Lyon Fin. Servs.*, No. 3D20-730 (Fla. Dist. Ct. App. Jan. 13, 2021)); 11 U.S.C. § 362(a)(1) (2020).

13.     Debtor will not address the merits of the Collier County Action other than to advise the Court that on August 5, 2022, the circuit court **denied** Horseshoe's Motion to Dismiss the Amended Complaint. Accordingly, Horseshoe's assertion that there is a "pattern of dilatory litigation tactics by the Debtor and an abuse of the bankruptcy process" is both disingenuous and meritless.

WHEREFORE, the Debtor, Gregory Brian Myers, respectfully requests that the Court enter an order: (i) modifying the automatic stay to allow Horseshoe to <u>defend</u> itself in the Collier County Action; (ii) confirming the automatic stay is <u>not</u> lifted as to any claims, counterclaims, crossclaims or third-party claims *against* the Debtor, including without limitation, any request that the the Debtor be required to post a bond (or similar relief which could impose individual liability upon the Debtor) in the Collier County Action or any related action or proceeding; and (iii) denying all other relief requested in the Motion.

Dated: October 12, 2022

Respectfully submitted,

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## **PROOF OF SERVICE**

I hereby certify that on October 12, 2022, I electronically filed the foregoing with the Clerk of Court using flmb-intake-tampa-ft-myers@flmb.uscourts.gov thereby serving all registered users in this case, including to Chapter 13 Trustee, Jon Waage, PO Box 25001, Bradenton, FL 34206-5001.

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

GREGORY B. MYERS

      Plaintiff,

v.

3073 HORSESHOE DRIVE, LLC,

      Defendant.

_____/

Case No.: 2-23-cv-00095-JLB NPM

## COMPLAINT

Plaintiff, GREGORY B. MYERS ("Myers" or "Plaintiff") sues Defendant, 3073

HORSESHOE DRIVE, LLC ("Horseshoe" or "Defendant"), and alleges:

### PARTIES

1. Plaintiff Myers is a citizen of the state of Florida.

2. Defendant Horseshoe is upon information and belief a Florida Limited Liability

Company.

### JURISDICTION AND VENUE

3. The court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343

for the federal claims and 28 U.S.C. § 1367(a) for the supplemental state law claims.

4. Venue is the proper in this district pursuant to 28 U.S.C. § 139l(b).

### COUNT I
### 11 U.S.C. § 362(k)

5. On January 28, 2021, Myers filed a petition under chapter 13 of the Bankruptcy

Code in the United States Bankruptcy Court for the Middle District of Florida, Case No. 2:21-bk-

00123 (the "Florida Bankruptcy Case").

6.    On March 18, 2022, Myers filed a Notice of Lis Pendens in the Collier County Records (the "Lis Pendens").

7.    On July 28, 2022, Defendant Horseshoe filed a memorandum in Collier County Circuit Court, Case No. 22-CA-0453, moving the state court to order Myers to post a bond in connection with the Lis Pendens (the "Bond Claim").

8.    On August 17, 2022, the circuit court entered an Order requiring Myers to post a bond (the "Bond Order"), which states:

> 2. The Plaintiff, Gregory B. Myers, is required to post a Lis Pendens Bond in favor of Defendant, 3073 Horseshoe Drive LLC, in the amount of **$150,000.00** as a condition for the Lis Pendens to remain in place and shall file proof of compliance in this case within ten (10) days from the date of this Order, or no later than August 27, 2022.

(Emphasis original).

9.    Horseshoe's Bond Claim constitutes an act in violation of the automatic stay under 11 U.S.C. § 362(a).

10.    Section 362(k) of the Bankruptcy Code provides, in relevant part, that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

11.    Plaintiff has been injured by Horseshoe's willful violation of the automatic stay.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, awarding Plaintiff compensatory and punitive damages, attorneys' fees, costs and expenses of this action, and such other and further relief as is proper.

## COUNT II
### Breach of Contract

12. The acts complained of herein relate to a "Commercial Contract" (the "Contract") for the purchase and sale of property at street address 3073 S Horseshoe Drive, Naples, FL 34104 and legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (collectively, the "Property").

13. Plaintiff, as assignee of 1712 Property LLC, is the "Buyer" under the Contract.

14. Defendant is the "Seller" under the Contract.

15. Pursuant to the terms of the Contract, 1712 Property LLC deposited $10,000.00 with Naples Title, Inc., which deposit remains in escrow with the escrow agent, Tim Toole, Naples Title, Inc.

