The order below is hereby signed.

Signed: June 23 2022



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | **Case No. 22-00104-ELG** |
| **1712 Property Holding Trust,** <br> **Debtor.** | **Chapter 11** |

## ORDER DENYING APPLICATION AND
## <u>FOR DEBTOR TO SHOW CAUSE</u>

On June 19, 2022, an Official Form 101 *Voluntary Petition for Individuals Filing for Bankruptcy* for relief under chapter 11 (the "Petition") was filed, *pro se*, by 1712 Property Holding Trust by Greg B. Meyers, Trustee (the "Trustee") of the "common law trust". ECF No. 1. As the Debtor is not an individual,[1] the Petition was filed on the incorrect form and lacks required information for non-individual debtors including, but not limited to, an EIN number (Official Form 201, Line 3), type of debtor (Official Form 201, Line 6), and the declaration and printed name (in addition to the signature) of the authorized representative of the Debtor (Official Form 201, Line 17). On June 23, 2022, the clerk of court issued a deficiency notice of the Debtor with respect to the use of Official Form 101 instead of Official Form 201 with a cure deadline of June 30, 2022.

---

[1] Although the term "individual" is not defined in Title 11 (the "Bankruptcy Code"), a contextual review of the Bankruptcy Code makes clear that an individual is a natural person. *See, e.g.,* 11 U.S.C. § 101(41A) (discussing personally identifiable information of an individual as being "the first name (or initial) and last name of such individual, whether given at birth or time of adoption . . .".

No other case initiation documents were filed with the Petition, including but not limited a creditor matrix, Statement of Financial Affairs, Schedules A-J, or list of 20 largest unsecured creditors). The only other document filed with the Petition, was a *pro se Application for Individuals to Pay the Filing Fee in Installments* (the "Application") whereby the Debtor sought to pay the chapter 11 filing fee in four installments on the 21st of each month for four months beginning in June 2022. ECF No. 2. The first proposed payment of $500.00 was timely made on June 21, 2022, leaving a balance due of $1,238.00. However, because the Debtor is not an individual, it is not permitted to pay the filing fee in installments which is now deficient.

The Debtor is identified in the Petition as a "common law trust," but does not designate the applicable state "common law" applicable to the trust. At a minimum, there are two potential applicable state laws based solely upon a review of the Petition – Florida based upon Debtor's listed Florida and or the District of Columbia based on the declaration that a "TRUST beneficiary" owns property in the District of Columbia[2]. Bankruptcy Code § 109 states that only a "person" may be a debtor under Title 11. A "person" is defined as an individual, partnership, and corporation, but does not include trusts unless the trust is a "business trust" created and maintained for a business purpose with the attributes of a business trust. *See In re Quadruple D Tr.*, 639 B.R. 204 (Bankr. D. Colo. 2022). The burden of proof as to status as a business trust is on the Debtor. *Id.* at __ (citing *First Nat'l Bank of Durango v. Woods (In re Woods)*, 743 F.3d 689, 705; *Hamilton Creek Metro. Dist. v. Bondholders Colo. Bondshares (In re Hamilton Creek Metro. Dist.)*, 143 F.3d 1381, 1384-85 (10th Cir. 1998). Therefore, regardless of the applicable law, unless the Debtor is a "business trust," it may not be a debtor under Title 11 and this case must be dismissed. Upon a review of the Petition, the Debtor initially has not met its burden of proof to establish its

---

[2] The issue of venue is not before the Court and nothing herein shall be construed as a ruling or other finding as to the appropriateness of venue in this Court.

eligibility to be a debtor under Title 11 as a business trust.

Further, the Petition is not signed by an attorney who is a member of the bar of the district court of which this Court is a unit. It is well-established that corporate entities such as the Debtor are not permitted to appear pro se and must be represented by and appear through counsel and a case filed without counsel must be dismissed.

Finally, concurrently with the filing of the Petition herein, the Debtor seeks to remove *Gregory B. Myers v. 3073 Horeshoe Drive LLC*, Case No.: 2022-CA-0453 from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida (the "State Court Suit").[3] Pursuant to 11 U.S.C. § 1452, a party may remove any claim or cause of action in a civil action "to the district court <u>for the district where such civil action is pending</u>." 11 U.S.C. § 1452 (emphasis added). As the State Court Suit is not pending in the District of Columbia, but in the Southern District of Florida, it may not be removed to this Court. Removal would need to be to the Southern District of Florida with a request to then transfer such case to this Court, if not remanded. Therefore, such Notice of Removal shall be rejected.

Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that

1)        The Application (ECF No. 2) is **DENIED**. The Debtor shall pay the balance of the chapter 11 filing fee on or before June 30, 2022. Failure to timely pay the balance of the filing fee

---

[3] The proposed Notice of Removal alleges in footnote 1 that:

> Pursuant to assignment from Gregory B. Myers, the TRUST possesses all rights, title and interest in and to that certain "Commercial Contract" between "3073 Horseshoe Drive LLC" as "Seller" and "1712 Property LLC and/or Assigns" as "Buyer" (the "Contract") for the property legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (the "Property"), subject to the covenants, terms and conditions contained in said Contract.

However, there is no evidence submitted with the proposed document nor with the Petition which supports or otherwise confirms the assertions made therein that the Debtor is actually a party to that litigation.

shall result in the dismissal of this case.

2)      On or before June 30, 2022, the Debtor, by counsel, must file a paper with this Court to show cause as to why this case should not be dismissed for failure to be an eligible debtor under § 109 as a business trust and/or for failure to be represented by counsel. Failure by the Debtor to timely have an appearance of counsel and/or have such counsel file a paper establishing its eligibility by a Debtor, this case shall be dismissed.

3)      The Debtor's Notice of Removal is rejected. The clerk of court shall docket the Notice of Removal as a Miscellaneous Proceeding as a rejected filing.

[Signed and dated above.]

Copies to: Debtor via email; recipients of e-notification of orders.