USBC-MD 9 FILED
25 JUN 26 PM3:55

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

GREGORY B. MYERS

    Debtor.

Case No.  15-26033-MCR

Chapter  7

---

## APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL, AND CERTIFICATION REGARDING TRANSCRIPTS

Appellant Gregory B. Myers, proceeding pro se, pursuant to Federal Rule of Bankruptcy Procedure 8009, files this Designation of Items to Be Included in the Record on Appeal, Statement of Issues to Be Presented on Appeal, and Certification Regarding Transcripts in connection with Appellant's Notice of Appeal filed June 1, 2026 (Dkt. No. 1109), appealing from the Bankruptcy Court's May 7, 2026 Order entered at Dkt. No. 1101 and the Bankruptcy Court's May 26, 2026 Order entered at Dkt. No. 1107.

This appeal has been docketed in the United States District Court for the District of Maryland as Civil Action No. 8:26-cv-02204-DLB.

## I. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Appellant designates the following items from the main bankruptcy case, Case No. 15-26033-MCR, for inclusion in the record on appeal:

1. Main Bankruptcy Case Docket Sheet.

2. Claim 12-1 filed by U.S. Bank National Association, as Trustee, including all attachments to Claim 12-1, including:

    a. Claim 12-1;

b. Claim 12-1 Part 2 — Itemized Statement;

c. Claim 12-1 Part 3 — Findings of Fact, Conclusions of Law, and Final Judgment of Foreclosure;

d. Claim 12-1 Part 4 — Order on October 1, 2015 Hearing and Judgment Awarding Attorneys' Fees and Costs; and

e. Claim 12-1 Part 5 — Assignment of Mortgage and attached Note/Mortgage materials.

3. Dkt. No. 32 — Notice of Appearance and Request for Service of Notices and Other Papers filed by Douglas B. Riley on behalf of U.S. Bank National Association, as Trustee.

4. Dkt. No. 197 — Order Granting Relief from Stay as to the Property Located at 700 Gulf Shore Boulevard, Naples, Florida 34102.

5. Dkt. No. 961 — Motion for Relief from Stay and Notice of Motion Re: 700 Gulf Shore Boulevard North, Naples, Florida 34102, filed by Specialized Loan Servicing, LLC as servicing agent.

6. Dkt. No. 964 — Notice of Substitution of Attorney regarding counsel for the movant/claimant.

7. Dkt. No. 974 — Order Granting Relief from Automatic Stay.

8. Dkt. No. 982 — Response filed by Daniel J. Pesachowitz on behalf of Specialized Loan Servicing, LLC as servicing agent for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-11, U.S. Bank National Association.

9. Dkt. No. 1089 — Debtor's Objection to Claim 12-1 Filed by U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB

Mortgage-Backed Pass-Through Certificates, Series 2005-11, Notice of Opportunity to Object and Request for Hearing.

10. Dkt. No. 1089-1 — Proposed Order submitted with Debtor's Objection to Claim 12-1.

11. Dkt. No. 1092 — Motion for Entry of Order Sustaining Debtor's Objection to Claim 12-1 Filed by U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-11.

12. Dkt. No. 1097 — Court Instruction entered April 15, 2026 directing Debtor to serve the claimant pursuant to Fed. R. Bankr. P. 7004(h), as required by Fed. R. Bankr. P. 3007(a)(2)(A)(ii), and file a supplemental certificate of service within 10 days.

13. Dkt. No. 1098 — Order entered April 15, 2026 denying Debtor's Motion for Entry of Order Sustaining Objection to Claim 12-1 as unnecessary and stating that the claim objection remained pending and would be addressed after proper service.

14. Dkt. No. 1101 — May 7, 2026 Order overruling Debtor's Objection to Claim 12-1.

15. Dkt. No. 1102 — BNC Certificate of Mailing regarding Dkt. No. 1101.

16. Dkt. No. 1103 — Debtor's Rule 59 Motion to Alter or Amend May 7, 2026 Order Overruling Objection to Claim 12-1.

17. Dkt. No. 1104 — Supplemental Certificate of Service Regarding Debtor's Objection to Claim 12-1.

18. Dkt. No. 1105 — Deficiency Notice regarding Debtor's Rule 59 Motion to Alter or Amend, if relevant.

19. Dkt. No. 1107 — May 26, 2026 Order denying Debtor's Rule 59 Motion to Alter or Amend.

3

20. Dkt. No. 1108 — BNC Certificate of Mailing regarding Dkt. No. 1107.

21. Dkt. No. 1109 — Notice of Appeal from Dkt. Nos. 1101 and 1107, filed June 1, 2026, including Exhibits A and B.

22. Dkt. No. 1111 — Notice of Filing of Appeal to the U.S. District Court.

23. Dkt. No. 1112 — Initial Transmittal to District Court, including attachments.

24. Dkt. No. 1118 — Transmittal of Record on Appeal to District Court.

25. Any BNC Certificates of Mailing, certificates of service, returned-mail docket entries, or docket text relating to Dkt. Nos. 1089, 1092, 1097, 1098, 1101, 1103, 1104, 1107, 1109, 1111, 1112, and 1118.

