# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

In re:

**Gregory B Myers**
Debtor

**Gregory B Myers**

Appellant

vs.

**Roger Schlossberg**
**Brian King**
**Cristina King**
**Cristina and Brian King**
**Children's Trust**

Appellee

Case No.: 15–26033 – MCR
Chapter: 7

## NOTICE OF FILING OF APPEAL
## TO THE UNITED STATES DISTRICT COURT

Pursuant to Federal Bankruptcy Rule 8003, you are hereby notified that a Notice of Appeal (a copy of which is attached) has been filed on July 20.2026, in the above captioned case in which your appearance is entered as a party. Please consult the applicable Federal Bankruptcy Rules, Federal Rules of Appellate Procedure (where applicable) and Local Rules of this Court and of the U.S. District Court.

To assist the Clerk's office in perfecting the record on appeal, it is requested that parties follow one of the examples outlined below when preparing a Designation of Items to be included in the record on appeal. Also note that parties are responsible for providing to the Court copies of records designated, if appropriate. Parties are therefore encouraged to request and pay for copies, if appropriate, through the court so that such records may be submitted with the Designation.

| | |
|---|---|
| Example 1: | Debtor's Motion for Authority to use Cash Collateral and the accompanying memorandum filed January 3, 1995 ( Document #8) |

| | FILE DATE | PAPER NO. | PLEADING |
|---|---|---|---|
| Example 2: | 11/03/1994 | 1 | Petition and Schedules |

Dated: 7/20/26

Mark A. Neal, Clerk of Court
by Deputy Clerk, Laurie Arter
301–344–3327

cc:   All parties in interest

45x04 (rev. 01/22/2015) – LaurieArter

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

GREGORY B. MYERS

    Debtor.

    Case No.  15-26033-MCR
    Chapter 7

_____ /

## NOTICE OF APPEAL

GREGORY B. MYERS appeals to the United States District Court for the District of Maryland from the Order (Doc 1126) entered July 7, 2026 by the United States Bankruptcy Court for the District of Maryland in Case No.  15-26033-MCR (the "Order"), which Order "DENIED" the DEBTOR'S MOTION TO VACATE JULY 3, 2025 ORDER OVERRULING CLAIM OBJECTIONS AS MOOT PURSUANT TO FED. R. CIV. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), AND 60(b)(6), MADE APPLICABLE BY FED. R. BANKR. P. 9024, PRESERVING RELIEF UNDER FED. R. CIV. P. 60(d)(1) AND 60(d)(3), AND REQUEST FOR INDICATIVE RULING UNDER FED. R. BANKR. P. 8008.  A copy of the Order (Doc 1126) is attached hereto as **Exhibit A.**

The parties to this appeal are as follows:

**Appellant:** Gregory B. Myers
**Appellee:** Roger Schlossberg, Chapter 7 Trustee
**Appellee:** Brina King
**Appellee:** Cristina King
**Appellee:** Cristina and Brian King Children's Trust

Dated: July 20, 2026

    Respectfully submitted,

    _____
    Gregory B. Myers, pro se

1

700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2026, the foregoing NOTICE OF APPEAL was

filed with the Clerk of the Bankruptcy Court and a true and correct copy of same was served upon

all parties registered to receive service by CM/ECF, including the following:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

_____
Gregory B. Myers, pro se

2

# Exhibit A

Entered: July 7th, 2026
Signed: July 6th, 2026

# DENIED

The motion does not set forth a basis for relief under Rule 60(b) and/or Bankruptcy Rule 9024. Regardless of when the King Parties' claims were withdrawn (i.e., when the settlement was approved or when the settlement order became final), the claims were withdrawn and the order from which the Debtor now seeks relief was affirmed by the District Court on appeal. For these reasons, the reasons set forth in the Order Overruling Claim Objections as Moot [Dkt. No. 1072], and the reasons set forth in the District Court's Memorandum Opinion [Dkt. No. 1116], the motion is denied.



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

Gregory B. Myers

    Debtor.

Case No. 15-26033-MCR
Chapter 7

---

**DEBTOR'S MOTION TO VACATE JULY 3, 2025 ORDER OVERRULING CLAIM OBJECTIONS AS MOOT PURSUANT TO FED. R. CIV. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), AND 60(b)(6), MADE APPLICABLE BY FED. R. BANKR. P. 9024, PRESERVING RELIEF UNDER FED. R. CIV. P. 60(d)(1) AND 60(d)(3), AND REQUEST FOR INDICATIVE RULING UNDER FED. R. BANKR. P. 8008**

Debtor and party in interest Gregory B. Myers moves under Federal Rule of Civil Procedure 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 9024, to vacate the Court's July 3, 2025 Order Overruling Claim Objections as Moot entered at Docket No. 1072 (the "Claim-Objection Order"). Myers also preserves relief under Rule 60(d)(1) and Rule 60(d)(3). If the Court concludes that a pending appeal limits its authority to grant immediate relief, Myers requests an indicative ruling under Federal Rule of Bankruptcy Procedure 8008.

The Claim-Objection Order overruled Myers's objections to Proof of Claim Nos. 21-1, 22-1, and 23-1 as moot because the King Parties agreed to withdraw those claims as part of the settlement approved in Adversary Proceeding No. 24-00007. But the same order states that the claims were "deemed withdrawn effective when the Order granting the Settlement Motion becomes final and non-appealable." Thus, when the Court overruled the Claim Objections as moot, the claims had not yet been finally withdrawn, the Settlement Order was not final and non-appealable, and Myers's objections remained unresolved.

The Claim-Objection Order should be vacated. The King claims could not be treated as

1