Entered: July 7th, 2026
Signed: July 6th, 2026

# DENIED

The motion does not set forth a basis for relief under Rule 60(b) and/or Bankruptcy Rule 9024. Regardless of when the King Parties' claims were withdrawn (i.e., when the settlement was approved or when the settlement order became final), the claims were withdrawn and the order from which the Debtor now seeks relief was affirmed by the District Court on appeal. For these reasons, the reasons set forth in the Order Overruling Claim Objections as Moot [Dkt. No. 1072], and the reasons set forth in the District Court's Memorandum Opinion [Dkt. No. 1116], the motion is denied.



*Maria Elena Chavez-Ruark*

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

USBC-MD G FILED DB
2 JUL '26 PM5:04

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:

Gregory B. Myers

    Debtor.

Case No. 15-26033-MCR
Chapter 7

**DEBTOR'S MOTION TO VACATE JULY 3, 2025 ORDER OVERRULING CLAIM OBJECTIONS AS MOOT PURSUANT TO FED. R. CIV. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), AND 60(b)(6), MADE APPLICABLE BY FED. R. BANKR. P. 9024, PRESERVING RELIEF UNDER FED. R. CIV. P. 60(d)(1) AND 60(d)(3), AND REQUEST FOR INDICATIVE RULING UNDER FED. R. BANKR. P. 8008**

Debtor and party in interest Gregory B. Myers moves under Federal Rule of Civil Procedure 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 9024, to vacate the Court's July 3, 2025 Order Overruling Claim Objections as Moot entered at Docket No. 1072 (the "Claim-Objection Order"). Myers also preserves relief under Rule 60(d)(1) and Rule 60(d)(3). If the Court concludes that a pending appeal limits its authority to grant immediate relief, Myers requests an indicative ruling under Federal Rule of Bankruptcy Procedure 8008.

The Claim-Objection Order overruled Myers's objections to Proof of Claim Nos. 21-1, 22-1, and 23-1 as moot because the King Parties agreed to withdraw those claims as part of the settlement approved in Adversary Proceeding No. 24-00007. But the same order states that the claims were "deemed withdrawn effective when the Order granting the Settlement Motion becomes final and non-appealable." Thus, when the Court overruled the Claim Objections as moot, the claims had not yet been finally withdrawn, the Settlement Order was not final and non-appealable, and Myers's objections remained unresolved.

The Claim-Objection Order should be vacated. The King claims could not be treated as