**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:

GREGORY B. MYERS

                  Debtor.

Case No.  15-26033-MCR
Chapter 7

---

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPTS**

Debtor, GREGORY B. MYERS ("Mr. Myers" or "Debtor" or "Appellant"), pro se, pursuant to the applicable Federal Rules of Bankruptcy Procedure, hereby files Appellant's Designation of Items to be Included in the Record on Appeal, Statement of the Issues to be Presented on Appeal, and Appellant's Certification of Ordering Transcripts (the "Designation") in connection with Debtor's appeal docketed in the United States District Court for the District of Maryland as Case No. 8:26-cv-2865-TDC (the "Appeal").

Appellant filed his Notice of Appeal on July 20, 2026 (Doc. 1134), appealing from the July 7, 2026 Order Denying Debtor's Motion to Vacate July 3, 2025 Order Overruling Claim Objections as Moot Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6), Made Applicable by Fed. R. Bankr. P. 9024, Preserving Relief Under Fed. R. Civ. P. 60(d)(1) and 60(d)(3), and Request for Indicative Ruling Under Fed. R. Bankr. P. 8008 (Doc. 1126) (the "Order"), together with all interim orders, predicate orders, incorporated orders, and related rulings merged into or relied upon by said Order, including the July 3, 2025 Order Overruling Claim Objections As Moot (Doc. 1072).

**Designation of Items to be Included in the Record on Appeal**

**Administrative Case No. 15-26033-MCR**

1

1. Admin. Case Docket — Complete docket sheet for Administrative Case No. 15-26033-MCR.

2. CLAIM 21-1 — Proof of Claim filed by Brian King, including all exhibits, attachments, amendments, supplements, claim-register entries, withdrawal entries, purported withdrawal entries, and related notices.

3. CLAIM 22-1 — Proof of Claim filed by Cristina King, including all exhibits, attachments, amendments, supplements, claim-register entries, withdrawal entries, purported withdrawal entries, and related notices.

4. CLAIM 23-1 — Proof of Claim filed by Cristina and Brian King Children's Trust, including all exhibits, attachments, amendments, supplements, claim-register entries, withdrawal entries, purported withdrawal entries, and related notices.

5. Doc. 6 — Docket Entry No. 6, including all exhibits and attachments.

6. Doc. 319 — Docket Entry No. 319, concerning appointment of Chapter 7 Trustee, including all exhibits and attachments.

7. Doc. 322 — Docket Entry No. 322, including all exhibits and attachments.

8. Doc. 930 — Trustee's Status Report, including all exhibits and attachments.

9. Doc. 944 — Memorandum to Parties in Interest Regarding Entireties and Exemption Issues Previously Litigated, including all exhibits and attachments.

10. Doc. 1005 — Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust, including the Notice of Proposed Compromise and Settlement, proposed order, certificate of service, Docs. 1005-1 through 1005-6, and all exhibits and attachments.

11. Doc. 1010 — Debtor's Motion to Dismiss or Strike Trustee's Motion for Approval of

2

Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust, or, in the Alternative, Opposition to Said Motion, including all exhibits and attachments.

12. Doc. 1013 — Trustee's Opposition to Debtor's Motion to Dismiss or Strike Trustee's Motion for Approval of Proposed Compromise and Settlement, including all exhibits and attachments.

13. Doc. 1015 — Docket Entry No. 1015, including all exhibits and attachments.

14. Doc. 1016 — Docket Entry No. 1016, including all exhibits and attachments.

15. Doc. 1018 — Docket Entry No. 1018, including all exhibits and attachments.

16. Doc. 1020 — Debtor's Reply to Trustee's Opposition to Debtor's Motion to Dismiss or Strike Trustee's Motion for Approval of Proposed Compromise and Settlement, including all exhibits and attachments.

