USBC-MD G FILED
26 AUG '26 PM3:49

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:
GREGORY B. MYERS,
Debtor.

Case No. 15-26033-MCR
Chapter 7

---

HORSESHOE MOTOR DEVELOPERS, LLC,
Movant,

v.

ROGER SCHLOSSBERG, Chapter 7 Trustee,
and GREGORY B. MYERS,
Respondents.

---

**RESPONDENT GREGORY B. MYERS'S PRELIMINARY OPPOSITION TO MOTION AND SUPPLEMENT AND REQUEST TO REQUIRE A CORRECTED MOTION, RENEWED NOTICE, AND A NEW HEARING DATE**

Gregory B. Myers ("Myers"), appearing pro se, submits this Preliminary Opposition to the Motion filed by Horseshoe Motor Developers, LLC ("Motors") at Docket No. 1115 (the "Motion") and the Supplement filed at Docket No. 1140 (the "Supplement").

Myers' threshold position is that Motors is not a "party in interest" in this Chapter 7 case and therefore lacks standing to invoke 11 U.S.C. §§ 362(d) or 362(j). Motors should be required to establish its standing by strict proof before the Court considers the scope or application of the automatic stay.

Myers further requests that the Court address the procedural deficiencies in the Motion and Supplement before reaching the merits. If Motors is permitted to proceed, Motors, through its counsel, should be required to file and serve a corrected or amended motion conforming to Local Bankruptcy Rule 4001-1, provide a new response deadline, and schedule a new hearing

after the parties have received the notice and opportunity to respond required by the applicable rules.

This Preliminary Opposition is confined to standing, procedural sufficiency, notice, and the permissible scope of this contested matter. Myers reserves the right to respond to the merits if Motors establishes standing and files and serves a procedurally sufficient motion.

## I. MOTORS IS NOT A PARTY IN INTEREST AND LACKS STANDING

1. A request for relief under 11 U.S.C. § 362(d) may be made only "[o]n request of a party in interest." Section 362(j) likewise permits an order confirming termination of the stay only "[o]n request of a party in interest."
2. Party-in-interest status is therefore a threshold statutory requirement. Motors must establish that status before the Court determines whether Motors is entitled to any ruling concerning the automatic stay.
3. Motors identifies itself in the Motion as a "Non-Party." It does not allege that it filed a proof of claim in this Chapter 7 case, holds an allowed bankruptcy claim, is a secured creditor, possesses a lien or other interest in property of the estate, is a party to an estate contract, or otherwise holds a right administered in this bankruptcy case.
4. Motors instead alleges that all of its claims arose approximately ten years after the petition date, that it seeks to enforce no prepetition rights, that its Florida action has no relationship to this bankruptcy case, and that neither the action nor its requested relief affects property of the bankruptcy estate.
5. Those allegations disclaim the nexus to this bankruptcy case and its estate that could supply Motors with a cognizable interest in obtaining relief under § 362(d). A person

does not become a party in interest merely by requesting that the Bankruptcy Court issue a favorable order "out of an abundance of caution."

6. Motors' desire to obtain a bankruptcy ruling for use in pending litigation does not, without more, establish statutory standing under §§ 362(d) or 362(j). Motors must identify the legally protected interest it contends is affected by the Maryland automatic stay and demonstrate how the relief requested would redress an actual injury to that interest.

7. Motors should therefore be required to provide strict proof of:

   a. the specific legal interest that allegedly makes Motors a party in interest in this Chapter 7 case;

   b. whether Motors claims to be a creditor, claimant, lienholder, owner, estate contract counterparty, or holder of some other legally cognizable bankruptcy interest;

   c. the particular act that Motors contends is presently restrained by the Maryland automatic stay;

   d. the property, claim, or legal right allegedly affected by that stay;

   e. the concrete injury Motors will suffer if the requested bankruptcy order is not entered; and

   f. how the requested relief falls within §§ 362(d) or 362(j) and would redress that injury.

8. Motors must establish standing from the legal interest pleaded and proved in its own Motion. Matters outside Motors' Motion cannot supply the missing statutory interest, cure its lack of standing, or expand the relief Motors requested.

9. Until Motors establishes by strict proof that it is a party in interest, the Court should deny or dismiss the Motion without reaching the applicability, termination, modification, or enforcement of the automatic stay.

## II. THE MOTION DOES NOT COMPLY WITH LOCAL BANKRUPTCY RULE 4001-1

### A. The Motion does not use the required caption and omits the Chapter 7 trustee as a respondent.

10. Local Bankruptcy Rule 4001-1(a)(1) requires a motion for relief from stay to use the caption prescribed by Local Bankruptcy Form B. The Rule expressly provides that, in a Chapter 7 case, "the trustee must be listed as a respondent."

11. Local Form B uses the designations "Movant" and "Respondent." Motors instead captioned itself as "Plaintiff," captioned Myers as "Debtor/Defendant," and omitted Chapter 7 Trustee Roger Schlossberg as a respondent.

