**MARIA ELLENA CHAVEZ-RUARK, U.S. BANKRUPTCY JUDGE**

Evidentiary Hearing: YES
Exhibits Filed: YES

PROCEEDING MEMO − CHAPTER 7

**Case: 15-26033-MCR** Date: 8/27/2026 at 10:00 a.m.
**Gregory B. Myers**

Appearances: Gregory B. Myers, Debtor
Keith R. Havens, counsel for Horseshoe Motor Developers, LLC
Frank J. Mastro, counsel for Chapter 7 Trustee

[1115] Motion *to Determine Automatic Stay Inapplicable or, in the Alternative, Motion for Relief from Stay Re: Certain litigation against the debtor in Florida* Filed by Horseshoe Motor Developers, LLC. Objections due by 6/24/2026. Hearing scheduled for 8/6/2026 at 10:00 AM in Courtroom 3-C, Greenbelt. (Attachments: # 1 Notice of Motion # 2 Exhibit # 3 Proposed Order)

[1119] Response on behalf of Roger Schlossberg Filed by Frank J. Mastro (related document(s)1115 Motion for Miscellaneous Relief filed by Other Party Horseshoe Motor Developers, LLC). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 CMECF Mail List # 5 Proposed Order)

[1140] Supplement to Motion to Determine Automatic Stay Inapplicable or Alternative Motion for Relief From Automatic Stay Filed by Horseshoe Motor Developers, LLC (related document(s)1115 Motion to Determine Automatic Stay Inapplicable or, in the Alternative, Motion for Relief from Stay Re: Certain litigation against the debtor in Florida Filed by Interested Party Horseshoe Motor Developers, LLC).

[1145] Respondent Gregory B. Myer's Preliminary Opposition to Motion and Supplement and Request to Require a Corrected Motion, Renewed Notice, and a New Hearing Date Filed by Gregory B Myers (related document(s)1115 Motion to Determine Automatic Stay Inapplicable or, in the Alternative, Motion for Relief from Stay Re: Certain litigation against the debtor in Florida Filed by Horseshoe Motor Developers, LLC).

COMMENTS: The Debtor reported that he continues to reside at 700 Gulf Shore Boulevard North, Naples, FL and that his mail has been returned because someone stole his mailbox. He confirmed that he will file a notice of his address for mailing/notice purposes today. The Court instructed him to file it no later than Monday, 8/31/26. If he timely files the notice, the Court will deny the Trustee's motion to compel the Debtor to update his mailing address [1144] as moot.

The Court called the Debtor as a witness, who testified that:

- 1712 Property LLC was formed in 1999 or 2000;

- He is the manager of the LLC;
- He owned 1% of the membership interests and his four children owned the other 99% in equal shares until 2010;
- In 2010, when his fifth child was born, she purchased his interest and part of the other members' interests so that his five children each owned 20% of the membership interests;
- The LLC owns a "10% undivided interest" in 1712 I Street in Washington, DC;
- He never owned any interest in the DC property;
- He filed a lawsuit against the Movant in the United States District Court for the District of Maryland on 2/17/26;
- He has the LLC's operating agreement and other documents showing that he no longer owns any interest in the LLC; and
- No property of the estate was used as consideration for the LLC's 3/11/22 assignment of its contract to purchase the property at issue in the litigation with the Movant.

The refused to answer the Court's questions regarding what consideration was provided for the assignment and simply testified that property of the estate was not used. After his repeated refusals to respond to the Court's questions, the Court terminated his examination.

The Debtor stated that he will not appear for a deposition by the Trustee.

The following five exhibits were offered by the parties:

- Exhibit 1 is the complaint (with its attached Exhibits A through G) filed on 3/27/26 in the case styled *Horseshoe Motor Developers, LLC v. Myers*, Case No. 2026-cv-000734, pending in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida. A copy of the complaint is attached to the Movant's motion. The Court took judicial notice that the Movant filed this complaint.
- Exhibit 2 is the Debtor's amended complaint filed on 8/24/26 in the case styled *Myers v. Horseshoe Motor Developers, LLC*, Case No. 8:26-cv-00649-LKG, pending in the United States District Court for the District of Maryland. The Court took judicial notice that the Debtor filed this complaint.
- Exhibit 3 is the SDAT business information printout attached to the Trustee's response. The Court admitted this exhibit.
- Exhibit 4 is a copy of the Articles of Reinstatement filed with SDAT and attached to the Trustee's response. The Court admitted this exhibit.
- Exhibit 5 is the 6/23/22 order denying the application filed by 1712 Property Holding Trust (the debtor in that case) to pay the filing fee in installments and for the debtor to show cause entered in the case styled *In re 1712 Property Holding Trust*, Case No. 22-

00104-ELG, pending in the United States Bankruptcy Court for the District of Columbia. The Court took judicial notice of this order.

The Court granted the motion because either (i) the automatic stay does not apply because the Florida proceeding and related acts post-date the order for relief in this bankruptcy case, entitling the Movant to relief under Section 362(j), or (ii) the automatic stay does apply and, under the standard set forth in *Robbins v. Robbins*, 964 F.2d 342 (4th Cir. 1992), cause exists under Section 362(d)(1) for modification of the stay because the litigation involves only state law claims for which the Court's expertise is not required (*i.e.*, declaratory judgment, malicious prosecution, abuse of process, slander of title, and injunctive relief), judicial economy would be served by allowing the litigation to continue (it has been pending for five months), and the Movant can enforce any judgment or claim it may have against the bankruptcy estate in this case through the claims allowance/disallowance process.

The Court did not make any findings regarding (i) whether the automatic stay applies, (ii) whether the Movant has standing, or (iii) whether the Movant is a party in interest.

Regardless of whether the Court grants the motion as stated above or denies the motion because the Movant is not a party in interest, the Movant does not have standing, and/or the automatic stay does not apply, the outcome is the same – the Florida litigation may continue. To the extent the stay applies, the stay is modified to allow the litigation to continue to a final, non-appealable judgment.

DISPOSITION: Hearing held. Motion granted. Movant to upload a proposed order after giving the Trustee's counsel and the Debtor a brief opportunity to comment on the form of order.