USBC-MD G FILED
28 AUG '26 PM3:38

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:
GREGORY B. MYERS,
Debtor.

Case No. 15-26033-MCR
Chapter 7

---

HORSESHOE MOTOR DEVELOPERS, LLC,
Movant,

v.

ROGER SCHLOSSBERG, Chapter 7 Trustee,
and GREGORY B. MYERS,
Respondents.

---

**GREGORY B. MYERS' NOTICE OF NON-CONSENT, COMMENTS AND OBJECTIONS TO MOVANT'S PROPOSED ORDER, AND SUBMISSION OF ALTERNATIVE PROPOSED ORDER WITHOUT WAIVER**

Gregory B. Myers, appearing pro se, submits this Notice pursuant to the Court's direction at the August 27, 2026 hearing that the proposed order of Horseshoe Motor Developers, LLC ("Motors") be circulated to the Chapter 7 Trustee and Myers for comment, and states:

1. At the conclusion of the August 27, 2026 hearing, the Court directed counsel for Motors to prepare a proposed order and circulate it to counsel for the Chapter 7 Trustee and Myers for comment before submitting it to the Court.
2. Counsel for Motors subsequently circulated a proposed order to Myers and counsel for the Trustee. A copy of Motors' circulated proposed order is attached as **Exhibit A.**
3. Myers does not consent to Motors' proposed order. Myers continues to request that the Motion be denied or dismissed and continues to rely upon all objections, arguments, and

14

grounds stated in his filed Preliminary Opposition [ECF No. 1145] and on the record at the August 27, 2026 hearing.

4. Myers submits the attached alternative proposed order solely in response to the Court's directive and solely to address the form, scope, and effect of any order the Court may enter over Myers's continuing objection. Submission of the alternative proposed order does not constitute a request that relief be granted.

5. Neither this Notice nor the attached alternative proposed order constitutes Myers's consent, agreement, stipulation, acquiescence, acceptance of the Court's ruling, concession that Motors is entitled to relief, waiver of any objection or argument, invitation of any error, or abandonment of any right to seek reconsideration, appellate review, a stay pending appeal, or other relief.

6. If the Court adopts any language proposed by Myers, such adoption will constitute the Court's determination of the form and scope of the order entered over Myers's objection and shall not be construed as a consent judgment or as relief requested or agreed to by Myers.

7. Motors' proposed order incorporates unspecified "reasons placed on the record" without identifying which statements constitute findings or rulings of the Court. The hearing record included testimony, objections, questions, arguments, representations, reservations, and a purported agreement or understanding between Motors and the Trustee, many of which the Court did not adopt or adjudicate.

8. The Court expressly stated that it was not determining: (a) whether the automatic stay applies to the Florida Action; (b) whether Motors has standing; or (c) whether Motors is a

party in interest. The Court also declined to draw the adverse inference requested by counsel for the Trustee.

9. Motors' proposed order does not state those express non-determinations, does not identify the limited and conditional nature of the Court's alternative ruling, and does not delimit the three factors considered by the Court under *Robbins v. Robbins*, 964 F.2d 342 (4th Cir. 1992).

10. Motors' proposed order also uses the designations "Plaintiff" and "Debtor/Defendant," although Myers is not a defendant in this bankruptcy case or contested matter. Those designations should not be adopted in an order of this Court.

11. Standing and party-in-interest status must rest upon established facts demonstrating a present and direct interest—not upon the possibility that unknown facts might someday support a claim by a different party. The Court's stated inability to determine whether such facts existed required denial without prejudice, not affirmative relief.

12. Myers specifically preserves his objection that lack of standing or party-in-interest status does not establish that the automatic stay is inapplicable. If Motors lacks standing or does not qualify as a party in interest, Motors is not entitled to obtain relief under 11 U.S.C. § 362(d) or an order confirming termination under 11 U.S.C. § 362(j). The applicability and duration of the automatic stay are separate statutory questions governed by 11 U.S.C. § 362(a) and (c).

13. The Court's ruling did not determine that Motors holds a claim against the bankruptcy estate, qualifies as a creditor, may file an allowed or timely proof of claim, or may participate in a distribution. It did not extend or reopen any claims bar date or adjudicate the timeliness, allowance, classification, priority, or distribution of any alleged claim.

14. The Court's ruling does not confer or enlarge the jurisdiction or authority of the Florida court and does not direct that court to take any action. At most, it removes the automatic stay arising in this bankruptcy case, if any, as a potential barrier to Motors' prosecution of the six identified counts. All questions concerning the Florida court's jurisdiction, authority, procedure, and requested remedies remain for independent determination under otherwise applicable law.

15. Myers's alternative proposed order expressly restates the limited conditional ruling, the three *Robbins* factors articulated by the Court, the matters the Court declined to determine, the absence of any adverse inference, and the limitations upon the scope and legal effect of any order. It is attached as **Exhibit B** and labeled **Alternative Proposed Order Submitted Without Consent or Waiver**.

16. Myers submits this Notice and its exhibits to preserve a clear record of his timely comments, objections, continuing opposition, non-consent, and proposed limitations before entry of any order on Motors' Motion.

Dated: August 28, 2026

Respectfully submitted,

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2026, I served a copy of the foregoing Gregory B. Myers' Notice of Non-Consent, Comments and Objections to Movant's Proposed Order, and Submission of Alternative Proposed Order Without Waiver, together with all exhibits, by electronic mail upon:

Keith R. Havens, Esquire
Counsel for Horseshoe Motor Developers, LLC
keith.r.havens@havenslawfirm.com

Frank J. Mastro, Esquire
Counsel for Roger Schlossberg, Chapter 7 Trustee
fmastro@schlosslaw.com

Gregory B. Myers, pro se