# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt)**

| | |
|---|---|
| **In re: GREGORY B. MYERS**<br><br>Debtor | Case No.: 15-26033 MCR<br>Chapter 7 |

**ALTERNATIVE PROPOSED ORDER GRANTING LIMITED CONDITIONAL RELIEF FROM THE AUTOMATIC STAY SUBMITTED WITHOUT CONSENT OR WAIVER**

Upon consideration of the Motion to Determine Automatic Stay Inapplicable or, in the Alternative, Motion for Relief from Automatic Stay [ECF No. 1115], the supplement thereto [ECF No. 1140], the responses and opposition, and the hearing held on August 27, 2026, and over the objection of Gregory B. Myers, it is hereby

**ORDERED**, that the Motion is GRANTED solely to the limited extent expressly set forth in this Order; and it is further,

**ORDERED**, that this Order is self-contained and states the entirety of the relief granted on the Motion. The reasons stated by the Court on the record are limited to those expressly restated in this Order. No other statement, question, argument, representation, reservation, proffer, purported agreement, testimony, or other matter stated by any party, counsel, the Chapter 7 Trustee, or any witness at the hearing is incorporated into, adopted by, approved by, or made a finding of fact, conclusion of law, or ruling of the Court by this Order; and it is further,

**ORDERED**, that the Court makes no determination: (a) whether the automatic stay applies or does not apply to the Florida state-court litigation identified below; (b) whether Horseshoe Motor Developers, LLC has standing; or (c) whether Horseshoe Motor Developers, LLC is a party in interest; and it is further,

**ORDERED**, that without deciding any of the foregoing threshold questions, the Court ruled in the alternative that: (a) if Horseshoe Motor Developers, LLC is not a party in interest and lacks standing, the automatic stay does not apply to the Florida Action; and (b) if Horseshoe Motor Developers, LLC is a party in interest and the automatic stay applies, cause exists under *Robbins v. Robbins*, 964 F.2d 342 (4th Cir. 1992), to modify the automatic stay to the limited extent stated herein. Nothing in this Order waives or adjudicates Myers's objection that party-in-interest status is a statutory prerequisite both to relief from the automatic stay under 11 U.S.C. § 362(d)

and to an order confirming termination of the automatic stay under 11 U.S.C. § 362(j); and it is further,

**ORDERED**, that solely for purposes of the foregoing conditional cause determination, the Court found that: (a) the six counts presently asserted in the Florida Action facially arise under state law and do not require the expertise of the bankruptcy court; (b) judicial economy favors continuation of the Florida Action because it had been pending for approximately five months at the time of the hearing; and (c) the bankruptcy estate can be protected by requiring that any effort to enforce a judgment against property of the estate or to participate in a distribution from the estate be presented in this bankruptcy case. These are the entirety of the Court's findings under *Robbins*, and no finding was made concerning the merits, legal sufficiency, or truth of any claim asserted in the Florida Action; and it is further,

**ORDERED**, that the Court draws no adverse inference, makes no adverse credibility determination or evidentiary presumption, and imposes no contempt finding, sanction, or other adverse consequence against Gregory B. Myers based upon his testimony, his answers to questions, or his objections to the scope and relevance of further questioning at the August 27, 2026 hearing; and it is further,

**ORDERED**, that, to the extent the automatic stay applies, the automatic stay is modified solely to the extent necessary to permit the litigation pending in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, captioned *Horseshoe Motor Developers, LLC v. Gregory Myers*, Case No. 11-2026-CA-000734-0001-01 (the "Florida Action"), to continue to a final, non-appealable judgment; and it is further,

**ORDERED**, that the relief granted herein applies only to the six counts asserted by Horseshoe Motor Developers, LLC against Gregory B. Myers in the complaint attached to the Motion [ECF No. 1115-2] and specifically identified by the Court at the hearing. The relief does not extend to any new or additional claim, additional party, claim against 1712 Property LLC or any other nonparty, or request for relief against property of the bankruptcy estate without further order of this Court; and it is further,

**ORDERED**, that the authorization for the Florida Action to continue to a "final, non-appealable judgment" permits the parties to complete trial-level proceedings and any timely appellate review and does not waive, restrict, or adjudicate any party's right to appeal or seek further review. It does not, by itself, authorize the implementation or enforcement of any temporary, preliminary, or permanent injunction, interlocutory order, or final judgment. Any such implementation or enforcement must be sought under otherwise applicable law from a court of competent jurisdiction, and no order, injunction, or judgment may be enforced against property of the bankruptcy estate without further order of this Court; and it is further,

**ORDERED**, that the relief granted by this Order is prospective only. This Order does not annul the automatic stay, grant retroactive relief, or determine whether any act occurring before entry of this Order was subject to or violated the automatic stay; and it is further,

**ORDERED**, that this Order concerns only the automatic stay, if any, arising in this bankruptcy case, Case No. 15-26033 MCR. It does not determine the existence, scope, termination, effect, or alleged violation of any stay arising in any other bankruptcy case; does not vacate, modify, supersede, interpret, enforce, or otherwise affect any order, judgment, injunction, or stay entered

or arising in any other court or case; grants no in rem relief under 11 U.S.C. § 362(d)(4); and grants no relief applicable in any other or future bankruptcy case; and it is further,

**ORDERED**, that Gregory B. Myers is not a "Defendant" in this bankruptcy case or contested matter. The term "Defendant" describes only his procedural designation in the Florida Action and is neither adopted nor adjudicated by this Order. Nothing in this Order determines that Myers is a proper respondent in this contested matter or imposes any injunction, directive, disclosure obligation, testimony obligation, or other affirmative requirement upon him; and it is further,

