Entered: September 1st, 2026
Signed: August 31st, 2026

**SO ORDERED**

MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re<br><br>GREGORY B. MYERS,<br><br>Debtor. | Case No. 15-26033-MCR<br>(Chapter 7) |
| HORSESHOE MOTOR DEVELOPERS, LLC,<br><br>Movant,<br><br>v.<br><br>GREGORY B. MYERS,<br><br>Respondent. | |

ORDER GRANTING MOTION TO DETERMINE AUTOMATIC STAY INAPPLICABLE
OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY

On June 10, 2026, Horseshoe Motor Developers, LLC (the "Movant") filed a Motion to Determine Automatic Stay Inapplicable or, in the Alternative, Motion for Relief From Automatic Stay [Dkt. No. 1115] (the "Motion"). On June 24, 2026, Roger Schlossberg, the Chapter 7 trustee (the "Trustee"), filed a response to the Motion [Dkt. No. 1119]. On July 30, 2026, the Movant filed a supplement to the Motion [Dkt. No. 1139]. On August 27, 2026, Gregory B. Myers, the debtor (the "Debtor"), filed an opposition to the Motion.

On August 27, 2026, the Court held a hearing on the Motion. Counsel for the Movant, counsel for the Trustee, and the Debtor appeared at the hearing. After taking evidence and hearing closing arguments from the parties, the Court concluded that it is appropriate for the litigation pending in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, in the case styled *Horseshoe Motor Developers, LLC v. Myers*, Case No. 2026-cv-000734 (the "Florida Litigation"), continue to a final, non-appealable judgment.

The Debtor argued that the Motion should be denied because the Movant does not have standing and therefore may not seek relief in this Court. While the Debtor was on the witness stand and under oath, he refused to answer the Court's questions which, if answered, would have allowed the Court to determine whether the Movant has standing in this bankruptcy proceeding. The Debtor argued that the Movant must establish that it has standing without having to rely on the Debtor's testimony, but any determination of standing depends on facts within the exclusive knowledge and control of the Debtor (*e.g.*, whether the Debtor provided property of the bankruptcy estate as consideration for the assignment of rights at issue in the litigation between the Movant and the Debtor). Although the Court rejected the Trustee's assertion that the Court should draw a negative inference from the Debtor's refusal to testify, the Debtor should not be able to hide behind his wrongful refusal to testify and conceal from the Court the information it would need if it had to determine whether the Movant has standing.

Ultimately, the Movant's standing need not be determined here because, regardless of whether the Movant has standing, the result is the same: the Florida Litigation can and should proceed. If the Movant does not have standing and the Motion should be denied, as argued by the Debtor, then the Movant may proceed with the Florida Litigation and does not need relief from this Court to do so. If the Movant does have standing, the Motion should be granted because either

(i) the automatic stay does not apply because the Florida Litigation and related acts post-date the commencement of the bankruptcy case, or (ii) the automatic stay does apply and, under the standard set forth in *Robbins v. Robbins*, 964 F.2d 342 (4th Cir. 1992), cause exists under Section 362(d)(1) for modification of the stay because the litigation involves only state law claims for which this Court's expertise is not required (the complaint sets forth purely state law claims for declaratory judgment, malicious prosecution, abuse of process, slander of title, and injunctive relief), judicial economy would be best served by allowing the Florida Litigation to continue (it has been pending for five months), and the Movant can enforce any judgment or claim it may have against the bankruptcy estate in this case through the claims allowance/disallowance process. Either way, the Florida Litigation may proceed, and the Court finds no fault with the Movant for taking a precautionary approach by seeking a determination that the stay does not apply or, alternatively, that cause exists to modify the stay.

The Court makes no factual findings regarding whether the automatic stay applies to the Florida Litigation, whether the Movant has standing to file the Motion, whether the Movant is a party in interest in this bankruptcy proceeding, or whether the Movant holds a claim against the bankruptcy estate. The Court's sole finding is that, to the extent the automatic stay imposed in this case applies to the Florida Litigation, the stay is modified to the extent necessary to allow that litigation to proceed to a final, non-appealable judgment.

This Court does not purport to act or make decisions for any other court, including the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida (where the Florida Litigation is pending), the United States District Court for the District of Maryland (where the Debtor filed a complaint against the Movant), or the United States Bankruptcy Court for the Middle District of Florida (where the Debtor filed a separate bankruptcy case in 2021, though the Court is

not aware of the current procedural posture of that case or whether that case is still open). To the extent the Movant, the Trustee, and/or the Debtor seek relief from those courts, they must file appropriate pleadings in those courts.

For these reasons and the reasons stated by the Court on the record at the August 27, 2026 hearing, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that to the extent that the automatic stay imposed by Section 362(a) in this bankruptcy case applies to the Florida Litigation, the automatic stay is modified to the extent necessary to allow the Florida Litigation to continue to a final, non-appealable judgment.

cc: Debtor (pro se) – Gregory B. Myers
Movant's Counsel – Keith R. Havens
Chapter 7 Trustee – Roger Schlossberg
Chapter 7 Trustee's Counsel – Frank Mastro

**END OF ORDER**