FILED
SEP 28 2026
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT - DROP BOX

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

USBC - GREENBELT MD
'26 SEP 28 PM5:38

BANKRUPTCY Time clock Malfunctioned reads error E32

In re:

GREGORY B. MYERS
Debtor.

Case No. 15-26033-MCR
Chapter 7

## APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPT

Debtor, GREGORY B. MYERS ("Myers" or "Debtor" or "Appellant"), proceeding pro se, pursuant to the applicable Federal Rules of Bankruptcy Procedure, hereby files Appellant's Designation of Items to be Included in the Record on Appeal, Statement of the Issues to be Presented on Appeal, and Appellant's Certification of Ordering Transcript (the "Designation") in connection with Debtor's Notice of Appeal filed September 15, 2026 (Doc. 1156), appealing from the September 1, 2026 ORDER GRANTING MOTION TO DETERMINE AUTOMATIC STAY INAPPLICABLE OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY (Doc 1149) (the "Order"), together with all interim orders, rulings, and determinations merged into or necessary to review said Order. Said appeal is docketed in the United States District Court for the District of Maryland, as **Case 8:26-cv-03641-LKG** (the "Appeal").

### Designation of Items to be Included in the Record on Appeal

### Administrative Case No. 15-26033-MCR

Administrative Case Docket; Doc. 1115; Doc. 1115-1; Doc. 1115-2; Doc. 1115-3; Doc. 1119 and all attachments; Doc. 1125; Doc. 1128; Doc. 1140 and all attachments; Doc. 1145; Doc. 1146; Doc. 1147; Doc. 1147-1; Doc. 1147-2; Doc. 1149; Doc. 1156 [Notice of Appeal]; and the entire official transcript of the August 27, 2026 hearing once prepared and filed.

5

Appellant reserves the right to supplement or correct the foregoing designation, including after receipt of the official transcript or if any designated item is omitted, misstated, unavailable, or necessary to present the issues on appeal.

**Preliminary Statement of the Issues to be Presented on Appeal**

1. Whether the bankruptcy court erred by granting the *Motion To Determine Automatic Stay Inapplicable Or, In The Alternative, Motion For Relief From The Automatic Stay* (the "Motion") while expressly declining to determine whether Horseshoe Motor Developers, LLC had standing, whether it was a party in interest under 11 U.S.C. §§ 362(d) or 362(j), and whether the automatic stay applied.

2. Whether the bankruptcy court erred by holding, in substance, that standing and party-in-interest status need not be determined because, if Horseshoe Motor Developers, LLC lacked standing, the automatic stay did not apply, but if it had standing, stay relief was warranted.

3. Whether the bankruptcy court erred by treating a possible estate-property or Trustee-investigation issue—whether estate property was used as consideration for a 2022 assignment—as a basis to excuse Horseshoe Motor Developers, LLC from establishing its own standing, party-in-interest status, real-party-in-interest status, or statutory eligibility for relief.

4. Whether the bankruptcy court erred by shifting the burden to Myers to supply facts concerning Motors' standing or party-in-interest status, rather than requiring Horseshoe Motor Developers, LLC, as movant, to establish its own direct, present, legally protected interest affected by the automatic stay.

5. Whether the bankruptcy court erred by granting relief under 11 U.S.C. § 362(d) or § 362(j) without first identifying the statutory basis for the requested order and without determining that Horseshoe Motor Developers, LLC was eligible to request relief under that statutory provision.

6. Whether the bankruptcy court erred by applying Robbins v. Robbins, 964 F.2d 342 (4th Cir. 1992), and conducting a "cause" analysis without first determining that Horseshoe Motor Developers, LLC was a party in interest and that the automatic stay applied to the act for which relief was requested.

7. Whether the bankruptcy court erred by granting relief where Motors' own Motion and *Supplement To Motion To Determine Automatic Stay Inapplicable Or Alternative Motion For Relief From Automatic Stay* (the "Supplement") asserted that the 2026 Florida action accrued approximately ten years after the petition date, was postpetition, did not affect the estate, and was outside the automatic stay.

8. Whether the bankruptcy court erred by entering an order allowing the 2026 Florida action to proceed to final, non-appealable judgment while making no factual findings that the automatic stay applied, that Horseshoe Motor Developers, LLC was a party in interest, that Horseshoe Motor Developers, LLC had standing, or that Horseshoe Motor Developers, LLC held any claim against the bankruptcy estate.

9. Whether the bankruptcy court erred by including adverse language that Myers "refused to answer" the Court's questions, engaged in "wrongful refusal" to testify, or concealed information, where the Court also rejected a negative inference, made no finding on the issue for which the testimony was allegedly needed, and granted relief without deciding standing.

10. Whether the bankruptcy court erred by using a summary stay motion to make or include adverse characterizations of Myers's testimony, conduct, or cooperation that were unnecessary to the stay ruling and capable of prejudicing Myers in unrelated proceedings.

11. Whether the bankruptcy court erred by entering an order broader than necessary to resolve the narrow stay question presented and by failing to include sufficient limitations

preserving the merits of Myers's Maryland federal action, the Florida action, 1712 Property LLC issues, contract/title/property issues, Florida Chapter 13 stay issues, the Delano order, and Myers's § 362(k) claims.

12. Whether the bankruptcy court erred by failing to deny the Motion without prejudice, require a corrected motion, require renewed notice, or otherwise require Motors to establish party-in-interest status and the specific statutory basis for relief before granting any order under § 362.

13. Whether the bankruptcy court erred by permitting Motors to obtain a bankruptcy-court order despite Motors styling itself as a "Non-Party" and failing to establish a claim against the estate, ownership of estate property, a lien, or other legally protected bankruptcy interest.

14. Whether the September 1, 2026 Order should be reversed, vacated, narrowed, or remanded with instructions to deny the Motion for lack of established standing and party-in-interest status, or alternatively to enter only a narrow non-merits order that adjudicates no issue other than the limited operation of the automatic stay.

**Certification Transcript Will Be Ordered**

Appellant certifies that he will be ordering the entire official transcript of the August 27, 2026 hearing before Judge Maria Ellena Chavez-Ruark concerning Docs. 1115, 1119, and 1140, on a 30-day basis, in connection with this appeal. Appellant will file a copy of the transcript order or written transcript request with the Bankruptcy Clerk as required by Federal Rule of Bankruptcy Procedure 8009(b)(1).

**Reservation of Rights**

Appellant reserves the right to amend, supplement, correct, consolidate, or refine the foregoing Designation and Statement of Issues, including after review of the official transcript and any counter-designation filed by Appellee.

Dated: September 28, 2026

Respectfully submitted,

Gregory B. Myers, pro se

Mailing and service address for notice purposes only:
4505 Wetherill Road
Bethesda, Maryland 20816

Florida primary residence, domicile, and homestead:
700 Gulf Shore Boulevard North
Naples, Florida 34102

Telephone: (301) 325-2312
Email: gregbmyers@verizon.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2026, APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPT was filed with the Clerk of the Bankruptcy Court and a true and correct copy of same was served by first-class mail and/or other authorized means upon all parties entitled to notice, including the following:

Keith R. Havens, Esq.
Havens Law Firm
2401 Research Boulevard, Suite 308
Rockville, Maryland 20850
Counsel for Horseshoe Motor Developers, LLC

Roger Schlossberg, Chapter 7 Trustee
c/o Frank J. Mastro, Esq.
Schlossberg | Mastro
P.O. Box 2067
Hagerstown, Maryland 21742

Gregory B. Myers