16. Plaintiff has performed all conditions precedent to bringing this action, or any such conditions precedent have been met, satisfied, or waived.

17. Defendant has breached the Contract.

18. As a result of Defendant's breach of the Contract, Plaintiff has lost the benefit of the Contract and has incurred damages. Real estate is a unique asset and Plaintiff has no adequate remedy at law since Plaintiff cannot be made whole by money damages alone.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, awarding Plaintiff specific performance of the Contract, plus interest, attorneys' fees, costs, and such other and further relief as is proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and issues so triable.

Respectfully Submitted,

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

4

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

USDC- GREENBELT
'26 FEB 17 PM3:56

GREGORY B. MYERS,

      Plaintiff,

      Case:   LKG 2 6 CV 0 0 6 4 9

v.

3073 HORSESHOE DRIVE, LLC,
CARLO F. ZAMPOGNA, solely in his capacity as Trustee of the HORSESHOE LAND TRUST,
HORSESHOE MOTOR DEVELOPERS, LLC,
SMGRA15 LLC,

      Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Gregory B. Myers ("Plaintiff" or "Myers"), individually and as assignee of 1712 Property LLC ("1712"), brings this action against Defendants 3073 Horseshoe Drive, LLC ("3073"), Carlo F. Zampogna, solely in his capacity as Trustee of the Horseshoe Land Trust ("Land Trust"), Horseshoe Motor Developers, LLC ("Motors"), and SMGRA15 LLC ("SMGRA15") (with 3073, Land Trust, Motors, and SMGRA15 each being a "Defendant" and collectively, the "Defendants"), and alleges as follows:

### INTRODUCTION

1.     This action arises from an enforceable written commercial real-estate purchase contract under Florida law for all real property and improvements in Collier County, Florida legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (collectively, the "Property"), for a purchase price of $5,400,000.

2.     Myers accepted seller 3073's counteroffer on February 3, 2022, forming a binding contract. Thereafter, 3073 refused to perform and instead, on or about December 31, 2024, sold a

major portion of the contracted Property (approximately 4.78 acres) to Land Trust and its affiliated developer/assignee, Motors, for $5,553,000, leaving 3073 with the remainder of the contracted Property (approximately 5 acres and a 72,000 square-foot building) and collecting substantial rents.

3.      The partial conveyance and related actions occurred while Myers was a Chapter 13 debtor in the U.S. Bankruptcy Court for the Middle District of Florida (Case No. 2:21-bk-00123, filed January 28, 2021, dismissed January 20, 2023). Myers' contract rights and equitable interests in the Property constituted "property of the estate" protected by the automatic stay. Defendants acted with notice and, at minimum, willfully violated the stay.

4.      Although Defendant 3073 sought stay relief in Case No. 2:21-bk-00123 on or about September 21, 2022, the Bankruptcy Court granted prospective relief only. Defendant 3073 did not obtain retroactive annulment of the stay and did not request retroactive relief. Accordingly, Defendant 3073' earlier acts in violation of the automatic stay remain actionable under 11 U.S.C. § 362(k).

5.      Defendants Land Trust, Motors, and SMGRA15 never sought or obtained stay relief in Case No. 2:21-bk-00123.

6.      Myers seeks: (a) damages for willful stay violations; (b) specific performance of the entire bargain; (c) a constructive trust/equitable lien over the Property, improvements, proceeds, and rent streams; (d) an accounting; (e) declaratory relief confirming Myers' equitable rights; and (f) narrowly tailored injunctive/preservation relief to prevent dissipation or transfer of the disputed interests and proceeds during litigation.

2

Case 15-26033    Doc 1115-2    Filed 06/10/26    Page 59 of 69

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1334 (bankruptcy jurisdiction) and 11 U.S.C. § 362(k) because Count I seeks damages for willful violation of the automatic stay arising under Title 11 and related to Myers' Chapter 13 case.

8.      Additionally, this Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Count I arises under federal law (11 U.S.C. § 362(k)).

9.      The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law contract and equitable claims (Counts II–VI) because they form part of the same case or controversy as the § 362(k) claim.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims—including the creation and assignment of contract rights held by a Maryland limited liability company (1712 Property LLC), and harms and effects of Defendants' conduct on those rights—occurred in and were directed toward Plaintiff and the assignee entity with connections to Maryland; Plaintiff also owns and has owned a home in Maryland for years, including at all relevant times.

### PARTIES

11.     Plaintiff Gregory B. Myers is a natural person and a citizen of Florida and maintains a permanent residence in Naples.

12.     1712 Property LLC is a Maryland limited liability company and was the original buyer named in the commercial purchase contract described below.