26. Any docket entries reflecting returned mail to Douglas B. Riley, Treanor Pope & Hughes, P.A., including returned-mail docket entries relied upon or referenced by the Bankruptcy Court in Dkt. No. 1107.

27. Any docket entries reflecting counsel appearances, substitutions, withdrawals, inactive counsel notices, or attorney status changes for U.S. Bank National Association, Specialized Loan Servicing, LLC, America's Servicing Company, Wells Fargo Bank, N.A., or any entity asserting rights relating to Claim 12-1, including but not limited to docket entries concerning Douglas B. Riley, Daniel J. Pesachowitz, Kristine D. Brown, Virginia W. Barnhart, Luke A. McQueen, and any other counsel appearing for or on behalf of U.S. Bank, Specialized Loan Servicing, LLC, or related claimant entities.

28. Any docket entries reflecting notices, responses, oppositions, or motions filed by or on behalf of U.S. Bank National Association, Specialized Loan Servicing, LLC, America's Servicing Company, Wells Fargo Bank, N.A., or any entity asserting rights relating to Claim 12-1 or the Naples Property.

4

29. Any exhibits, attachments, proposed orders, BNC certificates of mailing, certificates of service, notices, docket entries, and docket text associated with the above-listed items.

Appellant reserves the right to supplement this designation if Appellees contend additional docket entries are necessary, if the Bankruptcy Clerk identifies related docket entries necessary to complete the record, or if the District Court determines that additional items are necessary for review.

## II. STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court erred by overruling Debtor's Objection to Claim 12-1 solely because Debtor did not file a supplemental certificate of service within 10 days of the April 15, 2026 Court Instruction.

2. Whether the Bankruptcy Court erred by failing to determine whether Debtor's original service complied with Fed. R. Bankr. P. 7004(h)(1), including the attorney-appearance exception permitting service by first-class mail on an attorney when the insured depository institution has appeared by its attorney.

3. Whether the Bankruptcy Court erred by treating certified-mail officer service as mandatory notwithstanding Debtor's contention that U.S. Bank had appeared by counsel and that service on counsel was authorized under Rule 7004(h)(1).

4. Whether the Bankruptcy Court abused its discretion or committed legal error by overruling the Claim Objection without first considering lesser alternatives, including accepting the supplemental certificate, enlarging the time, deeming service cured, or reinstating the Claim Objection for adjudication on the merits.

5. Whether the Bankruptcy Court erred by denying Debtor's Rule 59 Motion to Alter or Amend despite Debtor's supplemental certified-mail service on U.S. Bank's President

and Chief Executive Officer and the absence of any claimed prejudice to U.S. Bank.

6. Whether the Bankruptcy Court erred by denying Debtor's Rule 59 Motion to Alter or Amend based on alleged returned mail to Douglas B. Riley without adjudicating whether service was proper under Rule 7004(h)(1), whether any alleged defect was cured, or whether U.S. Bank had suffered any prejudice.

7. Whether the Bankruptcy Court erred by requiring Debtor, if he refiled the Claim Objection, to serve both an officer of U.S. Bank by certified mail and Daniel Pesachowitz by first-class mail, where the Claim Objection had already been filed and U.S. Bank had not responded, disputed service, requested a hearing, or submitted evidence.

8. Whether the May 7, 2026 and May 26, 2026 Orders are ambiguous and should be vacated or remanded for clarification because the May 7 Order overruled the Claim Objection outright, while the May 26 Order suggested Debtor could "refile" the Claim Objection without expressly stating that the May 7 Order was without prejudice, without vacating the May 7 Order, without reinstating the Claim Objection, and without clarifying the legal effect of the May 7 Order on Claim 12-1.

9. Whether, to the extent the Bankruptcy Court intended the May 7 Order to operate as an overruling without prejudice, the Bankruptcy Court erred by failing to say so expressly and by failing to preserve Debtor's original filing date, service position, and rights arising from the pending Claim Objection.