17. Doc. 1021 — Order Requiring Status Report.

18. Doc. 1023 — Trustee's Status Report, including all exhibits and attachments.

19. Doc. 1027 — Docket Entry No. 1027, including all exhibits and attachments.

20. Doc. 1028 — Order Denying Debtor's Motion to Strike Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust.

21. Doc. 1029 — Order Granting Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust.

22. Doc. 1039 — Docket Entry No. 1039, including all exhibits and attachments.

23. Doc. 1046-1 — Docket Entry No. 1046-1, including all exhibits and attachments.

24. Doc. 1051 — Debtor's Objection to Claim No. 22-1 filed by Cristina King, including all exhibits and attachments.

25. Doc. 1052 — Debtor's Objection to Claim No. 23-1 filed by Cristina and Brian King Children's Trust, including all exhibits and attachments.

26. Doc. 1053 — Debtor's Objection to Claim No. 21-1 filed by Brian King, including all exhibits and attachments.

27. Doc. 1055 — Docket Entry No. 1055, including all exhibits and attachments.

28. Doc. 1060 — Opposition to Debtor's objections to Claim Nos. 21-1, 22-1, and 23-1 filed by the King Parties, including all exhibits and attachments.

29. Doc. 1061 — Docket Entry No. 1061, including all exhibits and attachments.

30. Doc. 1062 — Docket Entry No. 1062, including all exhibits and attachments.

31. Doc. 1063 — Notice of Appeal from Docs. 1028 and 1029, including all exhibits and attachments.

32. Doc. 1069 — Docket Entry No. 1069, including all exhibits and attachments.

33. Doc. 1070 — Docket Entry No. 1070, including all exhibits and attachments.

34. Doc. 1071 — Docket Entry No. 1071, including all exhibits and attachments.

35. Doc. 1072 — July 3, 2025 Order Overruling Claim Objections As Moot.

36. Doc. 1077 — Notice of Appeal from Doc. 1072, including all exhibits and attachments.

37. Doc. 1085 — Appellant's Designation of Items to Be Included in the Record on Appeal, Statement of Issues to Be Presented on Appeal, and Certification of Ordering Transcripts concerning appeal from Doc. 1072.

38. Doc. 1086 — Appellant's Designation of Items to Be Included in the Record on Appeal, Statement of Issues to Be Presented on Appeal, and Certification of Ordering Transcripts

concerning appeal from Docs. 1028 and 1029.

39. Doc. 1116 — District Court Memorandum Opinion referenced in Doc. 1126, including any attached order, judgment, mandate, or related docket text filed in the bankruptcy case.

40. Doc. 1123 — Debtor's Motion to Vacate July 3, 2025 Order Overruling Claim Objections as Moot Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6), Made Applicable by Fed. R. Bankr. P. 9024, Preserving Relief Under Fed. R. Civ. P. 60(d)(1) and 60(d)(3), and Request for Indicative Ruling Under Fed. R. Bankr. P. 8008, including all exhibits and attachments.

41. Doc. 1126 — Order Denying Debtor's Motion to Vacate July 3, 2025 Order Overruling Claim Objections as Moot.

42. Doc. 1134 — Notice of Appeal from Doc. 1126, including the Notice of Filing of Appeal, attached Exhibit A, and all exhibits and attachments.

**Adversary Proceeding No. 18-00407**

43. Adv. Case Docket — Complete docket sheet for Adversary Proceeding No. 18-00407.

44. Adv. Doc. 28 — Order of Abstention entered January 30, 2019, including all exhibits, attachments, and docket text.

**Adversary Proceeding No. 19-00427**

45. Adv. Case Docket — Complete docket sheet for Adversary Proceeding No. 19-00427.

46. Adv. Doc. 1 — Notice of Removal filed by Maurice VerStandig, including all exhibits, attachments, consent communications, removed pleadings, and related filings.

47. Adv. Doc. 4 — Notice of Voluntary Dismissal of Counter-Complaint and Third-Party Complaint without prejudice.

48. Adv. Doc. 5 — Order Remanding Case to the Circuit Court for Montgomery County,

Maryland pursuant to 28 U.S.C. § 1452(b).