12. This is a contested matter in the main bankruptcy case, not an adversary proceeding in which Motors filed a bankruptcy complaint and Myers was summoned as a defendant. The subsequent filing at Docket No. 1119 did not amend Motors' Motion or cure Motors' omission of the Trustee as a required respondent.

13. Myers uses a Form B-style caption in this Preliminary Opposition solely to comply with Local Bankruptcy Rule 4001-1. He does not thereby concede that Motors is a party in interest, that Motors has standing, that a justiciable controversy exists, or that Myers is properly subject to the full scope of relief requested.

### B. The Motion does not properly identify the statutory basis for the alternative stay relief.

14. Local Bankruptcy Rule 4001-1(a)(1) requires a movant to specify the subsection of 11 U.S.C. § 362(d) under which relief from stay is requested.

15. Motors does not identify a subsection of § 362(d). Paragraph 14 refers instead to "Section 362(1)," which is not the statutory subsection authorizing relief from stay. Although Motors cites Robbins v. Robbins, that citation does not satisfy the Local Rule's express requirement that the Motion identify the statutory subsection under which relief is requested.

16. The Supplement does not correct the defect. It states that Motors seeks confirmation that the stay does not cover the Florida action but retains the original alternative prayer for affirmative relief from stay without identifying the governing subsection of § 362(d).

**C. The Motion conflates distinct forms of relief.**

17. Local Bankruptcy Rule 4001-1(a)(1) generally prohibits combining a motion for relief from stay with a request for other relief, except for the particular exceptions enumerated in the Rule.

18. Motors requests both a determination that no stay applies and, alternatively, affirmative relief from an allegedly applicable stay. Motors does not identify whether its first request arises under 11 U.S.C. § 362(j), Rule 9014, or some other authority, nor does it distinguish the legal prerequisites for that request from those governing affirmative relief under § 362(d).

19. If the first request is independent declaratory or "comfort order" relief, Motors must identify the procedural basis for combining it with its alternative § 362(d) request. If Motors intends both requests to constitute relief under § 362(d), it must identify the applicable subsection and clearly state the relief sought under it.

20. Motors should not be permitted to leave the statutory and procedural basis uncertain and then use the Supplement, oral argument, or proposed order to select, correct, or enlarge the requested relief after the response deadline.

**D. Motors' initiating notice did not use the required Form B caption.**

21. Local Bankruptcy Rule 4001-1(b)(2) requires a movant to serve a motion for relief from stay with a hearing notice conforming to Local Bankruptcy Form B.

22. Motors' notice reproduced the Motion's nonconforming "Plaintiff" and "Debtor/Defendant" caption and again omitted the Chapter 7 trustee as a respondent. Motors served the Trustee with the papers, but service upon the Trustee did not amend the caption or make the notice conform to the form expressly required by the Local Rule.

## III. THE SUPPLEMENT WAS NOT NOTICED AS AN OPERATIVE AMENDMENT

23. Motors' original notice identified an August 6, 2026 hearing and a June 24, 2026 response deadline.

24. On July 6, 2026, the Court entered a Notice of Rescheduled Hearing at Docket No. 1125 setting an August 27, 2026 hearing on Docket No. 1115 and the filing at Docket No. 1119. Docket No. 1125 repeated the original June 24 objection deadline.

25. Docket No. 1125 could not provide notice of the Supplement because the Supplement was not filed until July 30, 2026.

26. The Supplement acknowledges that Motors "could have more clearly stated the relief it was seeking." It then characterizes Motors' request as a simple confirmation that the stay does not cover the Florida action, while retaining the original alternative prayer for affirmative relief from stay.

27. An August 3 text-only docket entry placed the Supplement on the August 27 calendar. That entry did not provide a new objection deadline or a Local Form B notice addressing the clarified or retained alternative relief contained in the Supplement.

28. The Supplement cannot operate simultaneously as mere argument and as an amendment or cure.

29. If the Supplement is merely additional argument supporting the relief already pleaded and noticed in Docket No. 1115, it cannot cure the nonconforming caption, supply the missing statutory subsection, amend the relief requested, or enlarge the proposed adjudication.

30. If the Supplement materially clarifies, corrects, amends, or expands the operative request, Motors must provide reasonable notice and an opportunity to respond. Federal Bankruptcy Rule 9014(a) requires reasonable notice and an opportunity for hearing in a contested matter. Local Bankruptcy Rule 4001-1 additionally requires a conforming hearing notice, an objection deadline, and a hearing date more than twenty-one days after service.

31. Motors should therefore be required to elect between treating Docket No. 1140 solely as argument supporting Docket No. 1115 or treating it as an operative correction or amendment.

32. If Docket No. 1140 is an operative correction or amendment, Motors, through Mr. Havens, must file and serve a corrected or amended motion and conforming Local Form B notice, provide the parties a new opportunity to respond, and obtain a new hearing date consistent with Local Bankruptcy Rule 4001-1.