**ORDERED**, that this Order does not itself authorize execution, collection, attachment, or enforcement of any judgment against Myers personally, against any property of Myers, or against property of the Chapter 7 estate. This Order removes only the automatic stay arising in this bankruptcy case, if any, as a barrier to prosecution of the Florida Action through a final, non-appealable judgment. Any enforcement against Myers or property of Myers must be sought under otherwise applicable nonbankruptcy law from a court of competent jurisdiction, and any request to enforce against property of the bankruptcy estate must be presented to this Court and authorized by further order; and it is further,

**ORDERED**, that nothing in this Order authorizes execution, collection, enforcement, attachment, or any other act against property of the Chapter 7 estate. If Horseshoe Motor Developers, LLC contends that it holds a claim against the bankruptcy estate or seeks to participate in any distribution from the estate, it must assert that claim in this bankruptcy case in accordance with applicable law, subject to all objections concerning standing, timeliness, allowance, classification, priority, and distribution; and it is further,

**ORDERED**, that nothing in this Order determines that Horseshoe Motor Developers, LLC holds a claim against the bankruptcy estate, qualifies as a creditor of the estate, or is entitled to file an allowed or timely proof of claim or participate in any distribution. This Order does not extend or reopen any claims bar date, authorize the filing or allowance of a late claim, determine that any alleged claim arose before the order for relief, or adjudicate the allowance, timeliness, classification, priority, or distribution of any claim. Any proof of claim or request for payment or distribution asserted by Horseshoe Motor Developers, LLC shall remain subject to 11 U.S.C. §§ 101, 501, 502, and 726, Federal Rule of Bankruptcy Procedure 3002, all applicable bar dates, and any objections or defenses; and it is further,

**ORDERED**, that, except for the limited conditional stay modification expressly granted herein, this Order adjudicates no claim or issue of fact or law and shall not be construed to establish any element of any claim or defense, constitute an admission or waiver, invoke judicial estoppel or law of the case, or have claim-preclusive (res judicata) or issue-preclusive (collateral estoppel) effect concerning any fact, claim, defense, property interest, party status, standing, jurisdictional question, ownership issue, liability issue, or alleged stay violation; and it is further,

**ORDERED**, that no allegation in any pleading or attachment is deemed true, and no document is deemed authenticated or admissible, by this Order. Any judicial notice taken at the hearing was limited to the existence or filing of the referenced documents and did not extend to the truth of their contents; and it is further,

**ORDERED**, that nothing in this Order grants relief to the Chapter 7 Trustee; approves, enlarges, or adjudicates the Trustee's authority; authorizes any discovery, subpoena, deposition, Rule 2004

examination, or other examination; or supplies cause, a factual predicate, evidence, or an adverse inference for any such relief or process. Any request by the Trustee must be made, noticed to the extent required, and determined separately under applicable law; and it is further,

**ORDERED**, that nothing in this Order constitutes a finding or conclusion concerning Myers's testimony, cooperation, or disclosures; the formation, membership, ownership, management, or property of 1712 Property LLC; the 2022 Assignment or the consideration therefor; the use of any property of the bankruptcy estate; or whether any contract right, claim, cause of action, property, or proceeds thereof is property of the bankruptcy estate; and it is further,

**ORDERED**, that no purported agreement, consent, nonopposition, or reservation announced between Horseshoe Motor Developers, LLC and the Chapter 7 Trustee is approved, adopted, incorporated, enforced, or otherwise adjudicated by this Order. No such matter is made part of this Order or given judicial effect against Myers, 1712 Property LLC, or any other nonparty, and any approval required by applicable law must be sought separately; and it is further,

**ORDERED**, that this Order does not authorize or direct the Florida court to take any action and does not confer upon or enlarge the Florida court's subject-matter jurisdiction, personal jurisdiction, or authority. This Order solely removes the automatic stay arising in this bankruptcy case, if any, as a potential barrier to Horseshoe Motor Developers, LLC's prosecution of the six identified counts. The Florida court must independently determine its jurisdiction and authority and the propriety of venue, process, service of process, a lis pendens, temporary or permanent injunctive relief, and every other requested remedy under otherwise applicable law. Nothing in this Order waives or adjudicates any jurisdictional, procedural, substantive, or constitutional objection or defense available to Myers in the Florida Action; and it is further,

**ORDERED**, that nothing in this Order adjudicates the merits or truth of any claim, defense, allegation, ownership issue, jurisdictional issue, or liability issue in the Florida Action, the federal action pending in the United States District Court for the District of Maryland, or any other proceeding; constitutes a finding that Myers engaged in vexatious, frivolous, malicious, abusive, sanctionable, or bad-faith conduct; determines that any claim asserted in the Florida Action possesses merit; or affects any party's claims, defenses, objections, appellate rights, or other rights except for the limited conditional stay modification expressly stated above; and it is further,

**ORDERED**, that pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), this Order is stayed for fourteen days after its entry. The fourteen-day stay is not waived, shortened, or otherwise modified.

**Copies to:**

Keith R. Havens, Esquire — via CM/ECF
Havens Law Firm
2401 Research Boulevard, Suite 308
Rockville, Maryland 20850

Frank J. Mastro, Esquire — via CM/ECF
SCHLOSSBERG | MASTRO

P.O. Box 2067
Hagerstown, Maryland 21742

Gregory B. Myers
700 Gulf Shore Boulevard North
Naples, Florida 34102
gregbmyers@verizon.net

**END OF ORDER**