13.     Defendant 3073 Horseshoe Drive, LLC is a Florida limited liability company that owned the Property and and was the seller named in the commercial purchase contract described below.

14. Defendant Carlo F. Zampogna, solely in his capacity as Trustee of the Horseshoe Land Trust, is joined because the Land Trust took title and/or contractual rights in the chain of title to the disputed Property interests and because complete relief requires binding the trust's interests.

15. Defendant Horseshoe Motor Developers, LLC is a Florida limited liability company that is upon information and belief the assignee of Land Trust and acquired and developed the approximately 4.78-acre portion of the Property and pursued financing, construction and development thereon.

16. Defendant SMGRA15 LLC is a Florida limited liability company that provided the construction and other financing secured by a recorded mortgage and related security instruments encumbering the relevant portion of the Property and improvements thereon.

## FACTUAL ALLEGATIONS

### A. Myers' Chapter 13 and the automatic stay

17. Myers filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Middle District of Florida on January 28, 2021, Case No. 2:21-bk-00123.

18. The filing imposed the automatic stay under 11 U.S.C. § 362(a).

19. Myers' Chapter 13 case was dismissed on January 20, 2023.

### B. The Contract for the Property and acceptance on February 3, 2022

20. On February 2. 2022, 1712 submitted an offer to purchase the Property from 3073 for $5.0M using a written commercial contract form (the "Contract").

21. The Contract identifies the Property by "Parcel # 07040000500" and by legal description: "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (collectively, the "Property").

22.     On February 3, 2022, 3073's owner/principal/manager (Doug Schumann) communicated a counteroffer to Myers, adjusting certain terms, which Myers accepted without modification on February 3, 2022. A binding agreement was formed.

23.     Myers and/or 1712 stood ready, willing, and able to perform under the Contract.

## C.  Assignment from 1712 to Myers

24.     On March 11, 2022, 1712 executed a written assignment transferring all rights, title, and interest in the Contract and the Property purchase rights to Myers (the "Assignment").

25.     Myers is the real party in interest to enforce the Contract and seek equitable relief.

## D.  Myers' state-court suit and lis pendens recorded March 18, 2022

26.     After 3073 refused to perform and withheld due diligence materials required for closing, Myers filed an action in Collier County Circuit Court on or about March 18, 2022 to enforce the Contract.

27.     On the same date, Myers recorded a Notice of Lis Pendens in the Collier County Official Records referencing the Contract and the Property (i.e., Parcel # 07040000500), putting subsequent purchasers, lenders, and title actors on record notice of Myers' claimed rights.

28.     The lis pendens was recorded on the same day that 3073 executed a separate contract to sell the approximately 4.78-acre portion (i.e., Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7) to Land Trust (described below).

## E.  Defendant 3073 Horseshoe Drive, LLC' partial conveyance strategy

29.     Despite Myers' enforceable Contract for the entire Property at a fixed price of $5,400,000, 3073 pursued a partial conveyance to Land Trust:

5

a.  3073 entered into a separate contract dated March 18, 2022 with the Horseshoe Land Trust, describing a purchase of approximately 4.78 acres (i.e., Collier Park of Commerce Retail Center Tracts 4, 5, 6, and 7) for $5.4M;

b.  Those contract rights were assignable to an entity created to take title;

c.  The assignee/developer entity is Horseshoe Motor Developers, LLC.

30.     The Land Trust and Motors proceeded with actual and record notice of Myers' Contract, the pending dispute, and Myers' recorded notices.

31.     The Land Trust recorded its own notice in the Collier County Official Records acknowledging the dispute and/or title defect and stating that it proceeded anyway and spent money.

32.     The conveyance to Motors was ultimately consummated by recorded deed transferring "Tracts 4, 5, 6, and 7, Collier Park of Commerce Retail Center," while 3073 retained "East Naples Industrial Pk Lots 3 and 4" and the 72,000 square-foot building.

**F.  Construction financing and liening of the disputed property interests**

33.     Land Trust and/or Motors obtained construction and other financing from SMGRA15 LLC, which recorded a mortgage and related collateral documents encumbering the relevant portion of the Property.

34.     SMGRA15 LLC's lien interests were taken with record notice of Myers' prior filings and recorded notices and are subject to adjudication in this action to afford complete relief.

**G.  Lots 3 and 4 and the 72,000 square-foot building and rent stream**

35.     Based on Collier County records, no deed appears transferring "East Naples Industrial Pk Lots 3 and 4" and the approximately 72,000 square-foot building from 3073; 3073 remains the record owner of that portion of the Property.