10. Whether, to the extent the Bankruptcy Court intended the May 7 Order to have claim-preclusive, case-dispositive, or merits consequences, the Bankruptcy Court erred by imposing that consequence based solely on an alleged procedural service defect without adjudicating the merits, determining prejudice, considering cure, or considering lesser

alternatives.

11. Whether the Bankruptcy Court erred by effectively relieving U.S. Bank from the consequences of its failure to respond to the Claim Objection.

12. Whether the Bankruptcy Court erred by failing to apply the burden-shifting framework governing objections to proofs of claim, including the rule that once an objector rebuts a proof of claim's prima facie validity, the claimant bears the burden of proving the validity and amount of the claim by a preponderance of the evidence.

13. Whether the Bankruptcy Court erred by failing to adjudicate the Claim Objection on the merits after U.S. Bank filed no response, offered no evidence, requested no hearing, and did not dispute service.

14. Whether the Bankruptcy Court erred by refusing to determine whether Claim 12-1 is an allowed claim or an allowed secured claim in Debtor's bankruptcy case.

15. Whether Claim 12-1 is enforceable against Gregory B. Myers where the documents attached to Claim 12-1 show that Myers was not a signatory to the Note or Mortgage in his individual capacity and was not personally liable on the underlying debt.

16. Whether Claim 12-1 is enforceable against Gregory B. Myers where the documents attached to Claim 12-1 show that Myers acted only as attorney-in-fact for Barbara Ann Kelly.

17. Whether Claim 12-1 is an allowed secured claim under 11 U.S.C. § 506(a) where the Naples Property was not property of Debtor's bankruptcy estate, was held as tenants by the entirety, and/or was exempt.

18. Whether, if Claim 12-1 is not an allowed secured claim, 11 U.S.C. § 506(d) supplies the statutory consequence that any lien securing the disallowed claim is void, subject only to

7

the statutory exceptions in § 506(d)(1) and § 506(d)(2).

19. Whether the Bankruptcy Court erred by failing to hold an evidentiary hearing or otherwise require U.S. Bank to carry its burden of proof after Debtor requested an evidentiary hearing and demanded strict proof.

20. Whether the Bankruptcy Court erred by overruling the Claim Objection as a procedural sanction for an alleged service defect, without determining whether the alleged defect justified denial of the Claim Objection, whether the alleged defect had been cured, whether U.S. Bank suffered prejudice, or whether lesser alternatives were available.

21. Whether the Bankruptcy Court erred by failing to determine whether the Claim Objection should have been sustained because U.S. Bank failed to respond within the time provided in the Notice of Opportunity to Object.

22. Whether the Bankruptcy Court's May 7, 2026 and May 26, 2026 Orders should be reversed, vacated, or remanded with instructions to reinstate the Claim Objection and adjudicate it on the merits.

## III. CERTIFICATION REGARDING TRANSCRIPTS

Appellant certifies that no additional transcript is presently required for this appeal because the orders appealed from, Dkt. Nos. 1101 and 1107, were entered without an evidentiary hearing on Debtor's Objection to Claim 12-1 or Debtor's Rule 59 Motion to Alter or Amend.

Appellant reserves the right to request supplementation if Appellees designate or rely upon any hearing transcript or if the Court determines that any transcript is necessary.

## IV. RESERVATION OF RIGHTS

Appellant reserves the right to amend or supplement this designation and statement of issues as permitted by the Federal Rules of Bankruptcy Procedure, order of the Court, or agreement of the parties.

RESPECTFULLY SUBMITTED on June 25, 2026.

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2026, the foregoing Designation of Items to Be Included in the Record on Appeal, Statement of Issues to Be Presented on Appeal, and Certification Regarding Transcripts was filed with the Clerk of the Bankruptcy Court and served by first-class U.S. Mail, postage prepaid, on the following:

U.S. Bank National Association
Attn: Gunjan Kedia, President and Chief Executive Officer
425 Walnut Street
Cincinnati, OH 45202

America's Servicing Company
Attention: Bankruptcy Department
MAC#D3347–014
3476 Stateview Boulevard
Fort Mill, SC 29715

Douglas B. Riley
Treanor Pope & Hughes, P.A.
500 York Road
Towson, Maryland 21204

Daniel J. Pesachowitz
Samuel I. White, P.C.
6100 Executive Blvd.
Suite 400
Rockville, MD 20852

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

_____
Gregory B. Myers, pro se