**Adversary Proceeding No. 24-00007**

49. Adv. Case Docket — Complete docket sheet for Adversary Proceeding No. 24-00007.

50. Adv. Doc. 1 — Complaint commencing Adversary Proceeding No. 24-00007, including all exhibits and attachments.

51. Adv. Docs. 8, 9, 12, 13, 14, 15, 17, 19, 20, 22, 23, 24, 25, 27, 28, 29, 33, 36, 37, 43, 45, 47, 49, 50, 51, 52, 56, 57, 59, 60, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 78, 79, 83, 84, and 89 — Designated adversary filings from the prior related appeals, including all exhibits and attachments.

52. Adv. Doc. 61 — July 3, 2025 Order Approving Trustee's Compromise and Settlement with King Parties, including all exhibits, attachments, proposed orders, related notices, and docket text.

53. Adv. Doc. 77 — Transcript of July 3, 2025 oral ruling in Adversary Proceeding No. 24-00007 and Main Case No. 15-26033 concerning Adv. Docs. 17, 19, 20, 22, 23, and 24, and Main Case Docs. 1051, 1052, 1053, and 1060.

54. Adv. Doc. 107 — Transcript of June 30, 2025 hearing in Adversary Proceeding No. 24-00007 concerning the Trustee's Application to Compromise Controversy, Debtor's objections, Trustee's motion to strike, and related claim-objection proceedings in Main Case Docs. 1051, 1052, 1053, and 1060.

55. Adv. Doc. 108 — Transcript of July 1, 2025 continued hearing in Adversary Proceeding No. 24-00007 concerning the Trustee's Application to Compromise Controversy, Debtor's objections, Trustee's motion to strike, and related claim-objection proceedings in Main Case Docs. 1051, 1052, 1053, and 1060.

56. Adv. Docs. 116, 117, 118, 119, 120, and 121 — April 15, 2026 orders entered in Adversary Proceeding No. 24-00007, including docket text, exhibits, and attachments.

57. Adv. Doc. 144 — Debtor's Motion to Vacate July 3, 2025 Settlement Order Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6), Made Applicable by Fed. R. Bankr. P. 9024, Preserving Relief Under Fed. R. Civ. P. 60(d)(1) and 60(d)(3), and Request for Indicative Ruling Under Fed. R. Bankr. P. 8008, including all exhibits and attachments.

58. Adv. Doc. 146 — Order Denying Debtor's Rule 60(b)/Rule 9024 Motion Directed to the July 3, 2025 Settlement Order.

59. Adv. Doc. 150 — Notice of Appeal from Adv. Doc. 146, including all exhibits and attachments.

### Preliminary Statement of the Issues to be Presented on Appeal

1. Did the bankruptcy court err by entering the Order Denying Debtor's Motion to Vacate July 3, 2025 Order Overruling Claim Objections As Moot (Doc. 1126).

2. Did the bankruptcy court err by denying relief under Fed. R. Civ. P. 60(b)(4) and Fed. R. Bankr. P. 9024 where the July 3, 2025 Order Overruling Claim Objections As Moot (Doc. 1072) was void because the King Parties' claims had not been finally withdrawn, the Settlement Order had not become final and non-appealable, and Debtor's objections to CLAIM 21-1, CLAIM 22-1, and CLAIM 23-1 remained live.

3. Did the bankruptcy court err by concluding that, "regardless of when the King Parties' claims were withdrawn," the claims were withdrawn, where the timing, validity, and effectiveness of any withdrawal controlled whether Debtor's claim objections were moot.

4. Did the bankruptcy court err by failing to apply Bankruptcy Rule 3006 after Debtor

objected to CLAIM 21-1, CLAIM 22-1, and CLAIM 23-1.

5.  Did the bankruptcy court err by treating the King Parties' claims as operative for purposes of standing, party-in-interest status, settlement leverage, and Rule 9019 approval, while simultaneously treating those same claims as moot for purposes of Debtor's claim objections.

6.  Did the bankruptcy court err by denying Debtor's Rule 60(b)/Rule 9024 motion based on the District Court's prior affirmance of Doc. 1072, without adjudicating the independent Rule 60(b), Rule 60(d), Rule 3006, due-process, voidness, claim-withdrawal, fraud-on-the-court, discovery, accounting, and indicative-ruling grounds raised in Doc. 1123.