## IV. THE PROPOSED ORDER WAS PREMATURE AND EXCEEDS THE MOTION

33. Local Bankruptcy Rule 9013-3(c) provides that a proposed order on a motion for relief from stay must be submitted upon the earlier of: (1) consent by all parties; or (2) conclusion of the hearing.

34. Motors filed its proposed order at Docket No. 1115-3 with the original Motion, before consent had been reached and before the hearing. The proposed order therefore was submitted before the time permitted by the Local Rule.

35. The proposed order also would authorize Motors to "enforce any order" entered in the Florida action. That language materially exceeds paragraph 20 of the Motion, which represents that the Court could condition relief so that any Florida judgment would not be enforceable without further leave of the Bankruptcy Court.

36. The proposed order consequently seeks broader relief than the limitation Motors offered in support of its Motion. It could also be read to authorize enforcement affecting property of the Maryland bankruptcy estate, notwithstanding Motors' repeated representation that the Florida action has no impact on estate property.

37. The Court should disregard the proposed order and should not permit Motors to obtain through a proposed order relief that was not clearly pleaded, justified, and noticed.

## V. THE COURT SHOULD CONFINE THIS CONTESTED MATTER TO MOTORS' PLEADED REQUEST

38. Under 11 U.S.C. § 362(c)(2)(C), the stay of acts against Myers personally terminated when his discharge was denied. Any stay potentially continuing under § 362(c)(1) concerns property of the bankruptcy estate.

39. Motors alleges that its Florida action has no impact on estate property, seeks no enforcement of prepetition rights, and was filed only "out of an abundance of caution."

Those allegations do not identify a present act stayed by this Maryland case or explain why affirmative § 362(d) relief is necessary.

40. This is a summary contested matter. The Court need decide only whether Motors has standing, whether its Motion satisfies the governing procedural requirements, and, if those threshold requirements are satisfied, whether the automatic stay arising in this case applies to the prosecution of the claims pleaded in Motors' attached Florida complaint.

41. No ruling concerning any issue outside the relief pleaded and properly noticed by Motors is necessary or appropriate. Any order should be expressly limited accordingly.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, Gregory B. Myers respectfully requests that the Court:

1. Determine as a threshold matter that Motors has not established that it is a party in interest entitled to request relief under 11 U.S.C. §§ 362(d) or 362(j);
2. Require Motors to provide strict proof of its party-in-interest status, standing, concrete legal interest, actual injury, and entitlement to invoke the authority of this Court;
3. Deny or dismiss the Motion without prejudice for lack of standing and failure to comply with Local Bankruptcy Rule 4001-1;
4. Alternatively, if the Court permits Motors an opportunity to attempt to cure the threshold and procedural deficiencies, require Motors, through Mr. Havens, to file a corrected or amended motion that:

   a. uses the caption required by Local Bankruptcy Form B;

   b. identifies Myers and the Chapter 7 trustee as Respondents;

   c. pleads facts establishing Motors' party-in-interest status and standing;

   d. identifies the statutory and procedural basis for each form of relief requested;

e. specifies the subsection of 11 U.S.C. § 362(d) under which any affirmative stay relief is sought;

f. clearly distinguishes a request to determine that no stay applies from an alternative request for relief from an applicable stay; and

g. limits the requested relief to matters properly within the scope of this contested matter;

5. Require Motors to serve the corrected or amended motion and a conforming Local Form B notice in accordance with Federal Bankruptcy Rules 7004 and 9014 and Local Bankruptcy Rule 4001-1;

6. Require the conforming notice to provide a new objection deadline and a hearing date more than twenty-one days after service, unless the Court grants a separately filed request to shorten time under Local Bankruptcy Rule 9013-6;

7. Treat Docket No. 1140 solely as supplemental argument that cannot cure, amend, or enlarge Docket No. 1115 unless and until Motors completes the renewed filing, service, and notice required above;

8. Disregard the proposed order at Docket No. 1115-3 as prematurely submitted and materially broader than the limitation represented in the Motion;

9. If the August 27 hearing proceeds, limit the hearing to Motors' party-in-interest status and standing, the procedural sufficiency of its Motion, and the scheduling of further proceedings;

10. Decline to reach the merits or decide any issue not pleaded and properly noticed by Motors; and

11. Grant such other relief as the Court deems just and proper while preserving Myers' right to file a complete merits opposition if Motors establishes standing and files and serves a procedurally sufficient motion.

Dated: August 26, 2026

Respectfully submitted,

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 26, 2026, I served a copy of the foregoing Respondent Gregory B. Myers's Preliminary Opposition to Motion and Supplement and Request to Require a Corrected Motion, Renewed Notice, and a New Hearing Date by first-class United States mail, postage prepaid, upon:

Keith R. Havens, Esquire
Havens Law Firm
2401 Research Boulevard, Suite 308
Rockville, Maryland 20850
*Counsel for Horseshoe Motor Developers, LLC*

Roger Schlossberg, Chapter 7 Trustee
P.O. Box 2017
Hagerstown, MD 21742-2017

Gregory B. Myers, pro se