36.     The building has been leased to a school on a triple-net basis, generating approximately $75,000 per month (approximately $900,000 per year).

37.     3073 has collected (and invested) this rent stream from at least February 2022 to present, while refusing to perform its obligations to Myers under the Contract.

**H. 3073 sought stay relief after conduct occurred; relief granted prospectively only**

38.     While Myers' Chapter 13 case remained pending, 3073 filed a motion in the Bankruptcy Court for relief and/or determinations regarding the stay.

39.     The Bankruptcy Court entered an order granting **prospective** relief from the automatic stay effective from the order date forward and did not grant retroactive relief or annulment.

40.     3073 did not request retroactive annulment of the stay and no retroactive relief was granted.

41.     Accordingly, actions taken during the stay period remain actionable and are not cured by later prospective relief.

42.     Defendants Land Trust, Motors, and SMGRA15 never sought or obtained stay relief in Case No. 2:21-bk-00123.

**I. The harm**

43.     Myers bargained for the entire Property at a fixed price of $5.4M. Defendants' conduct has, without limitation:

a. deprived Myers of the benefit of the bargain;

b. clouded and diverted the Property into a third-party development;

c. subjected the Property to construction liens and financing;

d. allowed 3073 to retain and profit from the building and rent stream; and

e. forced Myers to incur substantial litigation and bankruptcy-related damages.

## CLAIMS FOR RELIEF

### COUNT I
### WILLFUL VIOLATION OF AUTOMATIC STAY (11 U.S.C. § 362(k))
(Against all Defendants jointly and severally, to the extent they
participated in and/or benefited from acts violating the stay)

44.     Plaintiff realleges paragraphs 1–43.

45.     The automatic stay under 11 U.S.C. § 362(a) was in effect from January 28, 2021 through at least January 20, 2023 (subject to any prospective relief later granted).

46.     Myers' rights under the Contract and his equitable interests in the Property constituted "property of the estate," including under 11 U.S.C. §§ 541 and 1306.

47.     During the pendency of the stay, Defendants took acts to obtain possession of, exercise control over, or enforce interests against property of the estate and/or to perfect or enforce rights adverse to Myers' protected interests, including (without limitation) entering, assigning, closing, recording, encumbering, and developing the portion of the Property that was the subject of Myers' Contract.

48.     Defendants had actual and/or constructive notice of Myers' bankruptcy case and/or of Myers' recorded notices and nonetheless proceeded.

49.     Defendants Land Trust, Motors, and SMGRA15 never sought or obtained stay relief in Case No. 2:21-bk-00123.

8

50. Any later order granting relief from the stay was expressly prospective only and did not annul the stay retroactively; Defendants did not seek retroactive annulment.

51. Defendants' stay violations were willful within the meaning of § 362(k) because Defendants knew of the stay and intended the acts that violated it.

52. As a direct and proximate result, Plaintiff suffered actual damages, including but not limited to attorneys' fees and costs, and is entitled to recover damages and fees under § 362(k), and, where appropriate, punitive damages.

**WHEREFORE**, Plaintiff demands judgment under Count I as set forth in the Prayer for Relief.

## COUNT II
### BREACH OF CONTRACT (Florida law)
(Against Defendant 3073)

53. Plaintiff realleges paragraphs 1–43.

54. The Contract for the Property (i.e., Parcel # 07040000500) at $5.4M is a valid and enforceable contract under Florida law, formed no later than February 3, 2022 upon acceptance of seller 3073's counteroffer.

55. Plaintiff (as assignee) performed or was ready, willing, and able to perform his obligations.

56. 3073 materially breached by refusing to perform, failing to provide required due diligence items, and transferring a portion of the contracted Property to others rather than conveying the Property to Plaintiff as agreed.

57. Plaintiff has been damaged thereby.

**WHEREFORE**, Plaintiff demands judgment under Count II as set forth in the Prayer for Relief.

9

## COUNT III
## SPECIFIC PERFORMANCE (Entire Property)
(Against 3073 and all holders of interests necessary to effectuate conveyance and bind title)

58.     Plaintiff realleges paragraphs 1–43.

59.     The Property is unique, and money damages alone are inadequate.

60.     Plaintiff has satisfied, or stands ready to satisfy, all conditions precedent to closing, or such conditions were excused by Defendants' breaches.

61.     Equity requires specific performance of the Contract as to the entire Property legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (collectively, the "Property"), for a purchase price of $5.4M.

62.     To the extent the 4.78-acre portion of the Property has been transferred and encumbered, transferees and lienholders with notice took subject to Plaintiff's equitable interest and must be bound by the decree.