7.  Did the bankruptcy court err by failing to address that the July 3, 2025 Claim-Objection Order and the July 3, 2025 Settlement Order are circularly dependent, where the Settlement Order relied on the King claims and King adversary, while the Claim-Objection Order treated objections to those claims as moot based on the Settlement Order.

8.  Did the bankruptcy court err by failing to address that the Settlement Procedure Order and Settlement Order flowed from an improper "in lieu of removal" procedure involving previously removed and remanded King/Serv Trust state-court claims.

9.  Did the bankruptcy court err by failing to address that Rule 9019 could not be used to settle, monetize, cloud, transfer, redeem, or affect alleged non-debtor trust property absent a final Section 541 estate-property adjudication, a Trustee-filed adversary proceeding, necessary parties, service, and due process.

10. Did the bankruptcy court err by failing to address that the King claims were barred, precluded, or otherwise defective in light of the Florida bankruptcy order sustaining Debtor's objection to King's claim.

8

11. Did the bankruptcy court err by failing to address that the King claims did not create standing to file the King adversary proceeding in Adversary Proceeding No. 24-00007 or support the Trustee's settlement structure.

12. Did the bankruptcy court err by denying Debtor's requests for an evidentiary hearing, targeted discovery, verified accounting, payment tracing, preservation of documents, disclosure of claim-withdrawal consideration, disclosure of settlement-related payment flows, disclosure of side agreements, and disclosure of off-docket or ex parte communications, to the extent any existed.

13. Did the bankruptcy court err by denying Debtor's request for an indicative ruling under Fed. R. Bankr. P. 8008.

14. Did the bankruptcy court err by entering a one-page summary denial that failed to provide findings, reasoning, or legal analysis sufficient to permit meaningful appellate review.

15. Did the bankruptcy court err by failing to reinstate or preserve Debtor's objections to CLAIM 21-1, CLAIM 22-1, and CLAIM 23-1 pending final, non-appealable, Rule 3006-compliant withdrawal of the claims.

16. Did the bankruptcy court err by failing to preserve Debtor's rights to seek clawback, restoration, turnover, disgorgement, surcharge, sanctions, contempt, professional-fee review, disqualification, independent-action relief, fraud-on-the-court relief, and Trustee-bond relief based on the evidence developed.

17. Should the District Court reverse the Order (Doc. 1126) and remand with instructions that the Bankruptcy Court adjudicate Debtor's Rule 60(b)/Rule 9024 motion on the merits, reinstate or preserve Debtor's objections to CLAIM 21-1, CLAIM 22-1, and CLAIM 23-1, address Rule 3006, address the validity and effect of the alleged claim withdrawals, and

9

provide such further relief as is just and proper.

## Certification Regarding Transcripts

Appellant certifies that the transcripts necessary for this appeal have already been prepared and docketed in Adversary Proceeding No. 24-00007. Specifically, Appellant designates Adv. Doc. 107, the transcript of the June 30, 2025 hearing; Adv. Doc. 108, the transcript of the July 1, 2025 continued hearing; and Adv. Doc. 77, the transcript of the July 3, 2025 oral ruling.

Appellant further certifies that the July 7, 2026 Order appealed from in the main bankruptcy case, Doc. 1126, was entered without a hearing, and therefore no transcript is required for the hearing on the order appealed from because no such hearing occurred.

Appellant is not designating audio recordings. Appellant reserves the right to order, amend, supplement, or designate additional transcripts if Appellees designate or rely upon any additional transcript, if the Bankruptcy Clerk identifies a transcript necessary to complete the record, or if the District Court determines that any additional transcript is necessary for resolution of the appeal.

## Reservation of Rights

Appellant reserves the right to amend and/or supplement the foregoing Designation.

RESPECTFULLY SUBMITTED on August 3, 2026.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2026, APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPTS was filed with the Clerk of the Bankruptcy Court and a true and correct copy of same was served upon all parties registered to receive service by CM/ECF, including the following:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*

11