**WHEREFORE**, Plaintiff demands specific performance and related equitable relief as set forth in the Prayer for Relief.

## COUNT IV
## CONSTRUCTIVE TRUST / EQUITABLE LIEN / DISGORGEMENT
### (Property + Rents + Proceeds)
(Against all Defendants as appropriate)

63.     Plaintiff realleges paragraphs 1–43.

64.     Defendants received and retained benefits that in equity and good conscience belong to Plaintiff, including (without limitation):

   a.  the transferred 4.78-acre portion of the Property;

   b.  proceeds of sale and development;

10

c.  the retained Lots 3 and 4 and the 72,000 square-foot building and rent stream; and

d.  rents collected from the building since at least February 3, 2022.

65.      3073 has been effectively paid the Contract price through the partial transfer for approximately $5.53M (and/or amounts exceeding the Contract price), yet continues to retain and profit from the remainder of the Property and the rent stream—an inequitable double benefit.

66.      Defendants' conduct, notice, and benefit from the transfers support imposition of a constructive trust and/or equitable lien over the Property, improvements, and all traceable proceeds and rents.

67.      Plaintiff is entitled to an accounting and disgorgement of rents and other benefits received.

**WHEREFORE**, Plaintiff demands imposition of a constructive trust/equitable lien, an accounting, and disgorgement as set forth in the Prayer for Relief.

## COUNT V
## DECLARATORY RELIEF (28 U.S.C. § 2201)
(Against all Defendants)

68.      Plaintiff realleges paragraphs 1–43.

69.      An actual controversy exists regarding Plaintiff's rights, including whether Plaintiff holds equitable title and enforceable rights to the Property under the Contract and whether Defendants' interests are subordinate to Plaintiff's equitable rights.

70.      Plaintiff seeks a declaration confirming Plaintiff's equitable rights and the subordination (as appropriate) of subsequent interests taken with notice.

**WHEREFORE**, Plaintiff demands declaratory relief as set forth in the Prayer for Relief.

## COUNT VI
## INJUNCTIVE / PRESERVATION RELIEF
(Against all Defendants as appropriate)

11

Case 15-26033   Doc 1115-2   Filed 06/10/26   Page 68 of 69

71.   Plaintiff realleges paragraphs 1–43.

72.   Defendants' ongoing conduct threatens irreparable harm, including dissipation of proceeds, further transfers, unit closings, and impairment of the Court's ability to grant effective equitable relief.

73.   Plaintiff seeks narrowly tailored injunctive relief to preserve the status quo pending final adjudication, including:

a.  an order requiring an accounting of rents collected from the 72,000-sf building from February 3, 2022 to present and ongoing;

b.  an order requiring preservation of rents and related proceeds (segregation and non-dissipation);

c.  an order preventing Defendants from taking steps to further encumber or transfer disputed interests inconsistent with Plaintiff's claimed equitable title, without further order of the Court; and

d.  an express reservation that Plaintiff may seek deposit into the Court registry if evidence shows dissipation, inability to account, or risk to effective relief.

74.   Plaintiff has no adequate remedy at law for these preservation harms.

**WHEREFORE**, Plaintiff demands injunctive/preservation relief as set forth in the Prayer for Relief.

### PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment and grant the following relief:

A.  On Count I, award Plaintiff actual damages, attorneys' fees, and costs under 11 U.S.C. § 362(k), and punitive damages to the extent permitted;

B.  On Count II, award Plaintiff damages for breach of contract and related relief;

C. On Count III, decree specific performance requiring conveyance to Plaintiff of the entire Property legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" for a purchase price of $5.4M, and granting all ancillary orders necessary to effectuate transfer and bind interests taken with notice;

D. On Count IV, impose a constructive trust and/or equitable lien over (i) the entire Property and any portion thereof now held by any one or more of the Defendants; (ii) all improvements and developments; (iii) all proceeds, profits, and other benefits derived therefrom; and (iv) all rents and rent-derived proceeds from the 72,000-sf building from February 3, 2022 to present and ongoing; and order an accounting and disgorgement;

E. On Count V, enter declaratory relief confirming Plaintiff's equitable title/rights and declaring the relative priority/subordination of Defendants' interests taken with notice;

F. On Count VI, issue preliminary and permanent preservation relief, including an accounting of rents, preservation/segregation of proceeds, and prevention of dissipation and transfers inconsistent with Plaintiff's rights;

G. Award pre-judgment and post-judgment interest as allowed by law;

H. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

13